IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:18-CV-075-RJC-DCK

| | |
|---|---|
| **BENJAMIN REETZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )     **MEMORANDUM AND** |
| | )     **RECOMMENDATION** |
| **LOWE'S COMPANIES, INC.,** | ) |
| **ADMINISTRATIVE COMMITTEE OF** | ) |
| **LOWE'S COMPANIES, INC.,** | ) |
| **JOHN AND JANE DOES 1-20, and** | ) |
| **AON HEWITT INVESTMENT** | ) |
| **CONSULTING, INC.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Lowe's Defendants' Motion To Dismiss The Complaint" (Document No. 38). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for disposition. Having carefully considered the record, the briefs, applicable authority, and the excellent oral arguments of counsel at the hearing conducted on January 29, 2019, the undersigned will respectfully recommend that the motion be <u>denied</u>.

### I. BACKGROUND

Plaintiff Benjamin Reetz ("Plaintiff" or "Reetz"), individually and as the representative of a class of similarly situated persons, and on behalf of the Lowe's 401(k) Plan (the "Plan"), initiated this action with the filing of a "Complaint – Class Action" (Document No. 1) (the "Complaint") on April 27, 2018. The Complaint alleges that Lowe's Companies, Inc. ("Lowe's"), the Administrative Committee of Lowe's Companies, Inc. (the "Committee") (together, "Lowe's Defendants"), John and Jane Does 1-20 ("Does"), and Aon Hewitt Investment Consulting, Inc.

("Hewitt") (all together with Lowe's Defendants, "Defendants"), breached their fiduciary duties under the Employee Retirement Income Security Act ("ERISA"). (Document No. 1, p. 1). Plaintiff seeks to recover investment "losses, disgorge the profits that Hewitt received on account of its fiduciary breaches, and obtain equitable relief and other appropriate relief as provided by Sections 409 and 502 of ERISA (29 U.S.C. §§ 1109, 1132)." (Document No. 1, p. 2). Plaintiff asserts claims for: (1) breach of duties of loyalty and prudence pursuant to 29 U.S.C. § 1104; and (2) failure to monitor fiduciaries. (Document No. 1, pp. 23-27).

On June 29, 2018, Lowe's Defendants filed the pending "… Motion To Dismiss The Complaint" (Document No. 38). By the instant motion, Lowe's Defendants move the Court for dismissal under Fed.R.Civ.P. 12(b)(6) because Plaintiff's Complaint fails to allege "facts sufficient to support any claim for which he is entitled to relief, and no amount of re-pleading can overcome those deficiencies." (Document No. 38, p. 1). Lowe's Defendants contend that the Complaint fails to state a valid claim against Lowe's Defendants for breach of the fiduciary duties of loyalty and prudence under 29 U.S.C. § 1104, and fails to state a valid claim against Lowe's Defendants for breach of the duty to monitor fiduciaries. (Document No. 38, pp. 1-2).

"Plaintiff's Memorandum Of Law In Opposition To The Lowe's Defendants' Motion To Dismiss" (Document No. 43) was filed on August 3, 2018; and "Lowe's Defendants' Reply Brief In Support Of Their Motion To Dismiss" (Document No. 46) was filed on August 24, 2018.

Lowe's Defendants requested oral argument on their pending motion to dismiss and the Court granted that request. <u>See</u> (Document Nos. 38, 39, 49 and 51). A spirited hearing was held on January 29, 2019.

This matter is now ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000).  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).  The court "should view the complaint

in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Plaintiff contends in the Complaint that Defendants were all fiduciaries of the Plan under 29 U.S.C. 1002(21)(A). (Document No. 1, pp. 6-7, 25). The Complaint alleges that because Lowe's exercises discretionary authority or control with respect to administration of the Plan and management and disposition of Plan assets, it is a fiduciary under 29 U.S.C. 1002(21)(A). (Document No. 1, p. 6).

Plaintiff asserts that Lowe's Defendants imprudently breached their fiduciary duties under ERISA by selecting and retaining the Hewitt Growth Fund for Lowe's 401(k) Plan (the "Plan"). (Document No. 1, p. 1). Plaintiff further asserts that the Hewitt Growth Fund: (1) was new and untested; (2) was underperforming at its benchmark; and (3) was not utilized by fiduciaries of any similarly-sized Plans and was not popular in the market place. Id.

The Complaint alleges that all Defendants breached duties of loyalty and prudence pursuant to 29 U.S.C. § 1104 (Count I); and that Defendant Lowe's failed to monitor the other fiduciaries pursuant to 29 U.S.C. § 1109 and 1132 (Count 2). (Document No. 1, pp. 23-27).

**A. Breach of Duties of Loyalty and Prudence**

Plaintiff contends that ERISA imposes strict fiduciary duties of loyalty and prudence upon Defendants in their administration of the Plan and their selection and monitoring of Plan investments. (Document No. 1, p. 25). Plaintiff notes that the duty of loyalty requires fiduciaries to act "solely in the interest of the participants and beneficiaries" and that the duty of prudence requires fiduciaries to exercise the "care, skill, prudence, and diligence that a prudent person would

4

utilize in managing a similar plan." (Document No. 1, pp. 9-10, 23) (citing 29 U.S.C. § 1104(a)(1); see also (Document No. 39, pp. 10-11).

Plaintiff alleges that "Defendants breached their fiduciary duties by selecting the Hewitt Growth Fund for the Plan, transferring over $1 billion in assets into that fund from the Removed Funds, and retaining the Hewitt Growth Fund." (Document No. 1, pp. 23-24). Moreover, the Complaint asserts that the "**process** that led to the selection and retention of the Hewitt Growth Fund . . . was imprudent and tainted by Hewitt's self-interest," and that Lowe's failed to take proper account of Hewitt's "conflicted role." (Document No. 1, p. 24) (emphasis added).

In seeking dismissal of this action, the Lowe's Defendants assert that Count I fails to state a claim for breach of fiduciary duty. (Document No. 39, pp. 10-23).

First, Lowe's Defendants argue that Lowe's did not have any fiduciary duties with respect to the challenged conduct of selecting or monitoring the Hewitt Growth Fund. (Document No. 39, pp. 11-13). Lowe's contends that it was not a *named* or *functional* fiduciary under the Plan; therefore, Plaintiff cannot plausibly allege that it had any fiduciary duties under the Plan. (Document No. 39, pp.11-13). Lowe's further contends that there is also no plausible allegation that it "*in practice* 'exercises any authority or control respecting management or disposition of [the Plan's] assets' . . . as required to render Lowe's a functional fiduciary." (Document No. 39, p. 13).

Lowe's concludes that Plaintiff fails to satisfy the "threshold question" of Lowe's fiduciary status, so Count I fails to state a claim against Lowe's. Id. However, Lowe's Defendants acknowledge both in their brief and during oral argument, that the Committee, and the Committee members, are fiduciaries for the Plan. (Document No. 39, p. 12).

Second, Lowe's Defendants argue that there is no plausible allegation that they breached a duty of loyalty because there is no plausible allegation that they "favored themselves or a third

5

party at the expense of Plan participants." (Document No. 39, pp. 13-15) (quoting Vellali v. Yale Univ., 2018 WL 1603113, at * 10 (D.Conn. Mar. 30, 2018)). Lowe's Defendants contend that it is not enough to allege that Hewitt was "self-interested," because there is no allegation that the Lowe's Defendants *intended* to benefit Hewitt. (Document No. 39, p. 14).

Third, Lowe's Defendants argue that sufficient facts have not been pled to support a breach of duty of prudence because the "law requires a deficiency in process, not outcome . . . so these allegations fail to state a claim." (Document No. 39, p. 15). Lowe's Defendants have asserted in their papers and during oral argument at the hearing that allegations of "underperformance" are not enough.

At the outset of its "…Memorandum Of Law In Opposition…" (Document No. 43), Plaintiff notes that the Complaint alleges that: (1) the Committee is responsible for selecting and monitoring the Plan's investment options; (2) the Committee consists of Lowe's employees; (3) each Committee member was appointed by the Lowe's Board of Directors; and that (4) Lowe's retains ultimate authority over the Plan. (Document No. 43, p. 8) (citing Document No. 1, ¶¶ 18-19).

At the hearing, Plaintiff further noted that pursuant to the Plan, Lowe's indemnifies each member of the Committee "against any personal liability or expense resulting from his service on the Committee…." See (Document No. 39-2, p. 39). Moreover, the Committee serves at the pleasure of the Board of Directors - without compensation. (Document No. 39-2, p. 36).

Plaintiff argues that its breach of loyalty claim "is on all fours" with relevant caselaw. See (Document No. 43, pp. 16-17) (citing Bedrick By & Through Humrickhouse v. Travelers Ins. Co., 93 F.3d 149, 154 (4th Cir. 1996); Michoud v. Girod, 45 U.S. 503, 555 (1846); Breyan v. U.S. Cotton, LLC Long Term Disability Plan, 2013 WL 5536795, at *7 (W.D.N.C. Oct. 7, 2013);

DiFelice v. U.S. Airways, Inc., 497 F.3d 410, 418 (4th Cir. 2007); Pegram v. Herdrich, 530 U.S. 211, 224 (2000); Bussian v. RJR Nabisco, Inc., 223 F.3d 286, 298 (5th Cir. 2000); Terraza v. Safeway, 241 F. Supp. 3d 1057, 1071 (N.D. Cal. 2017); Leigh v. Engle, 727 F.2d 113, 125–26 (7th Cir. 1984). Plaintiff insists that "Lowe's Defendants were required to put Hewitt's self-serving recommendation aside and evaluate the proposed change 'solely' from the perspective of Plan participants." (Document No. 43, p. 17) (citing Document No. 1, ¶¶ 1, 12, 53, 77-80).

Likewise, Plaintiff asserts that its allegations of a breach of prudence are consistent with allegations that other courts have found to be sufficient at this stage of litigation. (Document No. 43, p. 20). Plaintiff notes that the relevant test here is not whether investment returns were positive or negative, but whether the investment was prudently selected and retained in light of available alternatives. (Document No. 43, p. 23) (citing Meyer, 250 F.Supp.2d 544, 571, n.35 (D.Md. 2003)).

Responding to Lowe's Defendants' arguments regarding the applicability of allegations of underperformance, Plaintiff notes that the Investment Policy Statement for the Plan specifically provides that:

> the … ***Committee will evaluate the Plan's investment options' performance*** on a net of fee basis relative to (1) the return of an appropriate market index(es) and (2) the returns of a universe of comparable funds, where applicable, over a full market cycle (typically three to five years) ….

(Document No. 43, p. 21; Document No. 43-2, p. 3).

Plaintiff contends that at this stage of the litigation it is not even a close call that its claims should survive dismissal. In its opposition papers and at the hearing, Plaintiff has argued that the facts here are more than sufficient.

> Federal courts in North Carolina and across the country have routinely upheld similar claims relating to mismanagement of

7

> defined contribution plans.  *See Clark v. Duke Univ.*, 2017 WL 4477002 (M.D.N.C. May 11, 2017); *Bowers v. BB&T Corp.*, No. 1:15-cv-732, ECF No. 58 (M.D.N.C. Apr. 18, 2016); *Kruger v. Novant Health, Inc.*, 131 F. Supp. 3d 470 (M.D.N.C. 2015).  The facts in this case are at least as compelling as those other cases where motions to dismiss have been denied.  Indeed, the other defendant in this case, Hewitt, appears to recognize this, and has answered Plaintiff's Complaint.

(Document No. 43, p. 10) (additional citations omitted).

The crux of Plaintiff's arguments is that dismissal of any claims now would be premature. Plaintiff's cited legal authority, including Braden and previous decisions of this Court, is instructive.

> No matter how clever or diligent, ERISA plaintiffs generally lack the inside information necessary to make out their claims in detail unless and until discovery commences.  Thus, while a plaintiff must offer sufficient factual allegations to show that he or she is not merely engaged in a fishing expedition or strike suit, we must also take account of their limited access to crucial information.  If plaintiffs cannot state a claim without pleading facts which tend systemically to be in the sole possession of defendants, the remedial scheme of the statute will fail, and the crucial rights secured by ERISA will suffer.  These considerations counsel careful and holistic evaluation of an ERISA complaint's factual allegations before concluding that they do not support a plausible inference that the plaintiff is entitled to relief.

(Document No. 43, p. 12) (quoting Braden v. Wal–Mart Stores, Inc., 588 F.3d 585, 598 (8th Cir. 2009)).  See also Gibson v. Branch Banking & Trust Co., 3:13-CV-311-RJC-DCK, 2014 WL 695281, at *3 (W.D.N.C. Jan. 28, 2014) adopted by 2014 WL 695306 (W.D.N.C. Feb. 24, 2014) ("While Defendant's reasoning may prevail at a later stage of this litigation, the undersigned is not persuaded that Plaintiff's ERISA claim should be dismissed now.  . . .  The undersigned finds Plaintiff's claim(s) to be facially plausible, and will therefore recommend that this matter continue to discovery.") and Breyan, 2013 WL 5536795 at *8 ("The only relevant inquiry here is whether, reading the facts favorably to Plaintiff, he has stated a claim that is plausible on its face. . . .  At

this stage of litigation, the Plaintiff has pleaded sufficient facts to state a plausible claim for relief.").

Based on Plaintiff's arguments and cited authority, the undersigned agrees that it would be premature to dismiss Plaintiff's Count I breach of fiduciary duty claim.

**B. Failure to Monitor Fiduciaries**

Count II presents a closer call. (Document No. 1, pp. 25-27). The Complaint alleges that "Lowe's Corp., the Committee, the members of the Administrative Committee, and Hewitt were all fiduciaries of the Plan during the relevant period." (Document No. 1, ¶ 86). Plaintiff contends that Lowe's "had a duty to monitor the performance of the other fiduciaries" and that "[a]s a monitoring fiduciary, Lowe's Corp. also had a duty to take prompt and effective action to protect the Plan and its participants and beneficiaries in the event that the monitored fiduciaries failed to properly and lawfully perform their fiduciary objections. (Document No. 1, p. 26).

Lowe's Defendants argue that this claim should be dismissed in full because: (1) Plaintiff fails to allege Lowe's appointed Hewitt; (2) allegations that Lowe's failed to monitor the Committee are conclusory and do not meet minimum pleading standards; and (3) Plaintiff's duty to monitor claim is derivative of the breach of fiduciary duty claims against the Committee – which are invalid. (Document No. 39, p. 27).

Lowe's Defendants acknowledge that "courts have recognized a limited duty to monitor the appointed fiduciary's performance," but contend that they "need only review the appointed fiduciaries performance '[a]t reasonable intervals' and 'in such a manner as may be reasonable to ensure that their performance has been in compliance with the terms of the plan and statutory standards and satisfies the needs of the plan.'" Id. (quoting Coyne & Delany Co. v. Selman, 98

9

F.3d 1457, 1465-66 (4th Cir. 1996)). Lowe's Defendants contend that this does *not* require the appointing fiduciary to monitor the prudence of individual investments. Id.

In addition, the moving Defendants argue that the duty to monitor claim fails as to Hewitt because Lowe's did not appoint Hewitt. (Document No. 39, p. 28). Accordingly, they suggest that the Committee may have had a duty to monitor Hewitt, but that Lowe's could not. Id. Lowe's Defendants conclude that "Lowe's does not become responsible for the Committee's fiduciary duties merely because it appointed the Committee's members." (Document No. 39, p. 29).

Finally, Lowe's Defendants argue that Plaintiff has failed to state a claim for failure to monitor against Lowe's, because he has failed to state an underlying claim for breach of fiduciary duty. Id. (citations omitted). Lowe's Defendants further argue that even if there was an adequate claim against the Committee for breach of fiduciary duty, Plaintiff's duty to monitor allegations still fall short of the minimum pleading requirements. Id.

In opposition, Plaintiff first observes that Lowe's agrees that it had a fiduciary duty to monitor appointed fiduciaries. (Document No. 43, p. 25) (citing Document No. 39, p. 27). Also citing the Fourth Circuit's decision in Coyne & Delany Co. v. Selman, Plaintiff notes the Department of Labor's statement on this issue:

> Q: What are the ongoing responsibilities of a fiduciary who has appointed trustees or other fiduciaries with respect to these appointments?
>
> A: At reasonable intervals the performance of trustees and other fiduciaries should be *reviewed by the appointing fiduciary* in such manner as may be reasonably expected *to ensure that their performance has been in compliance with the terms of the plan and statutory standards*, and satisfies the needs of the plan.

(Document No. 43, p. 25) (quoting 29 C.F.R. § 2509.75–8 at FR–17); see also Coyne & Delany Co., 98 F.3d at 1465-66.

Plaintiff contends that its duty to monitor allegations are more than sufficient. (Document No. 43, p. 26). Plaintiff notes that it has alleged that "Lowe's failed to adopt or follow sufficient procedures to review and evaluate the performance of its appointed fiduciaries, and has not removed fiduciaries whose performance was inadequate." Id. (citing Document No. 1, ¶¶ 17-18). Plaintiff contends that other courts have found the same allegations to be sufficient. (Document No. 43, pp. 26-27).

In addition, Plaintiff argues that "the Plan Document is not dispositive of Lowe's authority, actions, or duties." (Document No. 43, p. 27) (citing Tatum II, 761 F.3d at 379 ("ERISA … does not limit fiduciary status to the fiduciaries named in a plan document."); George v. Kraft Foods Glob., Inc., 674 F. Supp. 2d 1031, 1049 (N.D. Ill. 2009) ("[P]lan documents can provide guidance; such documents, however, are not dispositive."); and Golden v. Sun Life Fin., Inc., 2008 WL 2782736, at *4 (M.D. Ala. July 15, 2008). Plaintiff suggests that better evidence of Lowe's Defendants' responsibilities here would include contracts with Hewitt, and/or a prior version of the Plan under which Hewitt was appointed. (Document No. 43, p. 28).

Although a somewhat closer call, the undersigned finds Plaintiff's arguments that Count II should also not be dismissed at this stage to be persuasive.

In short, reading the facts in the light most favorable to Plaintiff, the undersigned is satisfied that the Complaint asserts sufficient facts to support plausible claims that should survive at this stage of the litigation. See Breyan, 2013 WL 5536795 at *8. As such, the undersigned will recommend that all parties proceed with discovery in this matter. The undersigned recommends that the pending motion be denied without prejudice to Defendants raising these arguments at a later date, or to Plaintiff seeking leave to amend the Complaint.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Lowe's Defendants' Motion To Dismiss The Complaint" (Document No. 38) be **DENIED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 14, 2019

David C. Keesler
United States Magistrate Judge