IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:18-CV-00075-KDB-DCK

| | | |
|---|---|---|
| BENJAMIN REETZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LOWE'S COMPANIES, INC., | ) | **ORDER** |
| JOHN AND JANE DOES, | ) | |
| ADMINISTRATIVE COMMITTEE OF | ) | |
| LOWE'S COMPANIES, INC., AND | ) | |
| AON HEWITT INVESTMENT | ) | |
| CONSULTING, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendants Lowe's Companies, Inc.'s ("Lowe's") and Administrative Committee of Lowe's Companies, Inc.'s ("Lowe's Committee") (together the "Lowe's Defendants") Motion to Dismiss the Complaint (Doc. No. 38), the Honorable Magistrate Judge David C. Keesler's Memorandum and Recommendation ("M&R") (Doc. No. 54), recommending that the Motion be denied, and the Lowe's Defendants' Objection to the M&R (Doc. No. 55). The Court has carefully reviewed and considered *de novo* the M&R, Plaintiff Benjamin Reetz's Complaint, Lowe's Defendants' Motion, the parties' briefs and all other relevant portions of the record. For the reasons expressed herein, the Court **ADOPTS** the recommendations contained in the M&R as discussed below and **GRANTS IN PART** and **DENIES IN PART** Lowe's motion.

I.      BACKGROUND

This is a putative class action in which Plaintiff alleges that the Lowe's Defendants, John and Jane Does 1-20 (the unnamed members of the Lowe's Committee during the alleged class

1

period), and Aon Hewitt Investment Consulting, Inc. ("Aon Hewitt") (collectively, "Defendants") breached their fiduciary duties under the Employment Retirement Income Security Act ("ERISA") by removing certain investment options from Lowe's 401(k) retirement plan (the "Plan") and replacing them with an option to invest in a growth fund established and managed by Aon Hewitt ("Hewitt Growth Fund"). Specifically, the Complaint alleges two causes of action: (1) Breach of Duties of Loyalty and Prudence under 29 U.S.C § 1104 ("Breach of Fiduciary Duty") against all Defendants and (2) Failure to Monitor Fiduciaries against Lowe's. (Complaint, Doc. No. 1, at ¶¶ 72-93.) The class sought to be certified is defined to include "[a]ll participants and beneficiaries of the Lowe's 401(k) Plan whose account balances were invested in the Hewitt Growth Fund at any time on or after October 1, 2015 … ." (*Id*. at ¶ 64.)

Lowe's employees are permitted to contribute a portion of their salary into the Plan on a tax-favored basis. As of December 2016 (the most recent year information was publicly available at the time of the Complaint in April 2018), the Plan had more than 250,000 participants and held approximately $5.3 billion in retirement assets, consisting of approximately $2.65 billion in Lowe's stock and approximately $2.61 billion in investment funds. (*Id*. at ¶ 24.) The Plan is governed by a written document, which is attached as Exhibit A to the Motion to Dismiss (the "Plan Document"). The Plan Document provides that an Administrative Committee made up of fiduciaries appointed by Lowe's has the "authority to control and manage the operation and administration of the [P]lan." At a hearing before the Magistrate Judge related to the Motion, Lowe's admitted that all members of the Administrative Committee are employed by Lowe's.

Plaintiff's claims are premised on allegations that Aon Hewitt, the appointed investment consultant for the Plan, convinced Lowe's to remove eight of the Plan's existing investment options and transfer the funds that had been invested therein into the Hewitt Growth Fund. (*Id*. at ¶¶ 38-61.) The Hewitt Growth Fund is a "fund of funds" investment product first introduced to the market by Aon Hewitt 2013. Lowe's transferred over $1 billion of Plan assets into the Hewitt Growth Fund in 2015, which amounted to nearly half of the Plan's assets other than Lowe's stock. (*Id*. at ¶ 40.) The Complaint alleges that a "prudent fiduciary acting in the best interest of Plan participants would not have undertaken this restructuring and transferred the Plan's assets." (*Id*. at ¶ 41.)

Plaintiff also alleges that the failure to replace the Hewitt Growth Fund in light of its alleged "continued underperformance and unpopularity" constitutes a separate and continuing breach of fiduciary obligations under ERISA. (*Id.* at ¶ 58.) Plaintiff contends that since the initial transfer, the Hewitt Growth Fund has performed "so poorly that the Plan already has suffered $100 million in investment losses" when its gains are compared to the returns earned by the eight replaced investment options. Specifically, Plaintiff alleges that the Hewitt Growth Fund has earned an 11.99% return, while the eight replaced investment options earned a "collective weighted return of 16.15%." (*Id.* at ¶¶ 56–57.)

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, n.3 (2007).

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp.*, 213 F.3d 175, 180 (4th Cir. 2000).

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Camby v. Davis,* 718 F.2d 198, 200 (4th Cir. 1983). However, *de novo* review is not required by the statute "when a

4

party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982). Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *Camby v. Davis,* 718 F.2d at 200.

### III. DISCUSSION

The Lowe's Defendants have asserted the following objections to the M&R:

(i) Applying a "relaxed pleading standard" derived from an Eighth Circuit opinion that has not been adopted by the Fourth Circuit (and failing to account for a later Eighth Circuit opinion informing the same issue);
(ii) Finding that Lowe's had any fiduciary duty for selecting or monitoring investment choices;
(iii) Finding that Reetz stated a claim for breach of loyalty, despite not pleading that Lowe's intended to benefit Aon Hewitt or itself when choosing the Hewitt Growth Fund;
(iv) Finding that Reetz stated a claim for breach of duty of prudence, despite not pleading a deficient process for selecting and monitoring investment choices;
(v) Finding that Reetz stated a claim for breach of duty to monitor fiduciaries, despite the Plan Document providing that the Committee, not Lowe's, has sole authority to appoint Aon Hewitt;
(vi) Finding that Reetz stated a claim for co-fiduciary liability against Lowe's, despite merely reciting the elements as stated in the statute.

Each objection is discussed in turn.

### A. Appropriate Pleading Standard for ERISA Claims

Rule 8 applies to pleadings for all ERISA actions. To state a viable claim under ERISA, the complaint must contain sufficient factual allegations as compared to mere legal conclusions. *See Custer v. Sweeney,* 89 F.3d 1156, 1163 (4th Cir. 1996) (affirming dismissal of ERISA complaint that "lacked any specific factual allegations" to support the assertion that the defendant was a *de facto* fiduciary of the plan).

In applying the Rule 8 standard to ERISA cases, plaintiffs adequately state a claim for breach of fiduciary duty under ERISA statutes when the complaint, taken as a whole, "pleads facts indirectly showing unlawful behavior, so long as the facts pled give the defendant fair notice of what the claim is and the grounds upon which it rests . . . and allow the court to draw the reasonable inference that the plaintiff is entitled to relief." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 598 (8th Cir. 2009) (citations omitted). In *Braden*, the Eighth Circuit reversed the district court's grant of a motion to dismiss breach of fiduciary duty claims, finding that the court improperly faulted the complaint for making "no allegations regarding the fiduciaries' conduct." *Id.* The Eighth Circuit also noted the remedial purpose of ERISA, explaining that

> while a plaintiff must offer sufficient factual allegations to show that he or she is not merely engaged in a fishing expedition or strike suit, we must also take account of their limited access to crucial information. . . . These considerations counsel careful and holistic evaluation of an ERISA complaint's factual allegations before concluding that they do not support a plausible inference that the plaintiff is entitled to relief.

*Id.* at 595.

In its Objection, the Lowe's Defendants contend that the Magistrate improperly applied *Braden* to create a lower pleading standard for ERISA cases.[1] (Doc. No. 55, at 6.) However, *Braden* does not create a lower pleading standard for ERISA cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that a complaint

---

[1] Lowe's also argues that the Magistrate failed to account for *Meiners v. Wells Fargo & Co.,* 898 F.3d 820, 823 (8th Cir. 2018), in which the Eighth Circuit affirmed dismissal of an ERISA action on a 12(b)(6) motion. In *Meiners*, a case premised on alleged underperformance of funds, the Eighth Circuit affirmed dismissal of a claim for breach of duty of prudence based on the complaint's "omission of any meaningful benchmark." In *Meiners,* the complaint, "[t]aken as a whole, [ ] merely support[ed] an inference that Wells Fargo continued to invest in affiliated target date funds when its rate of return was lower than Vanguard, which had a different investment strategy, and that was more expensive than Vanguard and Fidelity funds." *Id.* at 824. Here, Lowe's does not make such an argument.

6

states a plausible claim for relief if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Rather, *Braden* simply stands for the proposition that courts should draw all reasonable inferences from the totality of the allegations, and not dismiss ERISA claims because the complaint fails to allege all the specifics of the conduct that leads to the breach of fiduciary duty. In any event, notwithstanding the Magistrate Judge's citation of *Braden*, the Court has undertaken a careful and holistic evaluation of the Complaint as a whole in accordance with *Iqbal* and *Twombly*.

### B. Lowe's Status as a Fiduciary.

The Lowe's Defendants argue that Lowe's was not a fiduciary in the context of the conduct Plaintiff claims to be wrongful. To state a claim for breach of fiduciary duty under ERISA, the threshold question is whether the plaintiff has sufficiently alleged that the defendant was a "fiduciary." *Moon v. BWX Techs., Inc.*, 577 F. App'x 224, 229 (4th Cir. 2014) (*citing Coleman v. Nationwide Life Ins. Co*., 969 F.2d 54, 60–61 (4th Cir. 1992) ("Before one can conclude that a fiduciary duty has been violated, it must be established that the party charged with the breach meets the statutory definition of 'fiduciary.'")). Under ERISA, a person is a fiduciary to a plan to the extent that he "(1) 'exercises any discretionary authority or discretionary control respecting management of such plan or its assets,' (2) 'renders investment advice for a fee or other compensation,' or (3) 'has any discretionary authority or discretionary responsibility in the administration of such plan.'" *Pender v. Bank of Am. Corp.*, 788 F.3d 354, 362 (4th Cir. 2015) (*citing* ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A)).

Summarizing the statutory definition of "fiduciary," the Fourth Circuit has observed that an ERISA fiduciary is "any individual who de facto performs specified discretionary functions with respect to the management, assets, or administration of a plan." *Custer v. Sweeney,* 89 F.3d

7

1156, 1161 (4th Cir. 1996). However, "[s]imply because an employer is an ERISA plan sponsor does not automatically convert the employer into a plan fiduciary." *Moon*, 577 F. App'x at 229 (*citing Beck v. PACE Int'l Union,* 551 U.S. 96, 101 (2007)). A plan sponsor does not act as a fiduciary simply "by performing settlor-type functions such as establishing a plan and designing its benefits." *Sonoco Prod. Co. v. Physicians Health Plan, Inc*., 338 F.3d 366, 373 (4th Cir. 2003) (quoting *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1465 (4th Cir. 1996)).

Thus, the Court must "examine the conduct at issue when determining whether an individual is an ERISA fiduciary." *Wilmington Shipping Co. v. New England Life Ins. Co.,* 496 F.3d 326, 343 (4th Cir. 2007) (internal quotation marks omitted). Because the inquiry ultimately focuses on functional control rather than the rigid application of technical formalities, "an individual or entity can still be found liable as a 'de facto' fiduciary if it lacks formal power to control or manage a plan yet exercises informally the requisite 'discretionary control' over plan management and administration." *Wright v. Or. Metallurgical Corp.,* 360 F.3d 1090, 1101–02 (9th Cir. 2004).

In the Complaint, Plaintiff alleges that Lowe's "exercises discretionary authority or discretionary control with respect to administration of the Plan and management and disposition of Plan assets." (Complaint (Doc. No. 1), at ¶ 18.) He further alleges that Lowe's "retains ultimate decision-making authority with respect to the Plan, and appoints and has the authority to remove members of the Administrative Committee through its board of directors." (*Id.*) On this basis, he contends he has adequately alleged that Lowe's is a fiduciary with regard to selection and monitoring of Plan investments.

Lowe's argues that it is not a fiduciary with respect to the selection or monitoring of the Hewitt Growth Fund based on the fact that Lowe's "is not a named fiduciary," and the Plan

8

Document affirmatively "confers the Administrative Committee with fiduciary responsibility for making investment decisions for the Plan." (Doc. No. 55, at 9.)

Lowe's does not provide any citation to analogous case law in support of its argument. In contrast, Plaintiff cites an opinion from this district finding that it was premature to dismiss ERISA claims against a defendant identified in the pleadings as a plan administrator, despite a dispute about the fiduciary status of the defendant vis-à-vis the benefit plan. *See Worsley v. Aetna Life Ins. Co.*, No. 3:07CV500RJC, 2009 WL 1794430, at *5 (W.D.N.C. June 23, 2009). This decision is in line with other cases within the district considering ERISA claims. *See Parker v. Kraft Foods Global, Inc.*, No. 3:07-cv-87, 2008 U.S. Dist. LEXIS 87751, 2008 WL 4447005 at* 16 (W.D.N.C. Sept. 26, 2008) (considering whether to dismiss ERISA claim against defendant and holding that "[w]hether Plaintiff will be able to show, either from the administrative record or from other admissible evidence that [requisite] control actually existed is an issue to be addressed at a different stage of this proceeding.").

Because the Fourth Circuit has expressly stated that a fiduciary may either be formally designated or exist by nature of *de facto* performance, *Custer,* 89 F.3d at 1161, the Plan Document is not dispositive of Lowe's status as a Plan fiduciary. Further, the Court agrees with prior decisions in this district that whether Plaintiff will be able to show the requisite degree of control over the Plan is a question to be addressed at later stages of this action. Therefore, the Court will not dismiss Count I on the grounds that Plaintiff failed to adequately plead that Lowe's is a *de facto* fiduciary of the Plan.

### C. Adequacy of Plaintiff's Allegations Regarding Breach of Duty of Loyalty

ERISA fiduciaries must "scrupulously adhere to a duty of loyalty, and make any decisions in a fiduciary capacity with an eye single to the interests of the participants and

9

beneficiaries." *DiFelice v. U.S. Airways, Inc.*, 497 F.3d 410, 418–19 (4th Cir. 2007) (quotation omitted). To state a claim for breach of loyalty, "a plaintiff must allege facts that permit a plausible inference that the defendant 'engag[ed] in transactions involving self-dealing or otherwise involve or create a conflict between the trustee's fiduciary duties and personal interests.'" *Sacerdote v. New York Univ.*, No. 16-CV-6284 (KBF), 2017 WL 3701482, at *5 (S.D.N.Y. Aug. 25, 2017), *reconsideration denied*, No. 16-CV-6284 (KBF), 2017 WL 4736740 (S.D.N.Y. Oct. 19, 2017) (alteration in original) (quoting Restatement (Third) of Trusts § 78 (2007)).

The Complaint, read as a whole, establishes that Lowe's replaced eight investment options with the Hewitt Growth Fund in 2015. The Hewitt Growth Fund was a new fund that had less than two years of performance history, and Lowe's had an established working relationship with Aon Hewitt, which included Aon Hewitt providing advice on executive compensation (which permits an inference that Lowe's executives may have wanted to curry favor with Aon Hewitt). At the time of its selection, the Hewitt Growth Fund allegedly had reported a return of -0.67% and was underperforming its stated benchmarks. The Complaint further alleges that Lowe's "should have recognized that Hewitt had a conflict of interest in recommending [the Hewitt Growth Fund] for the Plan." While the Complaint does not specifically allege that Aon Hewitt recommended the Hewitt Growth Fund to Lowe's, it states that such an inference is reasonable.

The Court agrees with Plaintiffs that this claim should be allowed to proceed at this early stage of the litigation. Assuming the factual allegations to be true along with all permissible inferences, the Complaint states a plausible case that the Lowe's Defendants breached their duty

of loyalty; that is, they acted other than in the sole best interests of the Plan participants in selecting and retaining the Hewitt Growth Fund.

### D. Adequacy of Plaintiff's Allegations Regarding Breach of Duty of Prudence

The duty of prudence requires ERISA fiduciaries to act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). In considering a breach of duty of prudence claim, the court focuses on the decision-making process and how a prudent decision maker would act in light of the information available to the fiduciary at the time he or she makes a decision. *DiFelice v. U.S. Airways, Inc*., 497 F.3d 410, 418, 420 (4th Cir. 2007). For this reason, "an investment's diminution in value [after it was chosen] is neither necessary, nor sufficient, to demonstrate a violation of a fiduciary's ERISA duties." *Id.*

Lowe's argues that the Complaint fails to plead a claim for breach of duty of prudence because it does not contain allegations "that the process for selecting or monitoring the Hewitt Growth Fund's performance was deficient." (Doc. No. 55, at 14.) It does not cite any cases in support of its position.

As clarified *supra*, the Court finds the principles articulated in *Braden* persuasive. Plaintiff is not required to directly allege all the facts demonstrating how the process for selecting or monitoring the Hewitt Growth Fund was deficient to state a claim for breach of duty of prudence. However, Plaintiff must allege sufficient facts that give rise to a plausible inference that the process for selecting or monitoring the Hewitt Growth Fund was deficient.

Taking the entire Complaint into consideration and drawing all reasonable inferences in favor of Plaintiff, the Court finds that the allegations give rise to a plausible inference that the

11

process for selecting or monitoring the Hewitt Growth Fund was deficient. While Lowe's is correct that "no authority requires the fiduciary to pick the best performing fund," *Meiners*, 898 F.3d at 823, that is not the allegation made here. Further, the Complaint does not allege only that the Hewitt Growth Fund had a limited track record. Rather, the Complaint combines those allegations with allegations that the Hewitt Growth Fund had a negative rate of return at the time it was selected, and that it replaced eight popular, established, more diverse and profitable investment options. Plaintiff also alleges that the Hewitt Growth Fund utilized a "novel" investment strategy that was "difficult for [Aon] Hewitt to execute," and that Lowe's could not use a consistent benchmark. Taking all of these allegations into consideration, along with the claim that the Plan transferred nearly half of its retirement plan assets (excluding Lowe's stock), amounting to more than $1 billion, into the Hewitt Growth Fund, the Court finds Plaintiff has stated sufficient facts to give rise to a plausible inference that the process for selecting the Hewitt Growth Fund was deficient.

Accordingly, the Court finds that Count I of the Complaint should be allowed to proceed and adopts the M&R recommendation that Lowe's motion to dismiss Count I should be denied as to Plaintiffs' claims for both breach of the duty of loyalty and breach of the duty of prudence.

> **E. Adequacy of Plaintiff's Allegations Regarding Breach of Duty to Monitor Fiduciaries.**

Count II of the Complaint alleges that Lowe's breached its duty to monitor "appointed" plan fiduciaries. Plaintiff bases this claim on allegations that Lowe's appointed the members of the Administrative Committee and also appointed Aon Hewitt "either directly or through the Administrative Committee." (Complaint, Doc. No. 1, at ¶¶ 87–88.)

In its briefing, Lowe's concedes that it is a fiduciary of the Plan to the extent that it selects and monitors the Administrative Committee. (Doc. No. 39, at 27.) Lowe's argues,

however, that the Magistrate erred by concluding that Lowe's "was responsible for any and all breaches of fiduciary duty by the Committee." (Doc. No. 55, at 18.) Lowe's further argues that the allegations in the Complaint do not state a claim for breach of duty to monitor because the Complaint does not allege any facts pointing to "specific flaws in Lowe's appointment or monitoring" or "any specific conduct by the [Administrative] Committee that should have led to action by Lowe's. (*Id.* at 18–19.)

The Court disagrees. Assuming without deciding that Lowe's correctly states the "duty [to monitor] does not extend to monitoring the prudence of individual investments," the Court finds the duty to monitor would, at a minimum, extend to situations where the Administrative Committee directs or approves the transfer of nearly half of the Plan's assets other than company stock, totaling more than $1 billion, into a single investment fund operated by the Plan's fiduciary investment advisor. The scale of the decision made results in a plausible inference that Plaintiff has plausibly stated a claim that Lowe's failed to monitor the Administrative Committee "in such a manner as may be reasonably expected to ensure that [its] performance has been in compliance with the terms of the plan and statutory standards, and satisfies the needs of the plan." *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1466 (4th Cir. 1996) (quoting 29 C.F.R. § 2509.75–8 at FR–17). *Cf. Atwood v. Burlington Indus. Equity, Inc.*, No. 2:92CV00716, 1994 WL 698314, at *6 (M.D.N.C. Aug. 3, 1994) ("The Plan and Trust instruments confer upon Burlington the right to remove both Committee members and the Trustee with or without cause. (Plan Doc. § 14.4; Trust Agrmt. § 12.1.) This authority carries with it an ongoing "duty to monitor" those persons whom Burlington may remove.")

However, the Court agrees with Lowe's argument that the M&R is incorrect in finding that Plaintiff has stated a claim against Lowe's for failure to monitor Aon Hewitt. (Doc. No. 55,

13

at 17.) The Plan Document provides that the Administrative Committee, not Lowe's, has sole authority to appoint Aon Hewitt. While Lowe's admittedly has the obligation to monitor the fiduciaries it appoints directly, it stretches the bounds of the duty to monitor too far to hold Lowe's responsible for monitoring every fiduciary employed by the Plan, including those fiduciaries which the Plan explicitly envisions being appointed by the Administrative Committee. Accordingly, Count II is dismissed to the extent that it is based on a claim that Lowe's had a duty to monitor Aon Hewitt.

Accordingly, the Court will adopt the M&R recommendation that Count II be allowed to proceed, except to the extent Count II is premised on allegations that Lowe's failed to monitor Aon Hewitt. Therefore, Lowe's motion to dismiss Count II will be denied to the extent it alleges that Lowe's failed to monitor the Administrative Committee, but granted to the extent Count II asserts claims against Lowe's for the failure to monitor Aon Hewitt.

### F. Adequacy of Plaintiff's Allegations that Lowe's is a "Co-Fiduciary" Under 29 U.S.C. § 1105(a)

Finally, Lowe's objects to the Magistrate Judge's recommendation that its motion to dismiss Plaintiff's claim for co-fiduciary liability be denied. As an initial matter, there is no separate claim for co-fiduciary liability in the Complaint. As part of Count I, the Complaint alleges that "[e]ach Defendant . . . is also subject to co-fiduciary liability under 29 U.S.C. § 1105(a)(1)-(3) because it enabled other fiduciaries to breach their fiduciary duties, failed to comply with 29 U.S.C. § 1104(a)(1) in the administration of its duties, and/or failed to remedy other fiduciaries' breaches of their duties, despite having knowledge of such breaches." (Complaint, Doc. No. 1, at ¶ 84.) ERISA imposes joint and several liability only under certain circumstances:

> (1) if [the fiduciary] participates knowingly in, or knowingly undertakes to conceal, an act or omission of [another] fiduciary, knowing such act or omission is a breach;
>
> (2) if, by [the fiduciary's] failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled [another] fiduciary to commit a breach; or
>
> (3) if [the fiduciary] has knowledge of a breach by [another] fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C. § 1105(a).

To establish a prima facie claim of liability under (1) and (3), plaintiffs must allege facts tending to show that the fiduciary knew that the other party was a fiduciary, that the co-fiduciary participated in the act constituting the breach, and that the act actually constituted a breach; under (2), plaintiffs must show that the co-fiduciary's breach resulted from the fiduciary's breach of one of his duties. *See Brink v. DaLesio,* 496 F. Supp. 1350, 1383 (D. Md. 1980), *rev'd on other grounds,* 667 F.2d 420 (4th Cir. 1981).

Lowe's objects to the finding in the M&R that the Complaint states a plausible claim for co-fiduciary liability under § 1105(a), arguing that the allegations "simply parrot the elements of the statute, indiscriminately lump the Defendant's together, and fail to allege how each Defendant knew of the other Defendants' supposed breaches.[2]" (Doc. No. 55, at 19.) In support

---

[2] Lowe's also argues that the Complaint's failure to differentiate between defendants is fatal to its claim for co-fiduciary liability, as such pleadings violate the Rule 8(a) notice standard. It cites several cases in support of this position. However, each of these cases considered complaints that made grouped allegations as to all of the ERISA claims, not only a claim for co-fiduciary liability. *See, e.g. Pietrangelo v. NUI Corp.,* No. CIV. 04-3223 (GEB), 2005 WL 1703200, at *10 (D.N.J. July 20, 2005) (dismissing ERISA complaint because it "lumps all of the defendants together and accuses every defendant of breaching all of the asserted fiduciary duties").

of its position, Lowe's cites *Atwood v. Burlington Indus. Equity, Inc.,* No. 2:92CV00716, 1994 WL 698314, at *15 (M.D.N.C. Aug. 3, 1994), which dismissed a claim for co-fiduciary liability under the same statute. In *Atwood*, the court noted "[p]laintiffs merely track the language of § 1105 in alleging their claim" and that "the court can find no facts among the counts surviving the motions to dismiss that would support, either directly or by inference, all of the elements of their prima facie case that Plaintiffs must establish." *Id.*

Here, however, the Complaint alleges that Lowe's failed to monitor the Administrative Committee. As the duty to monitor fiduciaries is derived from § 29 U.S.C. § 1104(a)(1), *Leigh v. Engle*, 727 F.2d 113, 135 (7th Cir. 1984), Plaintiff has plausibly stated a claim that Lowe's is liable as a co-fiduciary under 29 U.S.C. § 1105(a)(2) to the extent that any failure by Lowe's to monitor enabled the Administrative Committee to commit a breach of its fiduciary duties. For this reason, the Court declines to strike the allegations related to co-fiduciary liability from the Complaint.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 54), is **ADOPTED as set forth in this Order**; and

2. The Lowe's Defendants' Motion to Dismiss, (Doc. No. 38), is **DENIED**, except as to claims against Defendant Lowe's Companies, Inc. asserted in Count II of the Complaint for failure to monitor Aon Heweitt, and as to that claim the motion is **GRANTED**; and

3. Plaintiff's claims against Defendant Lowe's Companies, Inc. asserted in Count II of the Complaint for failure to monitor Aon Heweitt are **DISMISSED**.

Signed: September 5, 2019

Kenneth D. Bell
United States District Judge