# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:18-CV-075-RJC-DCK

BENJAMIN REETZ, INDIVIDUALLY AND AS THE REPRESENTATIVE OF A CLASS OF SIMILARLY SITUATED PERSONS, and on BEHALF OF THE LOWE'S 401(K) PLAN,

    Plaintiffs,

vs.

LOWE'S COMPANIES, INC., ADMINISTRATIVE COMMITTEE OF LOWE'S COMPANIES, INC., JOHN and JANE DOES 1-20, and AON HEWITT INVESTMENT CONSULTING, INC.,

    Defendant.

**CONSENT PROTECTIVE ORDER**

WHEREAS, Plaintiff Benjamin Reetz, individually and as the representative of a class of similarly situated persons, and on behalf of the Lowe's 401(K) Plan, and Defendants Lowe's Companies, Inc., Administrative Committee of Lowe's Companies, Inc., John and Jane Does 1-20, and Aon Hewitt Investment Consulting, Inc., hereafter referred to as "the Parties," collectively believe that certain information that is or will be encompassed by the Parties' discovery demands will involve the production or disclosure of trade secrets, confidential business information, confidential customer information, personal identifying information, and other highly sensitive information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c);

THEREFORE, it is hereby stipulated among the Parties and ORDERED that upon a finding of good cause the following terms and conditions shall govern the disclosure and use of confidential and privileged information in this Action:

## DEFINITIONS GENERALLY

1.  **Action**.  As used in this Protective Order, the term "Action" shall mean the above-captioned litigation.

2.  **Non-Party**.  As used in this Protective Order, the term "non-party" shall mean any individual, corporation, association, or other natural person or entity that is not a named party to the Action. This Protective Order shall govern all documents, materials, and information disclosed during the course of this litigation in any form, including but not limited to, documents, materials, and information produced by a party or non-party (whether informally or in response to a subpoena), disclosed through testimony, and any other writings or things produced, given, or filed in this Action.

3.  **Document**.  As used in this Protective Order, the term "document" is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure, and shall include all written, oral, recorded, or graphic material, however produced or reproduced including, but not limited to: all written or printed matter of any kind, including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise; electronically stored information, software, and other computer data including, but not limited to, information stored in a computer at any time; all graphic or manual records or representations of any kind including, but not limited to, photographs, microfiche, microfilm, videotape, records, and motion pictures; electronic, mechanical, or electric records or representations of any kind including, but not limited to, cassettes, discs, magnetic cards and recordings, optical and other media; and all drafts, alterations, modifications, changes, and amendments to any of the foregoing.

4. **Privilege**. As used in this Protective Order, the term "privilege" shall mean the attorney-client privilege, the work-product doctrine, the common-interest doctrine, and any other privilege, protection, or immunity recognized by law.

5. **Personal Identifying Information.** As used in this Protective Order, the term "Personal Identifying Information" may include, but is not limited to, Social Security Numbers; driver's license, passport, or state identification numbers; tax identification numbers; financial institution account numbers and records or credit card numbers; home addresses or phone numbers; and employment identification numbers or credentials of any individual.

6. **Confidential Material**. As used in this Protective Order, the term "Confidential Material" means any document, material, or information supplied in any form, or any portion thereof, which the designating party reasonably believes to contain confidential or proprietary business, commercial or financial information; a trade secret; confidential research and development, credit, compliance, personnel, or administrative information; or any other commercial or personal information that is not publicly known. A party or non-party designating information as Confidential Material shall mark each page of the document (if imaged) containing such material as "Confidential."

7. **Highly Confidential Material**. As used in this Protective Order, the term "Highly Confidential Material" means any document, material, or information supplied in any form, or any portion thereof, which the designating party reasonably believes contains especially sensitive material, which may include, but is not limited to, confidential research and development, financial, technical, or any other sensitive trade secret information, information capable of being utilized for the preparation of a patent application dealing with such subject matter, or other highly sensitive commercial information that could cause the designating party to suffer business or competitive harm if publicly known, known by third parties, or known by

other parties or other parties' agents or other parties' employees who would have access under the Protective Order to "Confidential Material." Highly Confidential Material also includes any document containing personal identifying information of any individual, including without limitation social security numbers, passport numbers, home telephone addresses or phone numbers, and employment identification numbers or credentials. A party or non-party designating information as Highly Confidential Material shall mark each page of the document (if imaged) containing such material as "Highly Confidential — Outside Counsel Only."

8. **Protected Material**. Confidential Material and Highly Confidential Material may be collectively referred to herein as "Protected Material."

## DESIGNATION OF PROTECTED MATERIAL

9. **Designating Protected Material.** Any party or producing non-party may designate information as Protected Material. Protected Material shall be designated, at or prior to the time at which it is produced to the receiving party, by marking or stamping each page containing confidential information "Confidential" or "Highly Confidential – Outside Counsel Only." Any copy, memorandum, summaries, or abstracts (excluding memoranda, summaries, or abstracts used solely internally by counsel of record to one of the Parties) containing Confidential Information or Highly Confidential – Outside Counsel Only Information shall likewise bear on its face the "Confidential" or "Highly Confidential – Outside Counsel Only" designation. All information so designated and all information derived therefrom shall be handled in strict accordance with the terms of this Protective Order.

10. **Changes to Designations.** The production of Protected Material without a designation as Protected Material shall not be deemed a waiver or impairment of any claim of protection of the confidential nature of any such material. Any party or non-party who inadvertently fails to identify documents as "Confidential" or "Highly Confidential – Outside Counsel Only" shall, promptly upon discovery of its oversight, provide written notice of the error

and substitute appropriately-designated documents, and thereafter such documents shall be treated as Protected Material under the terms of this Order. Any party receiving such inadvertently non-designated documents shall retrieve such documents from persons not entitled to receive those documents under this Order and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

11. Any party may request a change in the designation of any information designated Protected Material. Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as Protected Material in the action may be affected. The party asserting that the material is Protected Material shall have the burden of proving that information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

12. **Good Faith Representation.** A designation by a party or non-party of Protected Material shall constitute a representation to the Court that such party or non-party believes in good faith that the information constitutes Confidential Material or Highly Confidential Material properly subject to protection under Fed. R. Civ. P. 26(c). The Parties and non-parties shall make a good-faith effort to designate information only as needed.

13. **Objections to Designation or Treatment.** A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the Parties are unable to reach agreement after the expiration of this ten (10) business day period, the receiving party may at any time thereafter seek an order to alter the confidential status of the Protected Material. Until any dispute under this Paragraph is ruled upon by the Court, the designation will remain in full force and effect,

and the information will continue to be accorded the confidential treatment required by this Protective Order.

14. **Compliance with Laws Concerning Personal Identifying Information.** Regardless of whether a document or other material is designated Confidential or Highly Confidential, and in addition to the restrictions on use of Confidential or Highly Confidential material contained in this Protective Order, all Parties shall comply with all applicable laws and regulations related to the protection of Personal Identifying Information, as defined in this order. The producing party may redact all Personal Identifying Information prior to production or other use or disclosure unless otherwise ordered by the Court.

## DISCLOSURE OF PROTECTED MATERIAL

15. **Confidential Material.** Unless otherwise allowed under this Protective Order, Confidential Material may be disclosed only to:

   a. The Parties;

   b. The Parties' Counsel of Record, which shall mean the Parties' counsel who have appeared on behalf of a party in the Action (and the partners, associates, paralegals, clerical and support personnel, and outside vendors working under the direct supervision of such counsel who are directly involved in or assisting in this litigation);

   c. the Court and all persons assisting the Court in the Action, including special masters, mediators, court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;

   d. persons whom the Confidential Material itself indicates—or the receiving party otherwise has reason to believe—were the author, addressee, custodian, or recipient of the document;

e. persons retained as consultants or experts by any party for the purposes of this litigation and principals and employees of the firms with which consultants or experts are associated and who are directly involved and assisting in this litigation (but excluding any consultants or experts known to be currently employed or engaged by a competitor of the party or non-party that designated the material);

f. any person noticed or called to testify as a witness at a deposition, hearing, mediation, trial, or other proceeding in the Action, and for the purpose of assisting in the preparation or examination of the witness, provided that the requirements of Paragraph 22(a) have been satisfied;

g. any other person hereafter designated by further order of the Court; or

h. any person(s) to whom the producing party agrees in writing that disclosure may be made.

Before any Confidential Material is disclosed to the persons identified above in Paragraph 15(e), (f), or (h), such persons shall be provided with a copy of this Protective Order and shall execute the Acknowledgment of Protective Order attached as Exhibit A. Counsel shall retain the original copies of executed Acknowledgment forms and need not disclose who has executed them during the course of this Action, unless a dispute arises as to the dissemination of Confidential Material to persons other than those identified as authorized under this Order.

16. **Highly Confidential Material.** Unless otherwise allowed under this Protective Order, Highly Confidential Material may be disclosed only to:

a. The Parties' Counsel of Record, which shall mean the Parties' outside counsel who have filed a Notice of Appearance on behalf of a party in the Action (and the partners, associates, paralegals, clerical and support personnel, and outside vendors working under the direct

    supervision of such counsel who are directly involved in or assisting in this litigation);

b. the Court and all persons assisting the Court in the Action, including special masters, mediators, court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;

c. persons retained as consultants or experts by any party for the purposes of this litigation and principals and employees of the firms with which consultants or experts are associated and who are directly involved and assisting in this litigation (but excluding any consultants or experts known to be currently employed or engaged by a competitor of the party or non-party that denominated the material);

d. persons whom the specific document containing the Highly Confidential Material itself indicates were the author, addressee, source, or recipient of the document;

e. any other person hereafter designated by written stipulation of the Parties or by further order of the Court; and

f. any person to whom the producing party agrees in writing disclosure may be made.

Before any Highly Confidential Material is disclosed to the persons identified above in Paragraphs 16(c), (e), or (f), such persons shall be provided with a copy of this Protective Order and shall execute the Acknowledgment of Protective Order attached as Exhibit A. Outside counsel shall retain the original copies of executed Acknowledgment forms and need not disclose who has executed them during the course of this Action, unless a dispute

arises as to the dissemination of Protected Material to persons other than those identified as authorized under this Protective Order.

17. Unless otherwise agreed to by the Parties or further ordered by the Court, Documents produced in this Action, including Protected Material, may be used only in this Action, and may not be used in any other action, proceeding, arbitration, or for any purpose unconnected to this Action.

18. All persons authorized by this Protective Order to receive Protected Material shall maintain such information as confidential consistent with the terms of this Protective Order and shall agree to be bound by its terms. Accordingly, except as provided, no person, firm, corporation, or other entity shall use, disclose, make available, or otherwise communicate Protected Material in any manner whatsoever except for purposes of the Action, and then only in a manner consistent with this Protective Order. A party's or non-party's use for any purpose of its own documents and information that it produces or discloses in the Action shall not be considered a violation of this Protective Order. All Protected Material (including any summaries, abstracts, or other related information that includes, discusses, summarizes, or refers to any Protected Material) shall be kept in a secure location that is under the control of a person authorized by this Protective Order to receive such information. No party receiving Protected Material shall permit such material to be transmitted, accessed, disseminated, or transported outside of the borders of the United States of America.

19. Nothing in this Order shall restrict any party's counsel from rendering advice to its clients with respect to this Action and, in the course thereof, relying upon Protected Material (without disclosing its specific contents).

**USE OF PROTECTED MATERIAL BY A PARTY IN THIS ACTION**

20. Protected Material shall be used solely for the purpose of this Action, and no person receiving such material shall, directly or indirectly, use, transfer, disclose, summarize, or

communicate in any way the Protected Material to any person other than those specified in Paragraphs 15 and 16 of this Protective Order. Any other use is prohibited.

21. **Court Filings**. Nothing herein shall authorize the filing of documents or information under seal without permission from the Court. In the event a party wishes to submit Protected Material to the Court under seal that it designated Confidential or Highly Confidential, the filing party shall move the Court, consistent with Western District of North Carolina Local Rule 6.1(c), for permission to file unredacted versions of any Confidential Materials under seal. If a receiving party wishes to submit Protected Material to the Court that another party or nonparty designated Confidential or Highly Confidential, then the receiving party must file a motion for leave to file under seal, which will identify the document or other material for which the restriction is sought. In that motion, the receiving party will state that (1) the document(s) contain information that was designated as Confidential or Highly Confidential by a designating party; and (2) that the designating party shall have seven (7) business days in which to file a response in support of the motion to seal. Within seven (7) business days after the receiving party's motion to seal is filed, the designating party must file a response in support of the motion to seal. In its response, the designating party must satisfy the criteria for motions to seal set forth in Western District of North Carolina Local Rule 6.1. The Protected Material that is subject to a motion to seal shall remain under seal until the motion and any responses or objections are resolved by the Court.

22. **Depositions.** From the date of a deposition until fourteen (14) calendar days after receipt of a final deposition transcript, such transcript shall be treated as Highly Confidential Material in accordance with this Protective Order. Absent a timely designation (or other agreement between the Parties as to timing) of some or all of the final transcript as Protected Material, this presumptive designation shall lapse. The designation by a party or non-party of a transcript, exhibit, or videotape (or any portion of these) as Protected Material shall be made in

writing and served upon all counsel of record and the relevant court reporter. Any transcript, exhibit, or videotape (or portion thereof) designated as Protected Material shall thereafter be treated in accordance with this Protective Order. Any designation of a transcript (or portion thereof) shall be treated as a designation of the corresponding portion of the video, and vice-versa.

    a. **Use of Confidential Material at Depositions.** Any party may use Confidential Material in an examination of a witness at a deposition, subject to the following restriction for non-party witnesses. Prior to any examination of a non-party witness at a deposition concerning Confidential Material, the witness shall be furnished with a copy of this Protective Order and shall execute the Acknowledgment of Protective Order attached as Exhibit A, *unless* the witness is an author, addressee, recipient, or source of the Confidential Material.[1] If a signed Acknowledgement from the witness is required but cannot be obtained, the party wishing to use Confidential Material in an examination of a witness must obtain consent from the producing party or entity, and such consent may not be unreasonably withheld. If the Parties cannot agree on whether a party may use Confidential Material in an examination of a witness not otherwise permitted under this Paragraph, then the Court shall be asked to resolve the dispute.

23. **Expert Reports.** Portions of an expert report provided under Federal Rule of Civil Procedure 26(a)(2) may be designated Confidential or Highly Confidential if such report contains, excerpts, quotes, attaches, or summarizes documents, deposition transcripts, or other materials that have been designated Confidential or Highly Confidential under this Order.

---

[1] Likewise, a witness who is an author, addressee, or recipient of Highly Confidential Material also may be examined regarding such Highly Confidential Material, without executing an Acknowledgement, consistent with Paragraph 16(d) of this Protective Order.

24. This Protective Order does not apply to information that is already in the knowledge or possession of the party to whom disclosure is made (unless that party is already bound by agreement not to disclose such information), or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

## REQUEST FOR CURE OF UNAUTHORIZED DISCLOSURES

25. Any party or non-party (or counsel to any party or non-party) who becomes aware of any unauthorized disclosure of Protected Material or any breach of this Protective Order shall promptly give notice to the party or non-party that produced or supplied the Protected Material of such circumstances, including a reasonable description of the circumstances that led to the unauthorized disclosure. Upon such notice, the party or non-party that produced or supplied the Protected Material may seek such other relief as is appropriate. In any event, the party or non-party that made the unauthorized disclosure shall immediately take all reasonable steps to cure the unauthorized disclosure and shall make every effort to prevent further unauthorized disclosure.

## SUBPOENAS COMMANDING PRODUCTION OF PROTECTED MATERIAL

26. If any party has obtained Protected Material under the terms of this Order and receives a subpoena, civil investigative demand, or other compulsory process commanding the production of such Protected Material, such party shall notify the counsel of record for the producing party or non-party, in writing and by e-mail as soon as possible, and in no event later than ten (10) days following the discovery that the subpoena or process order calls for Protected Material. Such written notice shall include a copy of the subpoena, demand, or order. Within ten (10) days of receipt of notification, the producing party or non-party shall inform the subpoenaed party either that it does not object to production of the Protected Material or that it will seek court protection to prevent the production. If the producing party or non-party fails to provide the subpoenaed party with a response, the subpoenaed party may produce the Protected

Material after fifteen (15) days following the subpoenaed party's notification of the subpoena to the producing party or non-party. In the event the producing party or non-party informs the subpoenaed party that it will seek court protection to prevent the production, the subpoenaed party shall not produce any Protected Material without the prior written consent of the producing party or non-party unless required by an order of a court of competent jurisdiction.

## PRODUCTION OF PRIVILEGED, PROTECTED, OR OTHER MATERIAL IMMUNE FROM DISCOVERY

27. Pursuant to Federal Rule of Civil Procedure 502, the production or disclosure of a document containing material subject to a claim of privilege or protection (collectively in this section, "privilege" or "privileged" material) shall not constitute a waiver, in this or any other federal or state proceeding, of any privilege applicable to that document or the material contained in that document.

28. A producing party may, at any time, demand that a receiving party return, destroy, or otherwise sequester a document containing material subject to a good faith claim of privilege. The demand shall be made in writing and shall identify the document to be returned or destroyed by Bates range whenever possible. Within ten (10) business days, or such other time as the parties may agree or the Court may order, of receiving such a demand, a receiving party shall certify in writing that it has returned, destroyed, or otherwise sequestered all copies, versions, or extracts of the documents requested to be returned or destroyed and that the receiving party shall not attempt to examine, review, or use such documents without further order of the Court permitting such activity. Within ten (10) business days, or such other time as the Parties may agree or the Court may order, of receipt of the receiving party's certification, a producing party shall provide redacted versions of any of those documents that contain both privileged and non-privileged information and placeholder images for documents containing exclusively privileged information. To the extent that privilege logs have already been served, the party shall also supplement its privilege log within ten (10) business days, or otherwise shall include the

document on its privilege log to be served at the appropriate time as agreed by the Parties or ordered by the Court.

29. After a good-faith effort to meet and confer, a receiving party may file with the Court a motion to compel production of a document demanded to be returned pursuant to Paragraph 28 hereof. The motion shall not quote or paraphrase the substance of the document subject to the motion to compel, unless the motion is filed under seal; however, the motion may request that an in-camera inspection be made of the document. Unless the motion is granted, a requesting party may not use any information contained in the document that has been clawed back for any purpose, unless that same information is available from a non-privileged source.

## COMPLETION OF LITIGATION

30. The obligations imposed by this Protective Order shall survive the termination of this Action, and this Court shall retain jurisdiction over all disputes between the Parties and non-parties relating to it.

31. Within ninety (90) business days after the final resolution of the Action, including resolution of any appellate proceedings, all documents and copies of all documents (other than exhibits of record) produced or supplied by a party or non-party, including without limitation those that contain Protected Material, shall be either returned to the party or non-party who produced or supplied the Protected Material, destroyed, or otherwise sequestered. Upon request of the party who produced or supplied the Protected Material, all counsel of record who received such documents shall certify compliance herewith. Notwithstanding the above, counsel of record may retain for their files copies of any of their own work product, correspondence, pleadings, briefs and exhibits, any other court filings, deposition transcripts and exhibits, or hearing or other official transcripts and exhibits, which contain Protected Material. Such retained copies will remain subject to the restrictions herein, including that the materials be used only in connection with this Action.

## MISCELLANEOUS PROVISIONS

32. Nothing contained in this Protective Order shall be construed as a waiver of any claim or defense in this Action, nor as an admission that any document or information, or any testimony relating to such document or information, is or would be admissible in evidence in this Action or in any other proceeding.

33. Nothing contained in this Protective Order shall affect the rights of the Parties or non-parties to object to discovery, nor shall it relieve a party or non-party of its obligation to properly respond or object to discovery requests, nor shall it preclude any party or non-party from seeking further relief or protective orders from the Court as may be appropriate.

34. Nothing contained in this Protective Order shall control or govern the use of evidence at trial.

35. The Parties to the Action reserve all rights to apply to the Court for any order modifying this Protective Order, or seeking greater access to Protected Materials than those provided herein. Nothing in this Paragraph shall affect a party's right to object to disclosure of Protected Material to counsel of another party.

36. Nothing contained in this Protective Order shall affect the ability of the Parties to alter by agreement the time periods set forth herein.

37. Any person requiring further confidentiality protection may petition the Court for a separate order governing disclosure of its information.

38. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this Action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

39. If a party violates this Protective Order, the disclosing party may seek appropriate

relief from this Court.

    40.    This Protective Order may be signed in counterparts.

| | |
|---|---|
| */s/ Kai H. Richter* | */s/ Sean C. Abouchedid* |
| Kai H. Richter* | Lars C. Golumbic* |
| **NICHOLS KASTER, PLLP** | Sean C. Abouchedid* |
| 4600 IDS Center | GROOM LAW GROUP, CHARTERED |
| 80 South 8th Street | 1701 Pennsylvania Avenue, NW |
| Minneapolis, MN 55402 | Washington, DC 20006 |
| Telephone: (612) 256-3200 | Telephone: (202) 861-9383 |
| Facsimile: (612) 338-4878 | Facsimile: (202) 659-4503 |
| krichter@nka.com | lgolumbic@groom.com |
| *Appearing *pro hac vice* | sabouchedid@gromm.com |
| | *Appearing *pro hac vice* |
| *Counsel for Plaintiff Benjamin Reetz* | |
| | *Counsel for Lowe's Companies, Inc., and the Administrative Committee of Lowe's Companies, Inc.* |

    */s/ Shannon M. Barrett*
    Shannon M. Barrett*
    O'MELVENY & MYERS LLP
    1625 Eye Street, NW
    Washington, DC 20006
    Telephone: (202) 383-5300
    Facsimile: (202) 383-5414
    sbarrett@omm.com
    *Appearing *pro hac vice*

    *Counsel for Defendant Aon Hewitt Investment Consulting, Inc.*

**SO ORDERED**.

Signed: November 1, 2019

David C. Keesler
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:18-CV-75-RJC-DCK

BENJAMIN REETZ, INDIVIDUALLY AND )
AS THE REPRESENTATIVE OF A CLASS )
OF SIMILARLY SITUATED PERSONS, and )
on BEHALF OF THE LOWE'S 401(K) PLAN, )
                                              )
       **Plaintiffs,**             )
                                              )
vs.                                   )   **CONSENT PROTECTIVE ORDER**

LOWE'S COMPANIES, INC., )
ADMINISTRATIVE COMMITTEE OF )
LOWE'S COMPANIES, INC., JOHN and )
JANE DOES 1-20, and AON HEWITT )
INVESTMENT CONSULTING, INC., )
                                              )
       **Defendant.**            )

# EXHIBIT A
## UNDERTAKING REGARDING CONSENT PROTECTIVE ORDER

I, _____, declare that:

1. My address is _____

_____

2. My current employer is _____

3. My current occupation is _____

4. I have received a copy of the Consent Protective Order in the above-captioned action (the "Action"). I have read and understand the provisions of the Consent Protective Order.

5. I will comply with all of the provisions of the Consent Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will use only for purposes of this Action any information or materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE

1

COUNSEL ONLY" that I receive in this Action, except as otherwise permitted under the terms of the Consent Protective Order.

_____    _____
Dated