**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:18-CV-75-RJC-DCK**

Benjamin Reetz,

                         Plaintiff,

            v.

Lowe's Companies, Inc. et al.,

                         Defendants.

**ANSWER TO FIRST AMENDED COMPLAINT**

**DEFENDANT AON HEWITT INVESTMENT CONSULTING, INC.'S ANSWER TO CLASS ACTION COMPLAINT**

Defendant Aon Hewitt Investment Consulting, Inc. ("AHIC") respectfully submits its answer and affirmative defenses to Plaintiff Benjamin Reetz's ("Plaintiff's") First Amended Class Action Complaint.

**GENERAL DENIALS**

Unless specifically admitted, AHIC denies each and every averment in the Class Action Complaint (the "Complaint"). To the extent that Plaintiff has included headings, footnotes, or other impertinent material that is inappropriate under Rules 8 and 12(f) of the Federal Rules of Civil Procedure, no response is necessary and such inappropriate material should be stricken. In any event, to the extent any headings or inappropriate material are deemed to require a response, AHIC denies them. AHIC expressly reserves the right to amend and/or supplement its Answer as may be necessary.

**RESPONSES TO SPECIFIC ALLEGATIONS**

In addition to incorporating the above general denials, AHIC further answers the numbered paragraphs in the Complaint as follows:

## NATURE OF THE ACTION

1.      AHIC admits that Plaintiff purports to assert claims pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (3), on behalf of the Lowe's 401(k) Plan (the "Plan") and a class of participants and beneficiaries of the Plan, but denies that Plaintiff is entitled to any relief on his claims.  AHIC admits that it has served as the investment consultant to the Plan, that over $1 billion of the Plan's assets were invested into the Aon Hewitt Growth Fund (the "Growth Fund"), and that excluding the Plan's investments in the Growth Fund, the Growth Fund had approximately $355 million in assets at or near the time the Plan first invested in the Growth Fund.  AHIC denies the remaining allegations in paragraph 1, and specifically denies that AHIC has breached any fiduciary duties.

## PRELIMINARY STATEMENT

2.      AHIC states that paragraph 2 purports to quote a website and asserts that the cited website speaks for itself.  AHIC admits that it provides investment consulting services to institutional clients, including 401(k) plans.  Except as expressly admitted or stated, AHIC denies the remaining allegations in paragraph 2.

3.      The allegations in paragraph 3 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC states that paragraph 3 purports to quote and summarize a website and asserts that the cited website speaks for itself.  AHIC admits that it provides investment consulting services to clients.  Except as expressly admitted or stated, AHIC denies the remaining allegations in paragraph 3.

4.      AHIC admits that an Aon Hewitt company has offered investment products for investment by 401(k) plans since at least 2013.  Except as expressly admitted, AHIC denies the remaining allegations in paragraph 4.

5. AHIC admits that the Growth Fund, Aon Hewitt Income Fund, and Aon Hewitt Inflation Fund were added to the Lowe's 401(k) Plan's investment lineup in 2015. AHIC further admits that not all plans for which AHIC provides investment advisory or investment consulting services include funds managed by Aon Hewitt companies in their investment lineups. Except as expressly admitted, AHIC denies the remaining allegations in paragraph 5.

6. AHIC admits that over $1 billion in assets were transferred to the Growth Fund in 2015 from eight funds that had previously been in the Plan's investment lineup. AHIC further admits that the assets in the Growth Fund represented approximately 45% of the Plan's total assets not invested in Lowe's Corp. stock as of December 31, 2015. Except as expressly admitted, AHIC denies the remaining allegations in paragraph 6.

7. The allegations in paragraph 7 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 7 purports to quote an unidentified document, which speaks for itself. AHIC admits that the Hewitt Growth Fund's inception date was October 1, 2013. Except as expressly admitted or stated, AHIC denies the remaining allegations in paragraph 7.

8. AHIC states that it lacks sufficient information to admit or deny, and therefore denies, the allegations in paragraph 8 concerning the "weighted average return" of the investment options that were removed from the Plan's investment lineup when the Growth Fund was added as a Plan investment option. Except as expressly stated, AHIC denies the allegations in paragraph 8, and specifically denies that the Growth Fund had a negative return from its inception date of October 1, 2013 to Q3 2015.

9. AHIC states that it lacks sufficient information to admit or deny, and therefore denies, the assertions in paragraph 9 regarding the number of retirement plans in the United

States in 2015 and the percentage of such plans that were invested in the Growth Fund. AHIC admits that, at the time the Growth Fund was added to the Plan's lineup, none of the other plans invested in the Growth Fund had over $1 billion in total assets. Except as expressly admitted or stated, AHIC denies the remaining allegations in paragraph 9.

10.     AHIC admits that as of year-end 2015, the Plan had invested approximately $1.07 billion in the Growth Fund and that the Growth Fund's total net assets were approximately $1.43 billion. Except as expressly admitted, AHIC denies the remaining allegations in paragraph 10.

11.     The allegations in paragraph 11 assert legal conclusions to which no response is required. To the extent a response is required, AHIC denies the remaining allegations in paragraph 11, and specifically denies that it violated any fiduciary duty.

12.     The allegations in paragraph 12 assert legal conclusions to which no response is required. To the extent a response is required, AHIC denies the allegations in paragraph 12, and specifically denies that it violated any fiduciary duty.

13.     The allegations in paragraph 13 assert legal conclusions to which no response is required. AHIC states that it lacks sufficient information to admit or deny, and therefore denies, the allegations in paragraph 13 concerning the "weighted" returns of funds that were removed from the Plan's investment lineup. AHIC denies the remaining allegations in paragraph 13, and specifically denies that the Plan has suffered any investment losses. To the extent paragraph 13 relies on *Tibble v. Edison Int'l*, 135 S.Ct. 1823, 1828 (2015), that judicial decision speaks for itself.

14.     The allegations in paragraph 14 assert legal conclusions to which no response is required. To the extent a response is required, AHIC admits that Plaintiff purports to bring an action under ERISA and seeks damages and injunctive relief as part of this action, but denies that

Plaintiff has properly brought an action under ERISA and denies that damages and injunctive relief are appropriate. Except as expressly admitted, AHIC denies the remaining allegations in paragraph 14.

**JURISDICTION AND VENUE**

15. The allegations in paragraph 15 assert legal conclusions to which no response is required. To the extent paragraph 15 requires a response, AHIC states that the statutory provisions referenced in paragraph 15 speak for themselves. Except as expressly stated, AHIC denies the remaining allegations in paragraph 15.

16. The allegations in paragraph 16 assert legal conclusions to which no response is required. To the extent paragraph 16 requires a response, AHIC states that the statutory provisions referenced in paragraph 16 speak for themselves. Except as expressly stated, AHIC denies the remaining allegations in paragraph 16.

**PARTIES**

17. AHIC lacks sufficient information to admit or deny, and therefore denies, the allegations in paragraph 17, and specifically denies that AHIC committed fiduciary breaches or engaged in unlawful conduct.

18. The allegations in paragraph 18 assert legal conclusions to which no response is required. To the extent that a response is required, AHIC admits that Lowe's Corp. ("Lowe's") is a home improvement retailer headquartered in Mooresville, North Carolina, that Lowe's sponsors the Plan, and that the Administrative Committee carries out functions related to the Plan. Except as so admitted, AHIC lacks sufficient information to admit or deny, and therefore denies, the allegations in paragraph 18.

19. The allegations in paragraph 19 assert legal conclusions to which no response is required. To the extent a response is required, AHIC admits that the Administrative Committee

consisting of Lowe's employees carries out functions related to the Plan. AHIC further states that it lacks sufficient information to admit or deny, and therefore denies, the allegations in paragraph 19 concerning the manner in which members of the Administrative Committee are appointed and overseen. Except as expressly admitted or stated, AHIC denies the remaining allegations in paragraph 19.

20.     AHIC refers to the minutes of the meetings of the Administrative Committee during the putative class period as the best evidence of its membership. Except as expressly admitted, AHIC lacks sufficient information to admit or deny, and therefore denies, the allegations in paragraph 20.

21.     AHIC lacks sufficient information to admit or deny, and therefore denies, the allegations in paragraph 21.

22.     AHIC admits that it is a registered investment adviser headquartered in Chicago, Illinois. AHIC was formed in 2010 when Hewitt Associates LLC purchased Ennis Knupp & Associates. Hewitt Associates LLC was subsequently acquired by a predecessor to Aon plc. AHIC further admits that it offered investment consulting services to the Plan, but denies that it is currently the Plan's investment consultant. AHIC admits that it offered the Plan advice in exchange for consulting fees. AHIC denies that it received additional compensation in connection with the Plan's investment of the Growth Fund. The additional allegations in paragraph 22 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that the statutory provision cited in paragraph 22 speaks for itself. Except as expressly admitted or stated, AHIC denies the remaining allegations in paragraph 22.

23.     The allegations in paragraph 23 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that the statutory provisions cited in

paragraph 23 speak for themselves. Except as expressly stated, AHIC denies the remaining allegations in paragraph 23.

**THE PLAN**

24. The allegations in paragraph 24 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that the statutory provisions cited in paragraph 24 speak for themselves. Except as expressly stated, AHIC denies the remaining allegations in paragraph 24.

25. AHIC states that paragraph 25 appears to summarize the contents of the Plan's 2016 Form 5500 and asserts that such document speaks for itself. AHIC admits that the Plan's 2016 Form 5500 indicates that the Plan had more than 262,000 participants and approximately $5.2 billion in assets. AHIC further admits that the Plan's 2016 Form 5500 indicates that the Plan had approximately $2.65 billion invested in employer securities, and $2.61 billion invested in collective trusts. Except as expressly admitted or stated, AHIC denies the remaining allegations in paragraph 25.

26. AHIC states that paragraph 26 appears to summarize the contents of the Plan's 2016 Form 5500 and asserts that such document speaks for itself. AHIC admits that the Plan's 2016 Form 5500 indicates that as of December 31, 2016, the Plan had $1,082,100,276 invested in the Growth Fund, $177,093,609 invested in a Vanguard target date fund, and smaller amounts invested in the Plan's other pooled investment options. Except as expressly admitted or stated, AHIC denies the remaining allegations in paragraph 26.

**ERISA FIDUCIARY DUTIES**

27. AHIC admits that the pooled investment options in the Plan's investment lineup consist of the Growth Fund, the Aon Hewitt Income Fund, the Aon Hewitt Inflation Fund, a

series of Vanguard target-date funds, and a capital preservation option. Except as expressly admitted, AHIC denies the remaining allegations in paragraph 27.

28. The allegations in paragraph 28 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 28 purports to quote or otherwise summarize 29 U.S.C. § 1001(a), *Boggs v. Boggs*, 520 U.S. 833, 845 (1997), and *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 n.8 (1985), which statutory provision and judicial decisions speak for themselves. Except as expressly stated, AHIC denies the remaining allegations in paragraph 28.

29. The allegations in paragraph 29 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 29 purports to quote or otherwise summarize 29 U.S.C. § 1104(a)(1) and *Tatum v. RJR Pens. Invest. Comm.*, 761 F.3d 346, 356 (4th Cir. 2014), which statutory provision and judicial decision speak for themselves. Except as expressly stated, AHIC denies the remaining allegations in paragraph 29.

30. The allegations in paragraph 30 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 30 purports to quote 29 U.S.C. § 1104(a)(a), *Pegram v. Herdrich*, 530 U.S. 211, 235 (2000), and a Department of Labor opinion, which statutory provision, judicial decision, and Department of Labor opinion speak for themselves. Except as expressly stated, AHIC denies the remaining allegations in paragraph 30.

31. The allegations in paragraph 31 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 31 purports to quote or otherwise summarize *Bedrick ex rel. Humrickhouse v. Travelers Ins. Co.*, 93 F.3d 149, 154

(4th Cir. 1996), which judicial decision speaks for itself. Except as expressly stated, AHIC denies the remaining allegations in paragraph 31.

32.     The allegations in paragraph 32 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 32 purports to quote or otherwise summarize 29 U.S.C. § 1104(a)(1)(B) and the Department of Labor website, which statutory provision and website speak for themselves. Except as expressly stated, AHIC denies the remaining allegations in paragraph 32.

33.     The allegations in paragraph 33 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 33 purports to quote *Tibble v. Edison Int'l*, 135 S.Ct. 1823, 1828 (2015), which judicial opinion speaks for itself. Except as expressly stated, AHIC denies the remaining allegations in paragraph 33.

34.     The allegations in paragraph 34 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 34 purports to quote or otherwise summarize *Tatum v. R.J. Reynolds Tobacco, Co*., 926 F. Supp. 2d 648, 674 (M.D.N.C. 2013), which judicial decision speaks for itself. Except as expressly stated, AHIC denies the remaining allegations in paragraph 34.

35.     The allegations in paragraph 35 assert legal conclusions to which no response is required. To the extent a response is required, AHIC states that paragraph 35 purports to rely on 29 U.S.C. § 1104(a), which statutory provision speaks for itself. Except as expressly stated, AHIC denies the remaining allegations in paragraph 35.

36.     AHIC admits it was formed in 2010 when Hewitt Associates LLC purchased Ennis Knupp & Associates. Hewitt Associates LLC was subsequently acquired by a predecessor to Aon plc. AHIC further admits that it is and has been one of the largest providers of

investment consulting services to institutional investors. AHIC states that paragraph 36 purports to summarize the contents of internet articles, which speak for themselves. Except as expressly admitted or stated, AHIC denies the remaining allegations in paragraph 36.

37.     AHIC admits that it was not formed until Hewitt Associates LLC was acquired by a predecessor to Aon plc and that an Aon Hewitt company was involved in the creation of collective investment trusts that are available for investment by defined contribution plans. Except as expressly admitted, AHIC denies the remaining allegations in paragraph 37.

38.     AHIC admits that it provides independent and objective advice to its consulting clients and that it has identified investment funds managed by AHIC or AHIC affiliates ("Hewitt Funds") as potential investment options for certain plan clients. AHIC further states that paragraph 38 purports to quote or otherwise summarize the content of internet materials, which materials speak for themselves. Except as expressly admitted or stated, AHIC denies the remaining allegations in paragraph 38.

39.     AHIC admits that it regularly consulted with Lowe's regarding investment options in the Plan. AHIC further admits that in 2015, the Growth Fund, the Aon Hewitt Income Fund, and the Aon Hewitt Inflation Strategy Fund were added to the Plan's lineup and other funds were removed from the Plan's lineup. AHIC admits that the Plan invested more than $1 billion in the Growth Fund in 2015. AHIC further admits that AHIC provided services to plans that invested in Aon Hewitt Funds. Except as expressly admitted, AHIC denies the remaining allegations in paragraph 39.

40.     AHIC admits that the Plan invested a greater amount in the Growth Fund than in the Aon Hewitt Inflation Strategy Fund and the Aon Hewitt Income Fund. AHIC states that it lacks sufficient information regarding the intended meaning of the term "relatively modest" to

admit or deny, and therefore denies, that characterization.  Except as expressly admitted or stated, AHIC denies the remaining allegations in paragraph 40.

41.     AHIC admits that eight funds were removed from the Plan's investment lineup in 2015, and that the assets that had been invested in those funds were invested into the Growth Fund.  AHIC admits that the Plan's investment in the Growth Fund exceeded $1 billion in 2015. Except as expressly admitted, AHIC denies the remaining allegations in paragraph 41.

42.     The allegations in paragraph 42 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC denies the allegations in paragraph 42.

43.     AHIC admits the funds bearing the names listed in paragraph 43 were removed from the Plan investment lineup in 2015.  Except as expressly admitted, AHIC denies the remaining allegations in paragraph 43.

44.     AHIC admits that the funds removed from the Plan investment lineup in 2015 included funds with large cap, mid cap, small cap, and international equities, and that some of those funds offered "growth" or "value" investment styles.  AHIC admits that participants could choose to allocate their investments among these funds.  Except as expressly admitted, AHIC denies the remaining allegations in paragraph 44.

45.     AHIC states that paragraph 45 appears to refer to financial reporting for the funds listed in that paragraph, and refers to such financial reporting as the best evidence of its contents. AHIC denies that the chart in paragraph 45 accurately reflects information for the Diamond Hill Value Account and T. Rowe Price Mid-Cap Value Account.  Except as expressly stated, AHIC lacks sufficient information to admit or deny, and therefore denies, the allegations in paragraph 45.

46.     AHIC admits that the funds referenced in paragraph 45 were managed by asset managers at financial companies including Vanguard, T. Rowe Price, and American Funds and that those financial companies had multiple years of experience managing pooled investment products for investors, including retirement plans.  AHIC further admits that as of 2015, the funds removed from the Plan's investment lineup met or exceeded their stated benchmarks over some time horizon.  Except as expressly admitted, AHIC denies the remaining allegations in paragraph 46.

47.     AHIC admits that the funds removed from the Plan lineup in 2015 had differing investment strategies, were in differing asset classes, and invested in both domestic and international markets.  Except as expressly admitted, AHIC denies the remaining allegations in paragraph 47.

48.     AHIC denies the allegations in paragraph 48.

49.     AHIC admits that the inception date of the Growth Fund was October 1, 2013. Except as expressly admitted, AHIC denies the remaining allegations in paragraph 49.

50.     AHIC denies that the Growth Fund had a negative return between its inception date of October 1, 2013 and Q3 2015.  AHIC denies that the Russell Mid Cap and MSCI ACWI indexes were the Growth Fund's benchmarks, and lacks sufficient information to admit or deny, and therefore denies, the stated performance of those indexes.  AHIC denies the remaining allegations in paragraph 50.

51.     AHIC admits that the funds removed from the Plan's investment lineup in 2015 were in different asset classes and had differing investment strategies.  AHIC further admits that, following the removal of funds from the Plan's lineup in 2015, none of the Plan's investment

options were exclusively invested in equity securities. Except as expressly admitted, AHIC denies the remaining allegations in paragraph 51.

52.     The allegations in paragraph 52 assert legal conclusions to which no response is required. AHIC states that it lacks sufficient information to admit or deny, and therefore denies, the assertions in paragraph 52 regarding the number of retirement plans in the United States in 2015 and the percentage of such plans that were invested in the Growth Fund. To the extent a response is required, AHIC admits than none of the other plans invested in the Growth Fund had over $1 billion in total assets. Except as expressly admitted or stated, AHIC denies the remaining allegations in paragraph 52.

53.     The allegations in paragraph 53 assert legal conclusions to which no response is required. To the extent a response is required, AHIC admits that at the end of 2015, excluding investments through the Plan, the Growth Fund had approximately $355 million invested in it, and that at the end of 2015 the Plan had approximately $1.07 billion invested in the Growth Fund. Except as expressly admitted, AHIC denies the remaining allegations in paragraph 53.

54.     The allegations in paragraph 54 assert legal conclusions to which no response is required. To the extent a response is required, AHIC denies the allegations in paragraph 54.

55.     AHIC denies the allegations in paragraph 55.

56.     AHIC denies the allegations in paragraph 56.

57.     AHIC admits the annualized return for the Growth Fund for Q4 2015 through Q1 2018 is approximately 11.99%. Except as expressly admitted, AHIC denies the remaining allegations in paragraph 57.

58.     AHIC lacks sufficient information to admit or deny, and therefore denies, the purported performance from Q4 2015 through Q1 2018 of the funds in the chart in paragraph 58,

and thus further denies that the Growth Fund has underperformed the funds in the chart in paragraph 58. AHIC denies the remaining allegations in paragraph 58.

59. The allegations in paragraph 58 assert legal conclusions to which no response is required. To the extent a response is required, AHIC admits that the Plan has continued to offer the Growth Fund as a Plan investment option since 2015. Except as expressly admitted, AHIC denies the remaining allegations in paragraph 59.

60. The allegations in paragraph 60 assert legal conclusions to which no response is required. To the extent a response is required, AHIC denies the allegations in paragraph 60.

61. AHIC admits that the Growth Fund invests in underlying sub-funds, including other Aon Hewitt Funds. Except as expressly admitted, AHIC denies the remaining allegations in paragraph 61.

62. The allegations in paragraph 62 assert legal conclusions to which no response is required. To the extent a response is required, AHIC denies the allegations in paragraph 62.

63. The allegations in paragraph 63 assert legal conclusions to which no response is required. To the extent a response is required, AHIC lacks sufficient information to admit or deny, and therefore denies, the allegations in paragraph 63 concerning the nature of Plaintiff's knowledge. AHIC denies the remaining allegations in paragraph 63.

## CLASS ACTION ALLEGATIONS

64. The allegations in paragraph 64 assert legal conclusions to which no response is required. To the extent any response is required to paragraph 64, AHIC denies the allegations.

65. AHIC admits that Plaintiff purports to assert claims on behalf of a class of participants defined as described in paragraph 65. Except as so admitted, AHIC denies the allegations in paragraph 65.

66.     The allegations in paragraph 66 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC admits that the Plan has over 250,000 participants, and that some participants have chosen to invest in the Growth Fund.  Except as expressly admitted, AHIC denies the remaining allegations in paragraph 66.

67.     The allegations in paragraph 67 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC states that it lacks sufficient information to admit or deny, and therefore denies, Plaintiff's allegations concerning his participation in the Plan and investment in the Growth Fund.  Except as expressly stated, AHIC denies the remaining allegations in paragraph 67.

68.     The allegations in paragraph 68 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC states that it lacks sufficient information to admit or deny, and therefore denies, Plaintiff's allegations concerning the experience of his counsel.  Except as expressly stated, AHIC denies the other allegations in paragraph 68.

69.     The allegations in paragraph 69 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC denies the allegations in paragraph 69.

70.     The allegations in paragraph 70 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC denies the allegations in paragraph 70.

71.     The allegations in paragraph 71 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC denies the allegations in paragraph 71.

72.     The allegations in paragraph 72 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC denies the allegations in paragraph 72.

## COUNT I
## Breach of Duties of Loyalty and Prudence
## 29 U.S.C. § 1104

73.     AHIC incorporates its responses to paragraphs 1 through 72 as if fully set forth here.

74.     The allegations in paragraph 74 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC denies the allegations in paragraph 74.

75.     The allegations in paragraph 75 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC states that paragraph 75 purports to quote a statutory provision, which statutory provision speaks for itself.  Except as expressly stated, AHIC denies the remaining allegations in paragraph 75.

76.     The allegations in paragraph 76 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC states that paragraph 76 purports to summarize or rely on *Tibble v. Edison Int'l*, 135 S.Ct. 1823, 1828 (2015), which judicial decision speaks for itself.  Except as expressly stated, AHIC denies the remaining allegations in paragraph 76.

77.     The allegations in paragraph 77 assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, AHIC denies the allegations contained in paragraph 77.

78.     The allegations in paragraph 78 assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, AHIC denies the allegations contained in paragraph 78.

79.     The allegations in paragraph 79 assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, AHIC denies the allegations contained in paragraph 79.

80.     The allegations in paragraph 80 assert legal conclusions and characterizations to which no response is required. To the extent a response is required, AHIC denies the allegations contained in paragraph 80.

81.     The allegations in paragraph 81 assert legal conclusions and characterizations to which no response is required. To the extent a response is required, AHIC denies the allegations contained in paragraph 81.

82.     The allegations in paragraph 82 assert legal conclusions and characterizations to which no response is required. To the extent a response is required, AHIC denies the allegations contained in paragraph 82.

83.     The allegations in paragraph 83 assert legal conclusions and characterizations to which no response is required. To the extent a response is required, AHIC denies the allegations contained in paragraph 83.

84.     The allegations in paragraph 84 assert legal conclusions and characterizations to which no response is required. To the extent a response is required, AHIC denies the allegations contained in paragraph 84.

85.     The allegations in paragraph 85 assert legal conclusions and characterizations to which no response is required. To the extent a response is required, AHIC denies the allegations contained in paragraph 85.

## COUNT II
### Failure to Monitor Fiduciaries

86.     AHIC incorporates its responses to paragraphs 1 through 85 as if fully set forth here.

87.     The allegations in paragraph 87 assert legal conclusions to which no response is required. To the extent a response is required, AHIC denies the allegations in paragraph 87.

88.     AHIC lacks sufficient information to admit or deny the allegations regarding how Lowe's appoints or removes members of the Administrative Committee, and therefore denies the allegations in paragraph 88.

89.     AHIC admits that the Administrative Committee appointed AHIC as the Plan's investment consultant.  AHIC further admits that Lowe's has the authority to terminate the investment management agreement.  Except as expressly admitted, AHIC denies the other allegations in paragraph 89.

90.     The allegations in paragraph 90 assert legal conclusions to which no response is required.  To the extent a response is required, AHIC denies the allegations contained in paragraph 90.

91.     The allegations in paragraph 91 assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, AHIC denies the allegations contained in paragraph 91.

92.     The allegations in paragraph 92 assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, AHIC denies the allegations contained in paragraph 92.

93.     AHIC denies the allegations in paragraph in 93.

94.     The allegations in paragraph 94 assert legal conclusions and characterizations to which no response is required.  To the extent a response is required, AHIC denies the allegations contained in paragraph 94.

## PRAYER FOR RELIEF

AHIC denies each and every allegation in the Prayer for Relief and all of its subparts. AHIC denies the allegations, except those specifically admitted above, including each and every portion of the Complaint requesting any relief.

## AFFIRMATIVE DEFENSES

AHIC asserts the following affirmative defenses. By alleging these affirmative defenses, AHIC does not agree or concede that they have the burden of proof on any of the issues raised in these defenses, or that any particular issue or subject matter herein is relevant to Plaintiff's allegation:

### First Affirmative Defense
### (Failure to State a Claim)

Plaintiff fails to state a claim or cause of action upon which relief can be granted.

### Second Affirmative Defense
### (Not Appropriate Relief)

The claimed relief does not constitute appropriate relief under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2).

### Third Affirmative Defense
### (Not Appropriate Relief)

To the extent Plaintiff, and those members of the putative class, seek relief that does not constitute appropriate equitable relief, they are not entitled to it under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

### Fourth Affirmative Defense
### (Prudent Action)

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part because AHIC's actions were both procedurally and substantively prudent and cannot give rise to fiduciary liability under ERISA § 409(a), 29 U.S.C. § 1109(a).

### Fifth Affirmative Defense
### (Laches)

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part by the doctrine of laches. Plaintiff challenges the offering of an investment option that

had been part of the Plan's lineup and whose inclusion was disclosed to Plan participants many years before Plaintiff filed suit.

### Sixth Affirmative Defense
### (Independent Control)

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part to the extent that they exercised independent control over their Plan accounts.

### Seventh Affirmative Defense
### (Independent Control/ERISA § 404(c))

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part by application of ERISA § 404(c), 29 U.S.C. § 1104(c). Plaintiff and the members of the putative class were able to allocate their accounts freely among a diverse range of investment options whose features were fully disclosed to participants.

### Eighth Affirmative Defense
### (Failure to Mitigate)

To the extent Plaintiff has stated a claim on which relief can be granted, Plaintiff has proximately caused, contributed to, or failed to mitigate any and all losses claimed.

### Ninth Affirmative Defense
### (Causation)

Plaintiff's claims, and those of the members of the putative class, are barred, in whole or in part, because any loss alleged in the Complaint was not caused by the fault or wrongdoing of AHIC or persons or entities over which AHIC had responsibility or control. The Growth Fund has provided reasonable returns in light of its investment design, and offers equivalent or superior features, including greater diversity, than other options commonly offered in other plans' investment lineups.

### Tenth Affirmative Defense
### (Failure to Satisfy Rule 23)

This action may not be maintained as a class action because Plaintiff cannot satisfy the

prerequisites of Federal Rule of Civil Procedure 23.

### Eleventh Affirmative Defense
### (Fraudulent Concealment)

Plaintiff has failed to plead fraudulent concealment with requisite specificity.

### Twelfth Affirmative Defense
### (Failure to Satisfy Rule 23)

Plaintiff's claims to a class action should be denied because any alleged injury cannot be

proven on a class-wide basis with common methods of proof.

### Thirteenth Affirmative Defense
### (Failure to Satisfy Rule 23)

Damages cannot be proven on a class-wide basis.

### Fourteenth Affirmative Defense
### (Failure to Satisfy Rule 23)

Plaintiff does not adequately represent the interests of proposed class members.

### Fifteenth Affirmative Defense
### (Covenant not to sue)

Plaintiff's claims or those of the putative class members are barred, in whole or in part, to

the extent Plaintiff or the members of the putative class have covenanted not to sue on such

claims.

### Sixteenth Affirmative Defense
### (Cognizable Injury)

Plaintiff's claims and those of the putative class are barred because they have not

sustained any cognizable injury attributable to AHIC's conduct.

**Seventeenth Affirmative Defense**
**(Administrative Remedies)**

Plaintiff's claims for breach of fiduciary duty are barred because they have failed to exhaust all administrative remedies.

**Eighteenth Affirmative Defense**
**(Release or Payment)**

Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, to the extent Plaintiff and the members of the putative class have provided a release covering such claims.

**Nineteenth Affirmative Defense**
**(Prohibited Transaction Exemption)**

To the extent, in any, the Complaint is intended to assert a claim for a prohibited transaction under ERISA § 406, Plaintiff's claims for liability are barred in whole or in party by ERISA § 408, and the exemptions granted by the Secretary of Labor pursuant to the authority granted under ERISA § 408(a).

**Reservation of Rights**

AHIC reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserve the right to amend its Answer to assert any such defense.

Respectfully submitted this 10th day of April, 2020.

/s/ *Shannon Barrett*
Brian Boyle
Bboyle@omm.com
Shannon Barrett
Sbarret@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4061
Telephone: +1 202 383 5300
Facsimile: +1 202 383 5414

Stuart Sarnoff
Ssarnoff@omm.com
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: +1 212 326 2000
Facsimile: +1 212 326 2061

Michael G. Adams
N.C. Bar No. 16528
Nicholas H. Lee
N.C. Bar No. 47885
Parker Poe Adams & Bernstein LLP
401 South Tyron Street, Suite 3000
Charlotte, NC 28202
Telephone: 704 372 9000
Facsimile: 704 334 4706
mikeadams@parkerpoe.com
nicholaslee@parkerpoe.com

*Attorneys for Defendant Aon Hewitt*
*Investment Consulting, Inc.*