UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Benjamin Reetz, individually and as the representative of a class of similarly situated persons, and on behalf of the Lowe's 401(k) Plan,<br><br>                Plaintiff,<br><br>v.<br><br>Lowe's Companies, Inc., Administrative Committee of Lowe's Companies, Inc., Pat Belanger, Robin Bornkamp, Lance Cook, Matthew Eurey, David Green, Bob Ihrie, Mark Imhoff, Terry Johnson, Angela Kirby, Janice Little, Tiffany Mason, Colleen Penhall, Stacey Ryan, Kristie Shugart, Brandon Sink, Gregor Teusch, Jennifer Weber, John and Jane Does 1-20, and Aon Hewitt Investment Consulting, Inc.,<br><br>                Defendants. | Case No. 5:18-cv-00075-KDB-DCK<br><br><br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING CLASS CERTIFICATION AND DISMISSAL OF INDIVIDUAL DEFENDANTS** |

WHEREAS, Plaintiff Benjamin Reetz ("Plaintiff") has filed a First Amended Complaint (ECF No. 84) against Defendants Lowe's Companies, Inc., the Administrative Committee of Lowe's Companies, Inc., Pat Belanger, Robin Bornkamp, Lance Cook, Matthew Eurey, David Green, Bob Ihrie, Mark Imhoff, Terry Johnson, Angela Kirby, Janice Little, Tiffany Mason, Colleen Penhall, Stacey Ryan, Kristie Shugart, Brandon Sink, Gregor Teusch, Jennifer Weber, John and Jane Does 1-20, and Aon Hewitt Investment Consulting, Inc. ("Defendants") (collectively, the "Parties"), alleging class action claims under the Employee Retirement Security Act of 1974 ("ERISA"); and

WHEREAS, the Parties have met and conferred regarding streamlining the litigation for purposes of the efficient management of the litigation;

1

THE PARTIES HEREBY STIPULATE AND AGREE, SUBJECT TO THE COURT'S APPROVAL, AS FOLLOWS:

1. Subject to Paragraph 2 below, all claims in this case against Individual Defendants Pat Belanger, Robin Bornkamp, Lance Cook, Matthew Eurey, David Green, Bob Ihrie, Mark Imhoff, Terry Johnson, Angela Kirby, Janice Little, Tiffany Mason, Colleen Penhall, Stacey Ryan, Kristie Shugart, Brandon Sink, Gregor Teusch, Jennifer Weber, John and Jane Does 1-20 are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

2. Defendant Lowe's Companies, Inc. will be responsible for any judgment entered in the case based on the actions or omissions of the Administrative Committee of Lowe's Companies, Inc., or any current or former member of the Administrative Committee of Lowe's Companies, Inc., including the Individual Defendants referenced in Paragraph 1 above; provided, however, that nothing in this stipulation shall prevent Lowe's Companies, Inc. from seeking applicable insurance coverage, indemnification, or contribution for such judgment.

3. The following class ("Class") shall be certified to pursue the claims detailed in paragraph 4 below:

> All participants and beneficiaries of the Lowe's 401(k) Plan whose Plan account balances were invested in the Hewitt Growth Fund at any time on or after October 1, 2015, through the date of judgment, excluding Defendants, any of their directors, and any officers or employees of Defendants with responsibility for the Plan's investment or administrative functions.

4. The claims that will be tried on a class basis ("Class Claims") are those set forth in the Plaintiff's First Amended Complaint, subject to the Court's Order (Dkt. No. 58) partially granting the motion to dismiss filed by Lowe's Companies, Inc. ("Lowe's") and the Administrative Committee of Lowe's Companies ("Administrative Committee"), as follows: (1) claims,

including all defenses thereto, against all Defendants for breach of the ERISA duties of loyalty and prudence pursuant to 29 U.S.C. § 1104(a) with respect to the following actions: (a) selection of the Hewitt Growth Fund for the Plan, and the restructuring of the Plan's investment menu insofar as it relates to the Hewitt Growth Fund and the funds it replaced; (b) the transfer of plan assets from the Vanguard Institutional Index Fund, T. Rowe Price Institutional Mid-Cap Equity Growth Fund, American Funds New Economy Fund, Eagle Small Cap Growth Fund, T. Rowe Price Small-Cap Value Fund, American Funds EuroPacific Growth Fund, Diamond Hill Value Account, and T. Rowe Price Mid-Cap Value Fund Account to the Hewitt Growth Fund after it was added to the Plan; and (c) monitoring and retention of the Hewitt Growth Fund in the Plan's investment lineup during the period following its selection as a Plan investment option, (2) claims, including all defenses thereto, against all Defendants for liability for the alleged breaches of fiduciary duties of their co-fiduciaries under 29 U.S.C. § 1105(a), and (3) claims, including all defenses thereto, against Lowe's for breach of the ERISA duty to monitor appointed fiduciaries insofar as Lowe's allegedly: (a) failed to appropriately monitor and evaluate the performance of the Administrative Committee or have a system in place for doing so; (b) failed to monitor the process by which the Hewitt Growth Fund was selected and retained for the Plan; and (c) failed to remove the Administrative Committee or its members, whose performance was allegedly inadequate (Amended Compl. ¶ 92). *See also* Dkt. 58, Order (granting in part and denying in part Defendant Lowe's Motion to Dismiss).

5. The class is numerous, as the Plan had over a quarter million participants during the class period. A substantial portion of these class members are or were invested in the Hewitt Growth Fund.

6. There are common issues respecting the Class Claims relating to (among other things): (a) which Defendants served as Plan fiduciaries; (b) whether the Plan's fiduciaries breached their fiduciary duties in violation of 29 U.S.C. § 1104; (c) whether Defendants are subject to co-fiduciary liability under 29 U.S.C. § 1105(a); (d) whether Lowe's adequately monitored the Administrative Committee; and (e) the relief, if any, that may be appropriate in this case.

7. Plaintiff is typical of other class members with respect to the Class Claims, as he participated in the Plan during the class period and was treated consistently with other class members.

8. Plaintiff is adequate to represent the class, has diligently represented the interests of the class to date, and has no known conflicts with any class members. Plaintiff also has retained competent and experienced class counsel. *See Moreno v. Deutsche Bank Americas Holding Corp.*, 2017 WL 3868803, at *11 (S.D.N.Y. Sept. 5, 2017) ("Plaintiffs' counsel are experienced litigators who serve as class counsel in ERISA actions involving defined-contribution plans"). Neither Plaintiff nor his counsel have any interests that might cause them to refrain from vigorously pursuing the claims in this class action. Both Plaintiff and his counsel (i.e., Nichols Kaster, PLLP and Tharrington Smith, L.L.P.) are adequate to represent the class.

9. Class certification is appropriate with respect to the Class Claims under Fed. R. Civ. P. 23(b)(1)(A) because prosecuting separate actions against Defendants with respect to the common issues identified in Paragraph 6 would create a risk of inconsistent or varying adjudications relating to those issues with respect to individual class members that would establish incompatible standards of conduct for Defendants.

4

10. Class certification is also appropriate with respect to the Class Claims under Fed. R. Civ. P. 23(b)(1)(B) because adjudications with respect to the common issues identified in Paragraph 6 as to individual class members, as a practical matter, would be dispositive of the interests of the other persons not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests relating to those issues.

11. Class certification has been granted in several other ERISA cases involving defined contribution plans, including at least three cases in this Circuit. *See, e.g.*, *Clark v. Duke Univ.*, 2018 WL 1801946 (M.D.N.C. Apr. 13, 2018); *Bowers v. BB&T Corp.*, 2017 WL 3730552 (M.D.N.C. Aug. 28, 2017); *Tatum v. R.J. Reynolds Tobacco Co.*, 254 F.R.D. 59 (M.D.N.C. 2008).[1]

12. Similar stipulations regarding class certification also have been approved in other ERISA cases involving defined contribution plans. *See Moitoso v. FMR LLC*, No. 1:18-cv-12122, Dkt. No. 83 (D. Mass. May 7, 2019); *Velazquez v. Mass. Fin. Srvs. LLC*, No. 1:17-cv-11249, Dkt. No. 94 (D. Mass. June 25, 2019); *Pledger v. Reliance Tr. Co.*, No. 1:15-cv-4444, Dkt. No. 101 (N.D. Ga. Nov. 7, 2017).

\*     \*     \*

---

[1] *See also, e.g., Vellali v. Yale Univ.*, 2019 WL 5204456 (D. Conn. Sept. 24, 2019); *Beach v. JPMorgan Chase Bank, Nat'l Ass'n*, 2019 WL 2428631 (S.D.N.Y. June 11, 2019); *Cunningham v. Cornell Univ.*, 2019 WL 275827 (S.D.N.Y. Jan. 22, 2019); *Cassell v. Vanderbilt Univ.*, 2018 WL 5264640 (M.D. Tenn. Oct. 23, 2018); *Henderson v. Emory Univ.*, 2018 WL 6332343 (N.D. Ga. Sept. 13, 2018); *Fuller v. SunTrust Banks, Inc.*, 2018 WL 3949698, at \*1 (N.D. Ga. June 27, 2018); *Moreno v. Deutsche Bank Am. Holding Corp.*, 2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017); *Cryer v. Franklin Templeton Res., Inc.*, 2017 WL 4023149 (N.D. Cal. July 26, 2017); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2017 WL 2655678 (C.D. Cal. June 15, 2017); *Rozo v. Principal Life Ins. Co.*, 2017 WL 2292834 (S.D. Iowa May 12, 2017); *Leber, et al. v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145 (S.D.N.Y. 2017).

Accordingly, Plaintiff and Defendants respectfully request that the Court approve this Stipulation and [Proposed] Order and certify the proposed Class for purposes of adjudicating the Class Claims, as defined herein.

Dated: October 28, 2020

*/s/Kai Richter*
Kai H. Richter, MN Bar No. 0296545*
Paul J. Lukas, MN Bar No. 22084X*
Brock J. Specht, MN Bar No. 0388343*
Carl F. Engstrom, MN Bar No. 0396298*
Brandon McDonough, MN Bar No. 0393259*
Chloe A. Raimey, MN Bar No. 0398257*
Mark Thomson, MN Bar No. 0398260*
* admitted pro hac vice
4700 IDS Center
80 S 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-338-4878
krichter@nka.com
lukas@nka.com
bspecht@nka.com
cengstrom@nka.com
bmcdonough@nka.com
craimey@nka.com
mthomson@nka.com

F. Hill Allen, N.C. Bar No. 18884
Post Office Box 1151
150 Fayetteville Street, Suite 1800
Raleigh, N.C. 27602-1151
Telephone: (919) 821 4711
Fax: (919) 829-1583
Email: hallen@tharringtonsmith.com

*Attorneys for Plaintiff*

Respectfully submitted,

*/s/ Sean Abouchedid*
Lars C. Golumbic
Sean C. Abouchedid
Andrew Salek-Raham
Zach Isenhour
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: (202) 861-9383
Fax: (202) 659-4503
lgolumbic@groom.com
sabouchedid@groom.com
asalek-raham@groom.com
zisenhour@groom.com

Mark Andrew Nebrig
MOORE & VAN ALLEN PLLC
100 N. Tryon St. Ste. 4700
Charlotte, NC 28202
Telephone: (704) 331-3602
Fax: (704) 339-5974
marknebrig@mvalaw.com

*Attorneys for Lowe's Companies, Inc. and the Administrative Committee of Lowe's Companies, Inc.*

/s/ *Brian Boyle*
Brian Boyle
Shannon M. Barrett
Deanna M. Rice
O'MELVENY & MYERS LLP
1625 Eye St., NW
Washington, DC 20006

6

Telephone: (202) 383-5300
Fax: (202) 383-5414
bboyle@omm.com
sbarrett@omm.com
derice@omm.com

Stuart M. Sarnoff
Jeffrey A. Kopczynski
Laura Aronsson
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 728-5675
Fax: (212) 326-2061
ssarnoff@omm.com
jkopczynski@omm.com
laronsson@omm.com

Michael G. Adams
Nicholas H. Lee
PARKER, POE, ADAMS & BERNSTEIN
401 South Tryon St., Suite 3000
Charlotte, NC 28202
Telephone: (704) 372-9000
Fax: (704) 334-4706
mikeadams@parkerpoe.com
nicholaslee@parkerpoe.com

*Attorneys for Aon Hewitt Investment Consulting, Inc.*

7

**IT IS SO ORDERED.** Based on the Parties' Stipulation and [Proposed] Order Regarding Class Certification and Dismissal of Individual Defendants, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(1) are satisfied, and hereby certifies the following class:

> All participants and beneficiaries of the Lowe's 401(k) Plan whose Plan account balances were invested in the Hewitt Growth Fund at any time on or after October 1, 2015, through the date of judgment, excluding Defendants, any of their directors, and any officers or employees of Defendants with responsibility for the Plan's investment or administrative functions.

The Court further finds that Defendants Pat Belanger, Robin Bornkamp, Lance Cook, Matthew Eurey, David Green, Bob Ihrie, Mark Imhoff, Terry Johnson, Angela Kirby, Janice Little, Tiffany Mason, Colleen Penhall, Stacey Ryan, Kristie Shugart, Brandon Sink, Gregor Teusch, Jennifer Weber, John and Jane Does 1-20 are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

DATED: _____, 2020

_____
Hon. Kenneth D. Bell
United States District Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2020, a true and correct copy of the foregoing was served by CM/ECF to the parties registered to the Court's CM/ECF system.

Dated: October 28 2020  s/ Kai Richter
Kai Richter