UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Benjamin Reetz, individually and as the representative of a class of similarly situated persons, and on behalf of the Lowe's 401(k) Plan,<br><br>                    Plaintiff,<br><br>v.<br><br>Lowe's Companies, Inc., Administrative Committee of Lowe's Companies, Inc., Pat Belanger, Robin Bornkamp, Lance Cook, Matthew Eurey, David Green, Bob Ihrie, Mark Imhoff, Terry Johnson, Angela Kirby, Janice Little, Tiffany Mason, Colleen Penhall, Stacey Ryan, Kristie Shugart, Brandon Sink, Gregor Teusch, Jennifer Weber, John and Jane Does 1-20, and Aon Hewitt Investment Consulting, Inc.,<br><br>                    Defendants. | Case No. 5:18-cv-00075-KDB-DCK<br><br><br>**ORDER PRELIMINARILY GRANTING CLASS CERTIFICATION AND DISMISSING INDIVIDUAL DEFENDANTS** |

This matter is before the Court on the parties' Stipulation Regarding Class Certification and Dismissal of Individual Defendants (Dkt. No. 94), filed October 28, 2020. After giving careful consideration to the Stipulation, the Court hereby finds and orders as follows:

**<u>Order Regarding Class Certification</u>**

Based on the Stipulation, the allegations in the First Amended Complaint and nature of the claims asserted, and the relevant factors under Federal Rule of Civil Procedure 23, the Court finds that there is good cause to certify the proposed class. Among other things:

1. The class is numerous, as the Plan had over a quarter million participants during the class period. A substantial portion of these class members are or were invested in the Hewitt Growth Fund.

1

2. There are common issues respecting the Class Claims[1] relating to (among other things): (a) which Defendants served as Plan fiduciaries; (b) whether the Plan's fiduciaries breached their fiduciary duties in violation of 29 U.S.C. § 1104; (c) whether Defendants are subject to co-fiduciary liability under 29 U.S.C. § 1105(a); (d) whether Lowe's adequately monitored the Administrative Committee; and (e) the relief, if any, that may be appropriate in this case.

---

[1] The Class Claims are those set forth in the Plaintiff's First Amended Complaint, subject to the Court's Order (Dkt. No. 58) partially granting the motion to dismiss filed by Lowe's Companies, Inc. ("Lowe's") and the Administrative Committee of Lowe's Companies ("Administrative Committee"), which are described by the parties as follows: (1) claims, including all defenses thereto, against all Defendants for breach of the ERISA duties of loyalty and prudence pursuant to 29 U.S.C. § 1104(a) with respect to the following actions: (a) selection of the Hewitt Growth Fund for the Plan, and the restructuring of the Plan's investment menu insofar as it relates to the Hewitt Growth Fund and the funds it replaced; (b) the transfer of plan assets from the Vanguard Institutional Index Fund, T. Rowe Price Institutional Mid-Cap Equity Growth Fund, American Funds New Economy Fund, Eagle Small Cap Growth Fund, T. Rowe Price Small-Cap Value Fund, American Funds EuroPacific Growth Fund, Diamond Hill Value Account, and T. Rowe Price Mid-Cap Value Fund Account to the Hewitt Growth Fund after it was added to the Plan; and (c) monitoring and retention of the Hewitt Growth Fund in the Plan's investment lineup during the period following its selection as a Plan investment option, (2) claims, including all defenses thereto, against all Defendants for liability for the alleged breaches of fiduciary duties of their co-fiduciaries under 29 U.S.C. § 1105(a), and (3) claims, including all defenses thereto, against Lowe's for breach of the ERISA duty to monitor appointed fiduciaries insofar as Lowe's allegedly: (a) failed to appropriately monitor and evaluate the performance of the Administrative Committee or have a system in place for doing so; (b) failed to monitor the process by which the Hewitt Growth Fund was selected and retained for the Plan; and (c) failed to remove the Administrative Committee or its members, whose performance was allegedly inadequate (Amended Compl. ¶ 92). *See also* Dkt. No. 58 (order granting in part and denying in part motion to dismiss). The Class Claims do not include the claims in Plaintiff's First Amended Complaint that the Court dismissed in its Order partially granting the motion to dismiss filed by Lowe's and the Administrative Committee (Dkt. No. 58) or any claims against the Individual Defendants that have been dismissed with prejudice under parties' Stipulation (Dkt. No. 94).

3. Plaintiff is typical of other class members with respect to the Class Claims, as he participated in the Plan during the class period and was treated consistently with other class members.

4. Plaintiff is adequate to represent the class, has diligently represented the interests of the class to date, and has no known conflicts with any class members. Plaintiff also has retained competent and experienced class counsel. *See Moreno v. Deutsche Bank Americas Holding Corp.*, 2017 WL 3868803, at *11 (S.D.N.Y. Sept. 5, 2017) ("Plaintiffs' counsel are experienced litigators who serve as class counsel in ERISA actions involving defined-contribution plans"). Neither Plaintiff nor his counsel have any interests that might cause them to refrain from vigorously pursuing the claims in this class action. Both Plaintiff and his counsel (i.e., Nichols Kaster, PLLP and Tharrington Smith, L.L.P.) are adequate to represent the class.

5. Class certification is appropriate with respect to the Class Claims under Fed. R. Civ. P. 23(b)(1)(A) because prosecuting separate actions against Defendants with respect to the common issues identified in Paragraph 2 above would create a risk of inconsistent or varying adjudications relating to those issues with respect to individual class members that would establish incompatible standards of conduct for Defendants.

6. Class certification is also appropriate with respect to the Class Claims under Fed. R. Civ. P. 23(b)(1)(B) because adjudications with respect to the common issues identified in Paragraph 6 as to individual class members, as a practical matter, would be dispositive of the interests of the other persons not parties to the individual

adjudications or would substantially impair or impede their ability to protect their interests relating to those issues.

7. Class certification has been granted in several other ERISA cases involving defined contribution plans, including at least three cases in this Circuit. *See, e.g.*, *Clark v. Duke Univ.*, 2018 WL 1801946 (M.D.N.C. Apr. 13, 2018); *Bowers v. BB&T Corp.*, 2017 WL 3730552 (M.D.N.C. Aug. 28, 2017); *Tatum v. R.J. Reynolds Tobacco Co.*, 254 F.R.D. 59 (M.D.N.C. 2008).[2]

8. Similar stipulations regarding class certification also have been approved in other ERISA cases involving defined contribution plans. *See Moitoso v. FMR LLC*, No. 1:18-cv-12122, Dkt. No. 83 (D. Mass. May 7, 2019); *Velazquez v. Mass. Fin. Srvs. LLC*, No. 1:17-cv-11249, Dkt. No. 94 (D. Mass. June 25, 2019); *Pledger v. Reliance Tr. Co.*, No. 1:15-cv-4444, Dkt. No. 101 (N.D. Ga. Nov. 7, 2017).

The Court further observes that, pursuant to the Stipulation, certification of the class is unopposed and subject to notice and comment from the members of the proposed class.

THEREFORE, IT IS HEREBY ORDERED that the following class is preliminarily certified pursuant to Federal Rule of Civil Procedure 23(b)(1):

---

[2] *See also, e.g., Vellali v. Yale Univ.*, 2019 WL 5204456 (D. Conn. Sept. 24, 2019); *Beach v. JPMorgan Chase Bank, Nat'l Ass'n*, 2019 WL 2428631 (S.D.N.Y. June 11, 2019); *Cunningham v. Cornell Univ.*, 2019 WL 275827 (S.D.N.Y. Jan. 22, 2019); *Cassell v. Vanderbilt Univ.*, 2018 WL 5264640 (M.D. Tenn. Oct. 23, 2018); *Henderson v. Emory Univ.*, 2018 WL 6332343 (N.D. Ga. Sept. 13, 2018); *Fuller v. SunTrust Banks, Inc.*, 2018 WL 3949698 (N.D. Ga. June 27, 2018); *Moreno v. Deutsche Bank Am. Holding Corp.,* 2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017); *Cryer v. Franklin Templeton Res., Inc.*, 2017 WL 4023149 (N.D. Cal. July 26, 2017); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2017 WL 2655678 (C.D. Cal. June 15, 2017); *Rozo v. Principal Life Ins. Co.*, 2017 WL 2292834 (S.D. Iowa May 12, 2017); *Leber, et al. v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145 (S.D.N.Y. 2017).

> All participants and beneficiaries of the Lowe's 401(k) Plan whose Plan account balances were invested in the Hewitt Growth Fund at any time on or after October 1, 2015, through the date of judgment, excluding Defendants, any of their directors, and any officers or employees of Defendants with responsibility for the Plan's investment or administrative functions.

Pursuant to Federal Rule of Civil Procedure 23(g), the Court also preliminarily appoints Nichols Kaster, PLLP and Tharrington Smith LLP as counsel for the class.

No later than November 13, 2020 parties shall submit a proposed class notice that includes at least a 30-day period for the preliminarily certified class members to object to the certification. Within 14 days after the objection deadline, the parties shall either inform the Court that no objections have been received (in which case this preliminary class certification order shall automatically become final), or respond to any such objections (in which case the Court will rule on the objections). In the event that certification becomes final, class members shall not have the opportunity to opt out of the class. *See McLaurin v. Prestage Foods, Inc.*, 271 F.R.D. 465, 472 n.5 (E.D.N.C. 2010) (citing, *inter alia*, *Ticor Title Ins. Co. v. Brown,* 511 U.S. 117, 121 (1994); 7AA Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 1784.1 (3d ed. 2005)).

**Order Regarding Dismissal of Individual Defendants**

Pursuant to the parties' Stipulation and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the Court further orders that Defendants Pat Belanger, Robin Bornkamp, Lance Cook, Matthew Eurey, David Green, Bob Ihrie, Mark Imhoff, Terry Johnson, Angela Kirby, Janice Little, Tiffany Mason, Colleen Penhall, Stacey Ryan, Kristie Shugart, Brandon Sink, Gregor Teusch, Jennifer Weber, John and Jane Does 1-20 are hereby dismissed with prejudice.

Signed: November 5, 2020

Kenneth D. Bell
United States District Judge