# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:18-CV-075-KDB-DCK

| | |
|---|---|
| **BENJAMIN REETZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| **LOWE'S COMPANIES, INC.,** | ) |
| **ADMINISTRATIVE COMMITTEE OF** | ) |
| **LOWE'S COMPANIES, INC., and AON** | ) |
| **HEWITT INVESTMENT CONSULTING, INC.** | ) |
| | ) |
| **Defendants.** | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Leave To File Motion To Compel Discovery From Defendant Aon Hewitt Investment Consulting, Inc. Under Seal" (Document No. 107) filed November 19, 2020. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, and noting Defendants' consent, the undersigned will grant the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

> **LCvR. 6.1  SEALED FILINGS AND PUBLIC ACCESS.**
>
> **(a)**  *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

> **(b)** *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.
>
> **(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:
>
>> **(1)** A non-confidential description of the material sought to be sealed;
>> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
>> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
>> **(4)** Supporting statutes, case law, or other authority.

Local Rule 6.1. It appears that the requirements of Local Rule 6.1(c)(1) through (4) have been adequately met.

By the instant motion, Plaintiff asserts that its "Memorandum Of Law In Support Of Plaintiff's Motion To Compel…" (Document No. 106-1) incorporates and attaches exhibits that Defendants Lowe's and AHIC have designated as confidential. (Document No. 107). Plaintiff "requests permission to file their memorandum and exhibits that contain Protected Material under seal" Id. Plaintiff does not specify which or how many documents need to be sealed, and has filed *all* of Document No. 106 and its twenty-seven (27) attachments under seal. Id.

To date, the only response filed to the pending motion to seal has been "Lowe's Defendants' Response As Designating Party In Support Of Plaintiff's Motion For Leave To File Motion To Compel Exhibits Under Seal" (Document No. 113). Lowe's Defendants request that the Court grant the motion to seal. (Document No. 113). Specifically, Lowe's Defendants contend

2

that there is no alternative to entirely sealing Document Nos. 106-4, 106-6, 106-7, 106-10, 106-15, 106-16, and 106-18. (Document No. 113, pp. 5-9).

Having considered the factors provided in Local Rule 6.1(c), the Court will grant the motion to seal. However, the undersigned is not persuaded that the totality of Plaintiff's pending motion and supporting documents should be sealed. Therefore, Plaintiff will be required to file publicly available versions of its motion and memorandum. In addition, Plaintiff is expected to file publicly available versions of all attachments the parties agree do <u>not</u> need to be sealed.

Noting that the time for public response has not run to this motion, the Court will consider any objection to this Order from non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure. <u>See</u> Local Rule 6.1(e).

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Leave To File Motion To Compel Discovery From Defendant Aon Hewitt Investment Consulting, Inc. Under Seal" (Document No. 107) is **GRANTED**. Document No. 106 and its attachments shall remain under seal until otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that Plaintiff shall file publicly available versions of its "…Motion To Compel Discovery…" (Document No. 106) and the "Memorandum Of Law In Support Of Plaintiff's Motion To Compel…" (Document No. 106-1) – redacted only to the extent necessary to protect material designated as Confidential – on or before **December 10, 2020**. In addition, Plaintiff shall file publicly available versions of all attachments the parties agree do <u>not</u> need to be sealed.

**SO ORDERED**.

Signed: December 3, 2020

David C. Keesler
United States Magistrate Judge