## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO. 5:18-cv-75-KDB-DCK

| | |
|---|---|
| Benjamin Reetz, individually and as the representative of a class of similarly situated persons, and on behalf of the Lowe's 401(k) Plan, <br><br> Plaintiff, <br><br> v. <br><br> Lowe's Companies, Inc., Administrative Committee of Lowe's Companies, Inc., and Aon Hewitt Investment Consulting, Inc., <br><br> Defendants. | Case No. 5:18-cv-00075-KDB-DCK <br><br><br> **MEMORANDUM OF LAW IN OPPOSITION TO LOWE'S DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

i

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................1

ARGUMENT......................................................................................................2

I.    Summary Judgment Should Be Denied as to the Prudence of the Process By Which the Committee Chose to Overhaul the Plan's Investment Structure...........................................3

II.    The Committee Did Not Engage in a Prudent Process for Selecting Aon as the Plan's Delegated Investment Manager........................................................................................9

     A.    ███████████████████████████████████...................................10

     B.    ███████████████████████████████....................11

     C.    ███████████████████████████████████.........................13

     D.    The "Meeting" between Two Committee Members and Mercer Does Not Excuse the Committee's Lack of Due Diligence with Respect to Hiring Aon............................16

III.    The Committee Breached Its Duty of Prudence By Failing to Prudently Monitor Aon in Connection with the Selection and Retention of the Aon Growth Fund, and the Transfer of Over $1 billion in Assets to that Fund..........................................................................20

IV.    Summary Judgment Should Be Denied as to Lowe's Corp.'s Monitoring of the Committee ...........................................................................................................25

CONCLUSION.................................................................................................27

# TABLE OF AUTHORITIES

**Cases**

Brundle v. Wilmington Tr. N.A.,
241 F. Supp.3d 610 (E.D.Va. 2017)...............................................................................3

Coyne & Delany Co. v. Selman,
98 F.3d 1457 (4th Cir. 1996).........................................................................................25

Cryer v. Franklin Res., Inc.,
2018 WL 6267856 (N.D. Cal. Nov. 16, 2018)...............................................................19

Dardaganis v. Grace Cap. Inc.,
889 F.2d 1237 (2d Cir. 1989)..........................................................................................3

DiFelice v. U.S. Airways, Inc.,
497 F.3d 410 (4th Cir. 2007).......................................................................................2, 3

Fink v. Nat'l Sav. & Tr. Co.,
772 F.2d 951 (D.C. Cir. 1985) .......................................................................................21

Harley v. Minnesota Mining & Mfg. Co.,
42 F. Supp. 2d 898 (D. Minn. 1999) ........................................................................21, 22

In re Atl. Fin. Mgmt., Inc., Sec. Litig.,
603 F. Supp. 135 (D. Mass. 1985)..................................................................................21

In re Meridian Funds Grp. Sec. & ERISA Litig.,
917 F. Supp. 2d 231 (S.D.N.Y. 2013) .............................................................................2

In re Morgan Stanley ERISA Litig.,
696 F. Supp. 2d 345 (S.D.N.Y. 2009) ...........................................................................25

Intravaia v. Nat'l Rural Elec. Coop. Ass'n,
2020 WL 58276 (E.D. Va. Jan. 2, 2020) .........................................................................3

Leigh v. Engle,
727 F.2d 113 (7th Cir. 1984)..........................................................................................25

Martin v. Feilen,
965 F.2d 660 (8th Cir. 1992)..........................................................................................19

Mazur v. Gaudet,
826 F. Supp. 188 (E.D. La. 1992) ....................................................................................8

*Perez v. WPN Corp.*,
    2017 WL 2461452 (W.D. Pa. June 7, 2017)..................................................... 21, 22, 23

*Plasterers' Local Union No. 96 Pension Plan v. Pepper*,
    663 F.3d 210 (4th Cir. 2011)............................................................................19

*Ramos v. Banner Health*,
    2019 WL 1777524 (D. Colo. Apr. 23, 2019)....................................................9

*Ramos v. Banner Health*,
    461 F. Supp. 3d 1067 (D. Colo. 2020) .............................................................9

*Reich v. Hosking*,
    1996 WL 182226 (E.D. Mich. Mar. 7, 1996) ..................................................8

*Scalia v. WPN Corp.*,
    417 F. Supp. 3d 658 (W.D. Pa. 2019) ........................................................23, 24

*Solis v. Webb*,
    931 F. Supp. 2d 936 (N.D. Cal. 2012)........................................................21, 22

*Stegemann v. Gannett Co., Inc.*,
    970 F.3d 465 (4th Cir. 2020)......................................................................9, 13

*Tatum v. R.J. Reynolds Tobacco Co.*,
    926 F. Supp. 2d 648 (M.D.N.C. 2013) .............................................................8

*Tatum v. RJR Pension Inv. Comm.*,
    761 F.3d 346 (4th Cir. 2014)...............................................................*passim*

*Wildman v. Am. Century Servs., LLC*,
    362 F. Supp. 3d 685 (W.D. Mo. 2019) ...........................................................14

## Rules, Regulations, and Statutes

29 U.S.C. § 1104..............................................................................................21

29 U.S.C. § 1104(a) ......................................................................................2, 14

29 U.S.C. § 1104(a)(1)(B).................................................................................1

29 U.S.C. § 1104(a)(1)(D).................................................................................12

29 U.S.C. § 1105(a)(2) .....................................................................................25

29 U.S.C. § 1105(d)(1)..................................................................................20, 21

iv

29 U.S.C. § 1105(d)(2)................................................................................................20, 21

29 C.F.R. § 2509.75-8..............................................................................................21, 22

**<u>Other Authorities</u>**

Bogert's The Law of Trusts and Trustees § 557.........................................................21

Department of Labor, Meeting Your Fiduciary Responsibilities, Sept. 2017,
https://www.dol.gov/sites/dolgov/files/ebsa/about-ebsa/our-activities/resource-
center/publications/meeting-your-fiduciary-responsibilities.pdf.................................21

Restatement (Third) of Trusts § 80 (2007).........................................................21, 22

Restatement (Third) of Trusts § 90(c)(2) (2007).....................................................13

Restatement (Third) of Trusts § 90, cmt. d ...............................................................2

## INTRODUCTION

This Court should deny the cross-motion for summary judgment filed by Lowe's Companies, Inc. ("Lowe's Corp.") and its Administrative Committee (the "Committee") (collectively, "Lowe's").[1] Although Aon bears significant responsibility for the matters giving rise to this action, Lowe's cannot wash its hands of its own imprudence. Having let the fox into the proverbial henhouse by ████████████████████████████ appointing Aon as the delegated investment manager for the Lowe's 401(k) Plan (the "Plan"), Lowe's cannot now proclaim its innocence for the events that followed. Among other things, the record reflects that:



While these may be matters of simple negligence rather than intent,[2] Lowe's remains liable for its imprudent conduct under ERISA. *See* 29 U.S.C. § 1104(a)(1)(B). As the Fourth Circuit has explained, "a pure heart and an empty head are not enough" to satisfy ERISA's exacting fiduciary

---

[1] Plaintiff filed his own summary judgment motion against both Lowe's and Aon Hewitt Investment Consulting, Inc. ("Aon") on the same date. *See Doc. 136*.
[2] Based on discovery in this case, Plaintiff does not intend to continue to press a breach of loyalty claim against Lowe's, as he does against Aon.

1

standards. *DiFelice v. U.S. Airways, Inc.*, 497 F.3d 410, 218 (4th Cir. 2007). Indeed, the Fourth

Circuit has affirmed liability for breach of the fiduciary duty of prudence under circumstances ███

███████████. *See Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 356 (4th Cir. 2014)

(affirming breach of procedural prudence where plan fiduciaries exhibited a "lack of effort" by

relying on "unconfirmed assumptions" and a failing to "consider[] an alternative" course of

action). Accordingly, the Court should grant Plaintiff's partial motion for summary judgment and

deny Lowe's motion in full.[3]

## ARGUMENT

Under ERISA, the "focus is on whether the fiduciary engaged in a reasonable decision-

making process." *Tatum*, 761 F.3d at 356 (citation and internal bracket omitted). The statute does

not prescribe a "uniform checklist," *id.* at 358, but it is not without standards. Indeed, ERISA's

fiduciary duties have been described as "the highest known to the law." *Id.* at 356 (citation and

quotation marks omitted).

In order to satisfy its duty a prudence, a fiduciary must act with the "care, skill, prudence,

and diligence … that a prudent man acting in a like capacity and familiar with such matters would

use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a).

████████████████████████████████████████████████████; *see also*

Restatement (Third) of Trusts § 90, cmt. d (standard of care "may require knowledge and

experience greater than that of an individual of ordinary intelligence"); *In re Meridian Funds Grp.*

*Sec. & ERISA Litig.*, 917 F. Supp. 2d 231, 240 (S.D.N.Y. 2013) (stating that fiduciary conduct "is

measured against hypothetical sophisticated and prudent investment professionals").

---

[3] Lowe's Corp. cannot disclaim responsibility for the Committee's conduct in light of its
stipulation that it "will be responsible for any judgment entered in the case based on the actions or
omissions of the [Committee] or [Committee members]." *Doc. 94 at 2*.

2

In evaluating whether a fiduciary has met this standard, certain basic principles apply. *See Doc. 136-1 at 14-16 ("Plf SJ Memo")*. First, a "lack of effort" is fundamentally at odds with ERISA's duty of prudence. *See Tatum*, 761 F.3d at 360. This includes reliance on "unconfirmed assumption[s]" and a failure to "consider[] an alternative" course of action. *Id.* at 358-59. Second, failure to adhere to governing Plan documents, such as the Plan's Investment Policy Statement ("IPS") is also "evidence of *imprudent* conduct." *Id.* at 358 n.7 (emphasis in original) (citing *Dardaganis v. Grace Cap. Inc.*, 889 F.2d 1237, 1241 (2d Cir. 1989)). Finally, although a fiduciary may seek assistance from outside experts in carrying out its duties, including by "appointing an independent expert," *id.* at 358, "independent advice is not a 'whitewash,'" *DiFelice*, 497 F.3d at 421; *see also Intravaia v. Nat'l Rural Elec. Coop. Ass'n*, 2020 WL 58276, at *2 (E.D. Va. Jan. 2, 2020). ERISA requires a fiduciary to "ask questions, probe its own experts, and jealously guard its independence." *Brundle v. Wilmington Tr. N.A.*, 241 F. Supp.3d 610, 643 (E.D.Va. 2017), *aff'd*, 919 F.3d 763 (4th Cir. 2019).

I.  **Summary Judgment Should Be Denied as to the Prudence of the Process By Which the Committee Chose to Overhaul the Plan's Investment Structure**

The Committee's decision to adopt Aon's proposed investment structure was inconsistent with these well-established principles. ████████████

████████████████████████████████████████

████████████████████████████████████████ ███

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[4] All new exhibits cited herein are attached to the accompanying Declaration of Brock Specht.

█████████████████████████████████████████████████████ █████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

███████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

---

[5] Lowe's notes that "the new lineup has been praised by multiple investment professionals." *Lowe's SJ Memo at 21 n.3.* Lowe's omits a critical fact: █████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████ █████████████████████████████

[black redaction bar]

[black redaction bar]

[black redaction bar]

[black redaction bar]

[black redaction bar]

[black redaction bar]

[black redaction bar]

[black redaction bar]

[black redaction bar]

[black redaction bar]

[black redaction bar]

[black redaction bar]

Had the Committee conducted a prudent investigation, it would have realized that there was no need for the radical restructuring proposed by Aon. [black redaction bar]

[black redaction bar]

[black redaction bar]

[black redaction bar]

[black redaction bar]

[black redaction bar]

[black redaction bar]

[black redaction bar]

[black redaction bar]

[black redaction bar]

5





the Plan's target-date funds remained unchanged in the new structure. *Doc. 135-7 at REETZ0000768; Doc. 135-8 at REETZ0000819.*

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████

Despite all this, Lowe's argues that the Committee fulfilled its duty of prudence because Committee members showed up to meetings ████████████████. *Lowe's SJ Memo at 18* (noting that the Committee attended "numerous full Committee meetings," "reviewed at least four reports," ████████████████████████████████████████████

████████). But ERISA requires more than a good attendance record. *See Reich v. Hosking*, 1996 WL 182226, at *4 (E.D. Mich. Mar. 7, 1996) ("[A]n ERISA trustee is obligated to do more than simply attend the meetings and rely on the accountant's annual audits. The trustees have an independent duty to comply with ERISA.") (quoting *Mazur v. Gaudet*, 826 F. Supp. 188, 192 (E.D. La. 1992)); *see also Tatum v. R.J. Reynolds Tobacco Co.*, 926 F. Supp. 2d 648, 678-80 (M.D.N.C. 2013) (recognizing that "additional discussions and meetings" alone are not "evidence of any additional procedures or processes used by [plan fiduciaries]"), *aff'd in part, vacated in part, rev'd in part sub nom. Tatum*, 761 F.3d 346.

Nor can the Committee simply pass the buck to Aon.[7] The Committee was required to

---

[7] Lowe's claims that "the Committee did not just blindly accept the information it received from Aon." *Lowe's SJ Memo at 19*. But ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

"make certain that reliance on the expert's advice is reasonably justified under the circumstances." *Ramos v. Banner Health*, 461 F. Supp. 3d 1067, 1124 (D. Colo. 2020); *see also supra* at 3 (citing Fourth Circuit case law). ██████████████████████████████████

████████████████████████████████████████████████

███

███████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████

Of course, Lowe's disagrees. But there is undoubtedly a genuine dispute of material fact about "the thoroughness of the [Committee's] investigation into the merits of" the plan structure overhaul. *See Stegemann v. Gannett Co., Inc.*, 970 F.3d 465, 474 (4th Cir. 2020) (quotation omitted). For that reason, Lowe's motion should be denied. *See Ramos v. Banner Health*, 2019 WL 1777524, at *10 (D. Colo. Apr. 23, 2019) ("The parties offer differing views of what a prudent process would be….Such evidence is sufficient to create a genuine dispute of material fact that must be resolved at trial.").

## II. The Committee Did Not Engage in a Prudent Process for Selecting Aon as the Plan's Delegated Investment Manager

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████



██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████ hiring Aon was merely an

afterthought. As Lowe's states in its brief, with almost no elaboration, "[t]he Committee *also*

decided to move forward with the process of potentially engaging Aon as the delegated investment

manager." *Lowe's SJ Memo at 9, ¶ 24* (emphasis added).

**A.**  ████████████████████████████████████

The basis for Aon's "potential" engagement[8] is not explained, █████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████ █████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

---

[8] ████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████

　　████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ The Fourth Circuit has emphasized that "ERISA requires fiduciaries to undertake a reasoned decision-making process *prior* to making such decisions." *Tatum*, 761 F.3d at 369 (emphasis in original).

**B.**　████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████ *See Tatum*, 761 F.3d at 358 n.7; *Plf SJ*

*Memo at 25*. Indeed, adherence to Plan documents like the IPS is considered so fundamental that

it is explicitly required under the statute. *See* 29 U.S.C. 1104(a)(1)(D).

The only time Lowe's engages with its obligations under the then-existing IPS is a passing

suggestion in its Statement of Undisputed Material Facts that "[t]he 2010 IPS was not binding on

the Committee; rather, it was 'intended to be a guide.'" *Lowe's SJ Memo at 3, ¶ 4*. Lowe's offers

no further elaboration on this idea, and ██████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

**C.** ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████ it is Plaintiff—not Lowe's—

who is entitled to summary judgment with regard to the decision to retain Aon. *See Tatum*, 761 F.3d at 369 (holding that investment decision made "with virtually no discussion or analysis, without consideration of any alternative strategy" is procedurally imprudent) (quotation omitted). *Stegemann*, 970 F.3d at 474 (ERISA fiduciary has affirmative "duty to investigate"); Restatement (Third) of Trusts § 90(c)(2) (2007) (named fiduciary must "act with prudence in deciding whether

---

10 ███████████████████████████████████████████████

███████████████████████████████████████████

*and how* to delegate authority) (emphasis added).[11]



it is clear that the Committee did not exercise the level of prudence and diligence that is the standard of care in the industry. *See* 29 U.S.C. § 1104(a) (ERISA fiduciary must act with the "care, skill, prudence, and diligence … that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims").

---

[11] The caselaw cited by Lowe's is not to the contrary. *Lowe's SJ Memo at 23-24.* ▮▮▮ *Tatum*, 761 F.3d at 360-61, ▮▮▮ *Wildman v. Am. Century Servs., LLC*, 362 F. Supp. 3d 685, 705 (W.D. Mo. 2019). Lowe's cites no case upholding ▮▮▮ ▮▮▮, rather than ▮▮▮ a prudent process. No such case exists.
[12] ▮▮▮
[13] ▮▮▮
[14] ▮▮▮
[15] ▮▮▮
[16] ▮▮▮

14

Paragraph 24 of Lowe's Statement of Undisputed Material Facts contains the entirety of the Committee's basis for "moving forward" with appointing Aon as the Plan's delegated investment manager. Lowe's claims that "[t]he Committee questioned Aon about its services and fees" ████████████████████████ *Lowe's SJ Memo at 9, ¶ 24.* However, ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████

Lowe's brief contains only one justification for the Committee's selection of Aon as the Plan's new delegated investment manager: "Robert Ihrie, the Committee Chairman, believed Aon was well-suited for the role ████████████████████████████████████

████████████████████████ *Lowe's SJ Memo at 9, ¶ 24.*[17] This statement exemplifies the Committee's imprudence. First, it illustrates the absence of any fiduciary process underlying the decision. ████████████████████████████████████████████

████████████ Lowe's relies on an off-the-cuff piece of testimony from one Committee member.

---

[17] Lowe's later asserts that "by 2014, the Committee had a deep understanding of Aon's reputation, areas of expertise, and its investment-related services, all of which made Aon well-qualified for the position." *Lowe's SJ Memo at 21-22.* However, Lowe's provides no evidence to support this claim. As discussed *supra*, Paragraph 24 of Lowe's brief provides no such evidence. ████████

████████████████████████████████████████████████████████

████████████████████

There is no evidence that the Committee shared Ihrie's opinion. Second, this justification is

meritless. ████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████

### D. The "Meeting" between Two Committee Members and Mercer Does Not Excuse the Committee's Lack of Due Diligence with Respect to Hiring Aon

Lowe's cannot excuse the Committee's lack of due diligence by pointing to a single

meeting between two Committee members and Mercer. ███████████████████████████

████████████████████████████████████████████████████████

███████████ *Lowe's SJ Memo at 22*; *see also id. at 25* (claiming that the Committee addressed

Aon's conflict of interest by "independently solicit[ing] a proposal from Mercer"). But there is no

evidence that ████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████



---

18 ██████████████████████ Lowe's assertion that "[t]he Committee told Aon that Committee members would be meeting with Mercer" has no support in the record. *See Lowe's SJ Memo at 10, ¶ 29.* Lowe's cites nothing indicating that the Committee—as opposed to Ihrie, individually— was engaged in the Mercer discussion.

19 ████████████████████████████████████████████████
████████████████████████████████

17

Case 5:18-cv-00075-KDB-DCK    Document 163    Filed 01/18/21    Page 22 of 32



Lowe's understands that a diligent, thorough evaluation of potential alternative courses of action is essential to a prudent process. *See Tatum*, 761 F.3d at 369 (failure to consider "any

alternative strategy" constitutes evidence of imprudence); *Plasterers' Local Union No. 96 Pension Plan v. Pepper*, 663 F.3d 210, 216 n.8 (4th Cir. 2011) (ERISA's duty of prudence includes a "duty to investigate, research, and *review the options* for investment of Plan assets") (emphasis added); *Plf SJ Memo at 30-31 & n.37* (citing additional authorities).[23] █████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████ Plaintiff's motion for partial summary judgment

should be granted, and Lowe's summary judgment motion should be denied, on this issue.[25]

---

[23] *See also Martin v. Feilen*, 965 F.2d 660, 671 (8th Cir. 1992) ("[C]ourts should look closely at whether the fiduciaries investigated *alternative actions*[.]") (emphasis added); *Cryer v. Franklin Res., Inc.*, 2018 WL 6267856, at *9 (N.D. Cal. Nov. 16, 2018) ("The reasonably prudent fiduciary standard merely requires that fiduciaries reach a well-reasoned decision after weighing the risks and benefits and *considering other alternatives*.") (emphasis added).

[24] █████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

**III.** **The Committee Breached Its Duty of Prudence by Failing to Prudently Monitor Aon in Connection with the Selection and Retention of the Aon Growth Fund, and the Transfer of Over $1 Billion in Assets to that Fund**

The Committee also breached its fiduciary duties with respect to the selection of the Aon Growth Fund for the Plan. ███████████████████████████████████ Notably, Lowe's does not contend that the Committee engaged in a diligent and thorough evaluative process; instead, Lowe's disclaims any responsibility and seeks to pass the buck entirely to Aon. *See Lowe's SJ Memo at 25-29.* This argument fails because it ignores the Committee's duty to monitor Aon as a delegated fiduciary, and in fact concedes that the Committee did no such monitoring. Accordingly, partial summary judgment should be granted against the Committee for breaching its duty of prudence by failing to monitor Aon's selection of the Aon Growth Fund for the Plan and subsequent transfer of over $1 billion in Plan assets to that fund. *See Plf SJ Memo at 27-31.*

Lowe's is correct that investment authority can be delegated from a named fiduciary to a delegated fiduciary. *Lowe's SJ Memo at 25-27* (citing 29 U.S.C. § 1105(d)(1)). But Lowe's makes no mention of the resulting allocation of responsibility: the delegating fiduciary retains a duty to prudently monitor the delegated fiduciary to ensure that its actions are consistent with ERISA's fiduciary standards. *See* 29 U.S.C. § 1105(d)(2) ("Nothing in this subsection shall relieve any trustee of any liability under this part for any act of such trustee."). Consequently, the Committee retained a duty to monitor Aon to ensure that the fund it used to implement the growth strategy was a "prudent investment for the plan":

> Because it delegated to [Aon] the fiduciary duty to administer the Plan's assets according to agreed upon terms relating to that investment, [the Committee] is not subject to liability for acts or omissions of the managers that contravene those terms. This does not relieve [the Committee] of its oversight responsibilities, however. [The Committee] hired [Aon] to implement [Aon's] strategy; whether

███████████████████████████████████████████████████

that strategy was prudent throughout the relevant period remains within [the Committee's] domain of responsibility. As such, [the Committee] had a duty to monitor the investment to ensure that it remains a prudent investment for the plan.

*Harley v. Minnesota Mining & Mfg. Co.*, 42 F. Supp. 2d 898, 908 n.13 (D. Minn. 1999) (citations and quotation marks omitted). There is consensus on this oversight responsibility among the many courts that have considered this issue.[26] The preeminent treatises on the law of trusts also agree.[27]

Applying guidance issued by the Department of Labor ("DOL") on this issue, one court stated that "the *minimum requirement*" for an appointing fiduciary is as follows:

- the appointing authority must adopt routine monitoring procedures;
- the appointing authority must adhere to the routine monitoring procedures;
- the appointing authority must review the results of the monitoring procedures;
- the monitoring procedures must alert the appointing authorities to possible deficiencies; and
- the appointing authority must act to take required corrective action.

*Perez v. WPN Corp.*, 2017 WL 2461452, at *13 (W.D. Pa. June 7, 2017) (applying 29 C.F.R. § 2509.75-8, subsection FR-17).[28] Accordingly, "an appointing authority that has instituted proper monitoring procedures has the corresponding duty to review and evaluate what is reported by the

---

[26] *See, e.g.*, *Perez v. WPN Corp.*, 2017 WL 2461452, at *9 (W.D. Pa. June 7, 2017) ("[E]ven with the appointment of an investment manager the fiduciary still had an obligation to supervise and monitor the investments.") (citation and quotation marks omitted); *Solis v. Webb*, 931 F. Supp. 2d 936, 953 (N.D. Cal. 2012) ("Implicit within the duty to select and retain fiduciaries is a duty to monitor their performance."); *In re Atl. Fin. Mgmt., Inc., Sec. Litig.*, 603 F. Supp. 135, 138 (D. Mass. 1985) ("ERISA trustees are not totally shielded by 29 U.S.C. § 1105(d)(1) from liability for general oversight of the administration imposed by 29 U.S.C. § 1104"); *Fink v. Nat'l Sav. & Tr. Co.*, 772 F.2d 951, 956 (D.C. Cir. 1985) ("However, even where an investment manager has been appointed, trustees' fiduciary duties are not abrogated") (citing 29 U.S.C. § 1105(d)(2)).

[27] Restatement (Third) of Trusts § 80 (2007) ("The trustee then has a further duty to act with prudence in supervising or monitoring the agent's performance and compliance with the terms of the delegation."); Bogert's The Law of Trusts and Trustees § 557 ("The trustee has the further duty to ascertain within a reasonable time whether the agent has properly carried out the function of the delegation.").

[28] The DOL has affirmed this guidance elsewhere, advising that even when a plan fiduciary appoints an investment manager, the plan fiduciary "is required to monitor the manager periodically to assure that it is handling the plan's investments prudently and in accordance with the appointment." Department of Labor, Meeting Your Fiduciary Responsibilities, Sept. 2017, at 3, *available at* https://www.dol.gov/sites/dolgov/files/ebsa/about-ebsa/our-activities/resource-center/publications/meeting-your-fiduciary-responsibilities.pdf.

procedures and further, to take corrective action when required." *Perez*, 2017 WL 2461452, at *13; *see also* Restatement (Third) of Trusts § 80 (2007) ("Upon discovering a breach of duty by the agent (Comment g), the trustee has a duty to take reasonable steps to remedy it."). And where the delegated fiduciary is subject to conflicts of interest that were knowable to the named fiduciary, the appointing fiduciary must "take even greater care in understanding, evaluating, and monitoring the overall investment strategy." *Harley*, 42 F. Supp. 2d at 908 n.14.

Lowe's fails to even acknowledge the existence of this duty. *See Lowe's SJ Memo at 25-27*. As a result of this blind spot, numerous statements in its brief are inconsistent with applicable law. *Compare id. at 27* ("Aon alone is responsible for any alleged breach of fiduciary duty regarding the [Aon Growth Fund's] selection and monitoring.") *with Perez*, 2017 WL 2461452, at *9 ("[E]ven with the appointment of an investment manager the fiduciary still had an obligation to supervise and monitor the investments.") (citation and quotation marks omitted).

By ignoring the Committee's duties, Lowe's essentially concedes liability on this issue. Lowe's makes no contention that the Committee conducted any monitoring of Aon with respect to the selection of the Growth Fund, or any monitoring of Aon at all. *See Lowe's SJ Memo at 25-27*. ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ████████████████████ Partial summary judgment can be granted against the Committee solely on this basis. *See Solis v. Webb*, 931 F. Supp. 2d 936, 955 (N.D. Cal. 2012) ("The Court rejects Defendants' argument that appointment of [a delegated investment manager] wholly insulates them from fiduciary liability under ERISA.").

The facts and circumstances of this case further demonstrate that the Committee failed to prudently monitor the selection of the Aon Growth Fund. *See* 29 C.F.R. § 2509.75-8, subsection

FR-17 (prudent review of delegated fiduciary's performance will "vary in accordance with the nature of the plan and other facts and circumstances relevant to the choice of the procedure"); *see also Scalia v. WPN Corp.*, 417 F. Supp. 3d 658, 670 (W.D. Pa. 2019). Among other things, "the standard focuses on the extent to which plan fiduciaries at a given point in time reasonably could have predicted the outcome that followed." *Scalia*, 417 F. Supp. 3d at 670 (citation and quotation marks omitted). ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *See Perez*, 2017 WL 2461452, at *12. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████



plainly violated the Committee's duty to prudently monitor the Plan's delegated fiduciary. *See Scalia*, 417 F. Supp. 3d at 669 ("A fiduciary's [monitoring] process must bear the marks of loyalty, skill, and diligence expected of an expert in the field. It is not enough to avoid misconduct, kickback schemes, and bad-faith dealings. The law expects more than good intentions. [A] pure heart and an empty head are not enough.") (citations and quotation marks omitted). Consequently, Lowe's

motion for summary judgment should be denied on this issue as well. To the contrary, the Committee is jointly and severally liable with Aon as a co-fiduciary. *See* 29 U.S.C. § 1105(a)(2).

## IV. Summary Judgment Should Be Denied as to Lowe's Corp.'s Monitoring of the Committee

Finally, this Court should deny summary judgment as to Count II of the First Amended Complaint regarding the monitoring of the Committee by Lowe's Corp. As an initial matter, Lowe's has stipulated that Lowe's Corp. "will be responsible for any judgment entered in the case based on the actions or omissions of the [Committee] or [Committee members]." *Doc. 94 at 2*. This renders Lowe's Corp.'s motion on this issue functionally moot.

Even in the absence of this stipulation, Lowe's Corp. would not be able to wash its hands of the Committee's conduct. Under ERISA, a monitoring fiduciary must ensure that its appointed fiduciaries are prudently fulfilling their fiduciary obligations. *See Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1465 & n.10 (4th Cir. 1996) (finding that a duty to appropriately monitor appointees accompanies the power of a fiduciary to appoint, retain or remove plan fiduciaries); *Leigh v. Engle*, 727 F.2d 113, 135 (7th Cir. 1984) (monitoring fiduciaries are "not obliged to examine every action taken by [the appointees], but...[are] obliged to take prudent and reasonable action to determine whether the administrators were fulfilling their fiduciary obligations"). ███████████

████████████████████████████████████████████████

████████████████████████████████████████████████

A clear breach of the duty to monitor occurs where there is "no system [] in place to review and evaluate the performance of their appointees or that potential breaches were otherwise going unaddressed." *In re Morgan Stanley ERISA Litig.*, 696 F. Supp. 2d 345, 366 (S.D.N.Y. 2009). ███

███████████████████████



Unsurprisingly, Lowe's disagrees. *See Lowe's SJ Memo at 29-31*. This is a genuine dispute of material fact that must be resolved at trial, to the extent it is necessary to decide the issue at all in light of the parties' stipulation.

## CONCLUSION

For the foregoing reasons, Lowe's motion for summary judgment should be denied, and the Court should enter partial summary judgment in favor of Plaintiff as to the issues addressed in Plaintiff's summary judgment motion.

Respectfully Submitted,

Dated: January 18, 2021

**NICHOLS KASTER, PLLP**
/s/ Brock J. Specht
Kai H. Richter, MN Bar No. 0296545*
Paul J. Lukas, MN Bar No. 22084X*
Brock J. Specht, MN Bar No. 038834*
Mark E. Thomson, MN Bar No. 0398260*
Patricia C. Dana, MN Bar No. 400803*
*admitted pro hac vice*

4700 IDS Center
80 S 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
krichter@nka.com
lukas@nka.com
bspecht@nka.com
mthomson@nka.com
pdana@nka.com

**THARRINGTON SMITH, L.L.P.**
F. Hill Allen, N.C. Bar No. 18884
Post Office Box 1151
150 Fayetteville Street
Raleigh, N.C. 27602-1151
Telephone: (919) 821-4711
Fax: (919) 829-1583
Email: hallen@tharringtonsmith.com

*Attorneys for Plaintiff and the Class*