IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:18-CV-00075-KDB-DCK

| | |
|---|---|
| BENJAMIN REETZ,<br><br>    Plaintiff,<br><br>v.<br><br>LOWE'S COMPANIES, INC.;<br>ADMINISTRATIVE<br>COMMITTEE OF LOWE'S<br>COMPANIES, INC.; AND AON<br>HEWITT INVESTMENT<br>CONSULTING, INC.,<br><br>    Defendants. | **ORDER** |

    **THIS MATTER** is before the Court on the Plaintiff's Motion for Partial Summary Judgment (Doc. No. 134), Defendant Lowe's Companies, Inc. and Administrative Committee of Lowe's Companies, Inc.'s (together "Lowe's") Motion for Summary Judgment (Doc. No. 137) and Defendant Aon Hewitt Investment Consulting, Inc.'s ("Aon") Motion for Summary Judgment (Doc. No. 140).

    Summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. *Smith v. Collins*, 964 F.3d 266, 274 (4th Cir. 2020). "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015) (quoting 10A Charles Alan

1

Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)). "The court therefore cannot weigh the evidence or make credibility determinations." *Id*. at 569 (citing *Mercantile Peninsula Bank v. French* (*In re French*), 499 F.3d 345, 352 (4th Cir. 2007)). "When faced with cross-motions for summary judgment, the court must review each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law.'" *Rossignol v. Voorhaar,* 316 F.3d 516, 523 (4th Cir. 2003) (citation omitted).

In reviewing the Parties' more than 250 pages of supporting, opposition and reply briefs (together with untold pages of exhibits), one point is abundantly clear – there are multiple genuinely disputed issues of material facts that make summary judgment for any party inappropriate. In general, the Parties do not dispute the well-established legal principles governing the alleged breaches of Defendants' fiduciary duty under ERISA with respect to Lowe's 401(k) plan (the "Plan"), which the Court has previously described. *See* Doc. No. 58. Rather, they argue about the application of stridently disputed facts to those standards.

In Lowe's and Aon's telling, the decision to change the structure of investment choices in the Plan, to delegate authority to choose those investments to its investment consultant Aon as a new delegated investment manager and the selection of one of Aon's proprietary funds to replace numerous existing investment options was the result of a careful, deliberate and thoughtful process conducted with upmost loyalty and prudence. Plaintiff's version of events is markedly different. He contends that Lowe's was led to blindly make unnecessary changes to the Plan by self-interested Aon consultants who sought to promote Aon's fledgling investment management business and seed their unproven and ultimately unsuccessful proprietary funds with more than $1 billion in investments from the Plan. Thus, according to Plaintiff, the challenged changes to the Plan reflected wholesale disloyalty and imprudence.

Who has the better evidence? Where does the truth truly lay? These questions cannot and should not be determined on cross-motions for summary judgment. Instead, the answers must be found at trial, where the Court will have a full opportunity to weigh the evidence and assess the credibility of the witnesses. Therefore, the Court finds that none of the parties have proven an entitlement to summary disposition of this matter,[1] and the Court will **DENY** all the cross-motions for summary judgment.

### ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Parties' Cross-Motions for Summary Judgment (Doc. Nos. 134, 137 and 140) are **DENIED; and**

2. This case shall **proceed to trial on the merits** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 12, 2021

Kenneth D. Bell
United States District Judge

---

[1] Plaintiff notes that Lowe's agreement to be responsible for any liability of its Administrative Committee makes moot Plaintiff's claims in Count II (and perhaps otherwise). The Court encourages the Parties to streamline their presentation and arguments at trial in accordance with this acknowledgement.