IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:18-CV-00075-KDB-DCK

| | |
|---|---|
| BENJAMIN REETZ,<br><br>    Plaintiff,<br><br>v.<br><br>LOWE'S COMPANIES, INC.;<br>ADMINISTRATIVE<br>COMMITTEE OF LOWE'S<br>COMPANIES, INC.; AND AON<br>HEWITT INVESTMENT<br>CONSULTING, INC.,<br><br>    Defendants. | ORDER |

**THIS MATTER** is before the Court on Plaintiff's Motion to Strike (Doc. No. 121) and Defendant Aon Hewitt Investment Consulting, Inc.'s ("Aon") Motions in Limine to Exclude Expert Testimony of David Donaldson and Marcia S. Wagner (Doc Nos. 173, 174). The Court has carefully considered these motions and the parties' related briefs and exhibits. For the reasons discussed below, the Court will GRANT in part and DENY in part the motion to strike and defer ruling on the motions to exclude the experts' testimony until the Court has the opportunity to consider their testimony at trial.

## Motion to Strike

After 9 p.m. on November 19, 2020, the final day of the discovery period set by the Court, Defendants Lowe's Companies, Inc. and the Administrative Committee of Lowe's Companies, Inc. ("Lowe's") served amended disclosures under Rule 26(a) identifying 35 additional individuals who may have information that Lowe's "may use to support its claims or defenses." *See* Fed. R.

1

Civ. P. 26(a)(1)(A)(i). Plaintiff claims this disclosure was untimely and asks the Court to "strike" the disclosure as unjustified and prejudicial, thereby preventing the potential witnesses from testifying at trial. Lowe's responds that Plaintiff already knew about the individuals from document production and other discovery and the disclosure at the very end of the discovery period was accordingly harmless (or could be made harmless by permitting additional discovery). Following the filing of the motion, the Parties have narrowed their dispute[1] to three third party witnesses -  Billy Welsh and Christopher Jarmusch from Gallagher Fiduciary Advisors and Jennifer Osborne from Wells Fargo.

The Court will not belabor its discussion of this dispute.  Lowe's cannot seriously or credibly contend that disclosing almost three dozen potential witnesses shortly before the clock struck midnight on the last day of the discovery period was timely, "substantially justified" or even a good faith effort to respond to what the Advisory Committee Notes to Rule 26(a) describe as "the functional equivalent of court-ordered interrogatories." *See* Comments to 1993 Amendment to Federal Rule of Civil Procedure 26 at Subdivision A, Paragraph 1. Lowe's belated identifications were plainly not a genuine effort to comply with any ***disclosure*** obligation – disclosure when Plaintiff could do no further discovery would have a decidedly limited benefit. Rather, Lowe's amendment of the Rule 26 disclosures was simply an effort to paper over the record to hopefully avoid being prohibited from calling the additional disclosed witnesses at trial.

Lowe's suggests that it had no obligation to amend the disclosures because the individuals had been identified in "thousands" of documents or were otherwise discussed in depositions or expert reports. First, while it would be wrong to impose any sanction on the failure to "disclose"

---

[1] Lowe's has agreed to withdraw 22 individuals from its disclosure (Akinjide Falaki, Angela Kirkby, Stacey Ryan, Brandon Sink, Jennifer Weber, Chris Ahearn, Mark Imhoff, Kristen Thompson, Marshall Croom, Randy Moon, Dana Brown, Rod Bare, James O'Connor, Bo Abesamis, James Veneruso, Beau Morrison, Brandi Wust, Kelly Waldner, Brian Donoghue, Isaac Buchen, David Cantor, and Eric Guerci). Plaintiff has in turn agreed not to pursue the motion as to the remaining ten individuals from Lowe's Administrative Committee and Aon.

potential witnesses at the very center of a case (such as individual parties), there is no exception in the language of Rule 26(a) for "witnesses the other side should already know about" and the Rule 26(a) identification of such clearly expected witnesses is in fact routine if not nearly universal. Moreover, the more "well known" the likelihood that a witness may be called to "support [a party's] claims or defenses" then the easier it is for that party to identify the witness well in advance of the discovery deadline. Finally, it is critical to the fair and efficient litigation of civil disputes that the parties use their disclosures and discovery responses to actually narrow the scope of further discovery and trial preparation, particularly in large commercial disputes involving what is often an almost infinite number of potential supporting witnesses identified among hundreds of thousands if not millions of pages of documents.

However, in light of the Parties' narrowing of the dispute to only three witnesses (none of whom were newly revealed in the amended disclosures), Plaintiff's strident position that the Court is required to prohibit the witnesses' testimony, despite an obvious opportunity to rectify any alleged prejudice by a prompt agreement to conduct additional targeted discovery, is far from praiseworthy. Indeed, an unreasonable and uncompromising insistence on the strictest application of the rules with the clear effect of thwarting the search for a true decision on the merits is no less gamesmanship than the original sin. "Gotcha" is not and cannot be a guiding principle for the application of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1 ("[The rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding.").

Accordingly, applying the multi-factor balancing test of *Southern States Rack & Fixture, Inc. v. Sherwin–Williams Co.,* 318 F.3d 592, 595 (4th Cir. 2003), [2] the Court exercises its discretion to find that while the belated disclosure was not "substantially justified," it was "harmless" in the specific context of this action. *See* Fed. R. Civ. P. 37(c)(1).[3] Although Plaintiff may not have known that Lowe's would potentially use the Gallagher witnesses, he ought not to have been "surprised" (factor 1) by that development in light of the fact their roles were noted in expert reports as well as depositions. This is also true, but less so, with respect to the Wells Fargo witness. While Wells Fargo's role with respect to the Lowe's ERISA Plan was known, the disclosed witness was only apparently mentioned in documents, so her particular role and relevance to the dispute may not be fully known to Plaintiff (and indeed it is not clear to the Court from the limited record of the motion).

Further, in this case, the second factor – the ability of the disclosing party to cure the surprise – is significant. As noted, there are only three witnesses in dispute, all of which can easily be deposed long before the scheduled trial of the case in May 2021. Also, with respect to Ms.

---

[2] In exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. *Southern States*, 318 F.3d at 596–97.

[3] The Court recognizes that the Rule 37(c) advisory committee notes discuss that the "'automatic sanction' of exclusion 'provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence,'" *see Southern States*, 318 F.3d at 592 n. 2 (quoting Fed. R. Civ. P. 37(c) advisory committee note, 1993 Amendment). However, the text of the rule specifically states that the sanction will not be applied if the failure to disclose was either "substantially justified or harmless," indicating that the Court should engage in a more nuanced consideration of whether to apply the harsh sanction of disallowing potentially relevant evidence.

4

Osborne, the Court will require Lowe's to promptly provide Plaintiff with a detailed disclosure of the specific topics on which Ms. Osborne is expected to testify and the substance of her testimony on those subjects.[4] Accordingly, the Court finds that any surprise and resulting prejudice to the Plaintiff can be fully cured. Finally, as noted, allowing the evidence will not disrupt the trial (factor 3).[5] Therefore, although the Court does find that Lowe's disclosure of these witnesses was untimely,[6] the Court will deny the motion to strike because any prejudice to Plaintiff can be remedied, making Lowe's conduct "harmless."

## Motions to Exclude Expert Witness Testimony

Aon, but not Lowe's, moves to exclude the expert testimony of Plaintiff's experts David Donaldson and Marcia Wagner pursuant to Federal Rule of Evidence 702. Mr. Donaldson is currently an ERISA consultant and formerly worked, among other ERISA related jobs, as a Senior Investigator at the Department of Labor. Mr. Donaldson has been "engaged by Plaintiff's counsel . . . to evaluate whether conflicts of interest were present . . . and whether AHIC and the Plan's Administrative Committee took adequate steps to avoid or address those conflicts." (Doc. No. 136-6 at ¶ 1). Ms. Wagner is an experienced ERISA attorney who Plaintiff says will offer "factually-based" opinion testimony "regarding whether Defendants acted consistent with the standard of care that Ms. Wagner has observed over her more than 30 years of experience in the pension industry." Doc. No. 194 at 1.

---

[4] This disclosure appears to the Court to be unnecessary for the Gallagher witnesses based on the parties' respective arguments with respect to Gallagher during summary judgment which specify the issues on which the witnesses will likely testify. Of course, Plaintiff will be free to fully explore their relevant knowledge and potential testimony in their depositions.

[5] The remaining factors of the importance of the evidence and the party's explanation for its failure to earlier disclose the evidence are either disputed and/or do not outweigh the factors discussed above.

[6] The Court notes that Lowe's is a frequent litigant in this Court and trusts that this conduct will not be repeated in future litigation.

5

Under Federal Rule of Evidence 702, "[a] district court considering the admissibility of expert testimony exercises a gate-keeping function to assess whether the proffered evidence is sufficiently reliable and relevant." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999). "Relevant evidence, of course, is evidence that helps 'the trier of fact to understand the evidence or to determine a fact in issue.'" *Nease v. Ford Motor Co.*, 848 F.3d 219, 229 (4th Cir. 2017) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993)). "Rule 702 was intended to liberalize the introduction of relevant expert evidence." *Westberry*, 178 F.3d at 261 (citing *Cavallo v. Star Enter.*, 100 F.3d 1150, 1158-59 (4th Cir. 1996)). Therefore, the court "need not determine that the expert testimony ... is irrefutable or certainly correct.... As with all other admissible evidence, expert testimony is subject to being tested by '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.' " *Id.* (citation omitted) (quoting *Daubert*, 509 U.S. at 596).

Although Rule 702 applies in bench trials, "the Court has increased discretion in how to perform its gatekeeping role." *Acosta v. Vinoskey*, 310 F. Supp. 3d 662, 667 (W.D. Va. 2018). The thrust of Rule 702 is to protect the jury from "evidence that is unreliable for reasons they may have difficulty understanding." *Quality Plus Servs., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, No. 3:18-cv-454, 2020 WL 239598, at *13 (E.D. Va. Jan. 15, 2020) (quoting 29 Charles A. Wright & Victor J. Gold, *Federal Practice and Procedure* § 6270 (2d ed. 2019)); *see also In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011) ("The main purpose of *Daubert* exclusion is to protect juries from being swayed by dubious testimony."). However, when the judge serves as the factfinder, this risk of confusion presents significantly less of a concern, if any at all. *See United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005) ("There

6

is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself.").

Thus, the Court has discretion to admit the expert evidence "subject to the ability later to exclude it or disregard it" at trial. *Hewett v. City of King*, 2014 WL 7642093, at *1 (M.D.N.C. Sept. 8, 2014) (quotation omitted); *see also Pender v. Bank of Am. Corp.*, 2016 WL 6133850, at *3 (W.D.N.C. Oct. 20, 2016) ("As this is a bench trial, the Court can freely accept or reject an expert's testimony at trial as the trier of fact."); *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006) ("[W]here the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702.").

Aon argues that the Court must exclude these witnesses because their testimony is irrelevant and/or they will be offering "legal opinions" that invade the province of the Court to decide the ultimate legal issues in dispute. Plaintiff disavows any intent to present expert legal opinions on the ultimate issues, and the Court will hold Plaintiff to that representation.[7] The Court understands that these experts intend to testify, based on their ESISA experience, how the alleged conflicts of interest and other fiduciary questions and situations involved in this dispute are typically handled. In turn, the Court expects Aon (and perhaps also Lowe's at trial) to vigorously challenge the relevance and weight of this testimony. In light of the discretion afforded the Court by a bench trial, the Court declines to decide these objections and arguments at this time. Instead, the Court will allow the challenged witnesses to testify and defer a final ruling on the admissibility and weight to give their testimony until it can evaluate their testimony at trial.

---

[7] Further, with all due respect and great humility the Court does not need the witnesses from either party to provide the Court with a primer on the applicable ERISA law or legal standards, notwithstanding ERISA's acknowledged "complexity." *See* Doc. No. 194 at 8-9.

7

**ORDER**

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Strike (Doc. No. 121) is GRANTED as to the individuals identified in footnote one above who the Parties have agreed will not be called as witnesses and DENIED as to the remaining potential witnesses disclosed for the first time in Lowe's November 19, 2020 Rule 26(a) disclosures;

2. Plaintiff is permitted to depose Billy Welsh and Christopher Jarmusch from Gallagher Fiduciary Advisors and Jennifer Osborne from Wells Fargo outside the discovery period, and the Parties are directed to cooperate in holding those depositions, if requested, as soon as practicable;

3. Lowe's shall provide to Plaintiff on or before February 26, 2021 a detailed disclosure of the specific topics on which Ms. Osborne will testify and the expected substance of her testimony on those subjects; and

4. Aon's Motions in Limine to Exclude Expert Testimony of David Donaldson and Marcia S. Wagner (Doc. Nos. 173, 174) are deferred for final ruling until trial.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 22, 2021

Kenneth D. Bell
United States District Judge