# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

| | |
|---|---|
| Benjamin Reetz, individually and as the representative of a class of similarly situated persons, and on behalf of the Lowe's 401(k) Plan,<br><br>        Plaintiff,<br><br>v.<br><br>Lowe's Companies, Inc., Administrative Committee of Lowe's Companies, Inc., and Aon Hewitt Investment Consulting, Inc.,<br><br>        Defendants. | Case No. 5:18-cv-00075-KDB-DCK |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement, dated May 28, 2021 (the "Settlement Agreement"), is made and entered into by and among: (i) Plaintiff Benjamin Reetz (on behalf of himself and each Settlement Class Member), by and through his counsel of record in the litigation; and (ii) Lowe's Companies, Inc. and the Administrative Committee of Lowe's Companies, Inc., by and through their counsel of record in the litigation.[1] The Settlement Agreement is intended to fully, finally, and forever resolve, discharge, and settle Plaintiff's Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Settlement Agreement.

### ARTICLE I

### DEFINITIONS

1.1     "Action" means the civil action captioned *Reetz v. Lowe's Companies, Inc., et al.*, Case No. 5:18-cv-00075-KDB-DCK, pending in the United States District Court for the Western District of North Carolina.

1.2     "Administrative Committee" means the Administrative Committee of Lowe's Companies, Inc.

1.3     "Administrative Expenses" means all expenses incurred in the administration of this Settlement Agreement, including but not limited to (a) all fees, expenses, and costs associated with the production and dissemination of the Notices to Settlement Class Members; (b) tax expenses related to the Settlement Agreement and its implementation

---

[1]     Except as otherwise specified, all capitalized terms shall have the meanings set forth in Article I of this Settlement Agreement.

1

(including taxes and tax expenses described in Section 4.6); (c) all expenses incurred by the Settlement Administrator in administering and effectuating this settlement, including all costs associated with the calculations and distributions of funds pursuant to the Plan of Allocation; (d) all fees and expenses associated with the Settlement Website and telephone support line described in Article III; (e) all fees charged by the Settlement Administrator; and (f) all fees and expenses charged by the Independent Fiduciary and Escrow Agent. All Administrative Expenses approved by the Court and all tax-related Administrative Expenses pursuant to Section 4.6 shall be paid from the Gross Settlement Amount.

1.4 "Alternate Payee" means a person, other than a Participant Class Member, Former Participant Settlement Class Member, or Beneficiary, who is entitled to a benefit under the Plan as a result of a QDRO, where the QDRO relates to a Participant Class Member or Former Participant Class Member's balance during the Class Period.

1.5 "Aon Growth Fund" means the objective-based fund managed by Aon Hewitt that is offered in the Plan, which is referred to in the Complaints as the Hewitt Growth Fund.

1.6 "Aon Hewitt" means Aon Hewitt Investment Consulting, Inc., a non-settling defendant in the Action, and its past, present, or future parent companies, subsidiaries, affiliates, divisions, joint ventures, members, assigns, representatives, attorneys, agents, insurers, reinsurers, shareholders, officers, directors, managers, employees, partners, predecessors, successors, and successors-in-interest.

1.7 "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel and the reasonable costs and expenses incurred by Class Counsel in connection with the Action, including the investigation leading to it, which shall be recovered from the Gross Settlement Amount and shall not exceed one-third of the Gross Settlement Amount.

1.8 "Average Settlement Score" has the meaning ascribed to it in Section 5.1(a) herein.

1.9 "Bar Order" means the settlement bar order as set forth in Section 2.3(g).

1.10 "Barred Claims" means (a) Claims asserted or that could have been or could be asserted by Aon Hewitt, or Aon Hewitt's past, present, or future parent companies, subsidiaries, affiliates, divisions, joint ventures, members, assigns, representatives, attorneys, agents, insurers, reinsurers, shareholders, officers, directors, managers, employees or partners, against the Settling Defendants or the Released Parties for indemnification and/or contribution, however denominated, whether common law, statutory, or contractual, and regardless of the allegations, facts, law, theories, or principles, that arise from or relate in any way to the Claims and allegations in this Action, or (b) Claims asserted or that could have been or could be asserted by the Settling Defendants or the Released Parties, including the Settling Defendants' and Released Parties' past, present, or future parent companies, subsidiaries, affiliates, divisions, joint ventures, members, assigns, representatives, attorneys, agents, insurers, reinsurers, shareholders, officers, directors, managers, employees or partners, against Aon Hewitt for

2

indemnification and/or contribution, however denominated, whether common law, statutory, or contractual, and regardless of the allegations, facts, law, theories, or principles, that arise from or relate in any way to the Claims and allegations in this Action.

1.11 "Beneficiary" means a person who currently is entitled to receive a benefit under the Plan that is derivative of the interest of a deceased Participant Class Member or Former Participant Class Member, other than an Alternate Payee. A Beneficiary includes, but is not limited to, a surviving spouse, domestic partner, child or other person designated by the Participant Class Member or Former Participant Class Member as determined under the terms of the Plan who currently is entitled to a benefit.

1.12 "CAFA Notice" means the notice(s) required to be provided pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").

1.13 "Claims" means any and all manner of claims, counterclaims, cross claims, third-party claims, actions, causes of actions, potential actions, suits, arbitrations, controversies, costs, damages, losses, obligations, liabilities, judgments, and demands whatsoever, known or unknown, asserted or unasserted, suspected or unsuspected, accrued or unaccrued, whether class, individual, or otherwise, arising under the laws, regulations, or common law of the United States of America, any state or political subdivision thereof, or any foreign country or jurisdiction, in law, in contract, or in equity, and regardless of legal theory.

1.14 "Class Counsel" means Nichols Kaster, PLLC and Tharrington Smith, L.L.P.

1.15 "Class Period" means October 1, 2015 through the date of the Preliminary Approval Order, inclusive.

1.16 "Company" means Lowe's Companies, Inc.

1.17 "Complaints" means the original Complaint filed in this Action at ECF No. 1 on April 27, 2018 and the First Amended Complaint filed at ECF No. 84 on March 23, 2020.

1.18 "Confidentiality Order" means the Stipulated Protective Order entered in the Action on November 1, 2019 (ECF No. 68).

1.19 "Court" means the United States District Court for the Western District of North Carolina.

1.20 "Entitlement Amount" means that portion of the Net Settlement Amount payable to an individual Participant Class Member or Former Participant Class Member, as determined according to the procedures described in Article V herein.

1.21 "ERISA" means the Employee Retirement Income Security Act of 1974, as amended.

3

1.22 "Escrow Account" means an account at an established financial institution that is established for the deposit of the Gross Settlement Amount and amounts relating to it, such as income earned on the investment of the Gross Settlement Amount.

1.23 "Escrow Agent" means Alerus Financial, an independent contractor to be retained by Class Counsel and the Settlement Administrator, which will serve as escrow agent for any portion of the Gross Settlement Amount deposited in or accruing in the Escrow Account pursuant to this Settlement.

1.24 "Fairness Hearing" means the hearing to be held before the Court pursuant to Federal Rule of Civil Procedure 23(e) to determine whether the Settlement Agreement should receive final approval by the Court.

1.25 "Final Approval" means the entry of the Final Approval Order.

1.26 "Final Approval Order" means the order and final judgment of the Court approving the Settlement, in substantially the form submitted in connection with Plaintiff's Motion for Final Approval of the Settlement.

1.27 "Former Participant Class Member" means any Settlement Class Member who had a Plan account with a balance greater than $0.00 at any point during the Class Period but who does not have a Plan account with a balance greater than $0.00 as of the date of the Final Approval Order.

1.28 The "Former Participant Rollover Form Deadline" shall be 14 calendar days prior to the Fairness Hearing, unless otherwise specified by the Court.

1.29 "Former Participant Rollover Form" means the form described generally in Section 5.3 herein, substantially in the form attached as Exhibit 3 hereto.

1.30 "Gross Settlement Amount" means the sum of twelve million, five hundred thousand U.S. dollars (USD $12,500,000.00), contributed to the Qualified Settlement Fund as described in Article IV herein. The Gross Settlement Amount shall be the full and sole monetary payment to the Named Plaintiff, Settlement Class Members, and Class Counsel made by or on behalf of the Settling Defendants in connection with this Settlement Agreement.

1.31 "Independent Fiduciary" means the person or entity selected by the Company to serve as an independent fiduciary with respect to the Settlement Agreement for the purpose of rendering the determination described in Section 2.2 herein.

1.32 "Individual Administrative Committee Members" means all members of the Administrative Committee during the Class Period.

1.33 "Named Plaintiff" means Benjamin Reetz.

1.34 "Net Settlement Amount" means the Gross Settlement Amount, plus any interest or income earned on the Qualified Settlement Fund, minus: (a) all Attorneys' Fees and Costs approved by the Court; (b) any Service Award approved by the Court; (c) all

4

Administrative Expenses approved by the Court and tax-related Administrative Expenses; and (d) any contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties and approved by the Court that is set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, and (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period.

1.35    "Notices" means the forms of Court-approved notices of this Settlement Agreement that are disseminated to Settlement Class Members.  The Settling Parties shall propose that the Court approve the forms of notice attached as Exhibits 1 and 2 hereto.  The Notice to Former Participant Class Members will include the Former Participant Rollover Form.

1.36    "Non-Rollover-Electing Former Participant" means a Former Participant Class Member who has not submitted a completed, satisfactory Former Participant Rollover Form by the Former Participant Rollover Form Deadline, or whose Former Participant Rollover Form is rejected by the Settlement Administrator.

1.37    "Participant Class Member" means any Settlement Class Member who had a Plan account with a balance greater than $0.00 at any point during the Class Period, and, as of the date of the Final Approval Order, had a Plan account with a balance greater than $0.00.

1.38    "Plaintiff's Released Claims" means, subject to the exclusions in Section 8.5 and other exclusions set forth below, any and all Claims, actions, suits, controversies, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether legal or equitable, contractual, statutory, or common law, accrued or unaccrued, asserted or unasserted, or known or Unknown Claims, against any of the Released Parties with respect to the Plan arising on or before the date of preliminary approval of the Settlement:

(a)    that were asserted in the Action against the Settling Defendants or could have been asserted in the Action or any other court, forum, or proceeding against the Settling Defendants based on or arising from any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions, or occurrences asserted in the Action, whether or not pleaded in the Complaints, including but not limited to those based on: (1) the selection, retention, or monitoring of the Aon Growth Fund, (2) the mapping of Plan assets to the Aon Growth Fund; (3) the selection, retention, or monitoring of Aon Hewitt; (4) the performance, fees, and other characteristics of the Aon Growth Fund, (5) Aon Hewitt's performance or fees, or the services provided by Aon Hewitt to the Plan; or (6) the restructuring or modification of the Plan's investment lineup;

(b)    that would be barred by res judicata based on the Court's entry of the Final Approval Order;

(c)    that arise from the direction to calculate, the calculation of, and/or the method or manner of the allocation of the Net Settlement Fund pursuant to the Plan of Allocation; or

(d)    that arise from the approval by the Independent Fiduciary of the Settlement Agreement.

5

Notwithstanding anything herein, the following shall not be included in the definition of Plaintiff's Released Claims: (i) Claims to enforce the Settlement Agreement, (ii) Claims for individual vested benefits brought pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) that are otherwise due under the terms of the Plan, and (iii) Plaintiff's Claims against Aon Hewitt in the Action.

1.39    "Plan" means the Lowe's 401(k) Plan.

1.40    "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Amount as described in Article V herein.

1.41    "Preliminary Approval Order" means the order of the Court preliminarily approving the Settlement Agreement, in substantially the form submitted in connection with Named Plaintiff's motion for entry of Preliminary Approval Order.

1.42    "PTE 2003-39" means U.S. Department of Labor Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75,632 (Dec. 31, 2003), as amended.

1.43    "QDRO" or "Qualified Domestic Relations Order" means a judgment, decree, or order (including the approval of a property settlement) that is made pursuant to state domestic relations law (including community property law) and that relates to the provision of child support, alimony payments, or marital property rights for the benefit of a spouse, former spouse, child, or other dependent of a Participant Settlement Class Member or Former Participant Class Member and which has been determined qualified pursuant to the Plan's procedures.

1.44    "Qualified Settlement Fund" means the interest-bearing settlement fund account to be established and maintained by the Escrow Agent as described in Article IV herein.

1.45    "Released Parties" means (a) each Settling Defendant and Individual Administrative Committee Member; (b) each Settling Defendant's past, present, and future parent corporation(s), subsidiaries, divisions, joint ventures, committees, predecessors, successors, successors-in-interest, insurers, reinsurers, and assigns, and any individual, partnership, corporation, or any other form of entity or organization that controls, is controlled by, or is under common control with any of the foregoing; and, (c) with respect to (a) and (b) above, all of their affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, assigns, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary and Aon Hewitt), administrators, shareholders, officers, directors, partners, agents, managers, members, employees, representatives, attorneys, administrators, heirs, executors, and all persons acting under, by, through, or in concert with any of them. "Released Parties" shall not include Aon Hewitt.

1.46    "Rollover-Electing Former Participant Class Member" means a Former Participant Class Member who has submitted a completed, satisfactory Former Participant Rollover Form by the Former Participant Rollover Form Deadline set by the Court and whose Former Participant Rollover Form is accepted by the Settlement Administrator.

6

1.47  "Service Award" means any incentive or service award awarded by the Court to the Named Plaintiff for his service as a class representative.

1.48  "Settlement" means the settlement of the Action contemplated by this Settlement Agreement.

1.49  "Settlement Administrator" means Analytics Consulting LLC, an independent contractor to be retained by Class Counsel and approved by the Court.

1.50  "Settlement Agreement" means this agreement and its exhibits.

1.51  "Settlement Class" means the following class: "All participants and beneficiaries of the Lowe's 401(k) Plan whose Plan account balances were invested in the Aon Growth Fund at any time on or after October 1, 2015, through the date of preliminary approval, excluding the Settling Defendants, any of their directors, and any officers or employees of the Settling Defendants with responsibility for the Plan's investment or administrative functions." The Settlement Class is consistent with the class preliminarily certified by the Court on November 13, 2020 (ECF No. 97) and which became final on January 25, 2021 following notice to the class (*see* ECF No. 181) (the "Class").

1.52  "Settlement Class Member" means a member of the Settlement Class.

1.53  "Settlement Effective Date" means one business day following (a) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order; or (b) if there are any appeals, the date of dismissal or completion of any appeal, in a manner that finally affirms and leaves in place the Final Approval Order without any material modifications, and all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or rehearing or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand).

1.54  "Settlement Period" shall be the period from the Settlement Effective Date and continuing for a period of nine months thereafter.

1.55  "Settlement Website" means the internet website established by the Settlement Administrator as described in Section 3.3 herein.

1.56  "Settling Defendants" means the Company and the Administrative Committee, each of whom individually are a "Settling Defendant."

1.57  "Settling Defendants' Counsel" means Groom Law Group, Chartered and Moore & Van Allen PLLC.

1.58  "Settling Defendants' Released Claims" means all Claims, whether arising under federal, state, or any other law, which have been, or could have been, asserted in the Action or in any court or forum, by the Settling Defendants against the Named Plaintiff or any Settlement Class Members, or their attorneys (including Class Counsel), which arise out of the institution or prosecution of the Action, except for Claims to enforce the Settlement Agreement.

7

1.59    "Settling Parties" means the Settling Defendants and the Named Plaintiff, on behalf of himself, the Settlement Class, and the Plan, each of whom individually are a "Settling Party."

1.60    "Unknown Claims" means any and all Plaintiff's Released Claims which the Named Plaintiff or the Settlement Class Members do not know or suspect to exist as of the Settlement Effective Date, which if known might have affected their decision(s) with respect to the Settlement.

## ARTICLE II

## SETTLEMENT APPROVAL

2.1    Preliminary approval by Court.  On or before May 24, 2021, or such other date as the Court may order, the Named Plaintiff, through Class Counsel, shall apply to the Court for entry of the Preliminary Approval Order, in substantially the form attached hereto as Exhibit 4, which shall include, among other provisions, a request that the Court:

(a)    preliminarily approve this Settlement Agreement for purposes of disseminating notice to the Settlement Class;

(b)    approve the form and contents of the Notices (including the Former Participant Rollover Form to be sent to Former Participant Class Members);

(c)    preliminarily bar and enjoin the institution and prosecution of any Plaintiff's Released Claims against any Released Parties by Settlement Class Members pending final approval of this Settlement Agreement, even if any Settlement Class Member may thereafter discover facts in addition to or different from those which the Settlement Class Members or Class Counsel now know or believe to be true with respect to the Action and Plaintiff's Released Claims;

(d)    provide that, pending final determination of whether the Settlement Agreement should be approved, no Settlement Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of Plaintiff's Released Claims against the Settling Defendants, Individual Administrative Committee Members, or the Released Parties;

(e)    preliminarily approve the Bar Order, subject to a Final Approval Order;

(f)    schedule a Fairness Hearing to (1) review comments and/or objections regarding this Settlement Agreement, (2) consider the fairness, reasonableness, and adequacy of this Settlement Agreement, (3) consider whether the Court should issue a Final Approval Order approving this Settlement Agreement, awarding any Attorneys' Fees and Costs, Administrative Expenses, and Service Award, and dismissing this Action with prejudice, and (4) consider such other matters as the Court may deem appropriate;

(g)     provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers and documents submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and the Settling Defendants' Counsel.  To be timely, the objection and any supporting papers or documents must be sent to Class Counsel and the Settling Defendants' counsel at least 21 calendar days prior to the Fairness Hearing (or by such other deadline as determined by the Court).  Any person wishing to speak at the Fairness Hearing shall serve a notice of intent to appear on Class Counsel and the Settling Defendants' Counsel at least 21 calendar days prior to the Fairness Hearing (or by such other deadline as determined by the Court); and

(h)     provide that any Settling Party may file a response to an objection by a Settlement Class Member before the Fairness Hearing.

2.2     <u>Review by Independent Fiduciary.</u>  The Company shall, in its sole discretion, select and retain the Independent Fiduciary, on behalf of the Plan, to determine whether to approve and authorize the settlement of Plaintiff's Released Claims on behalf of the Plan.

(a)     The Independent Fiduciary shall comply with all relevant requirements set forth in PTE 2003-39.

(b)     The Independent Fiduciary shall notify the Company of its determination in writing (with copies to Class Counsel and the Settling Defendants' Counsel) and in accordance with PTE 2003-39, which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.

(c)     The Settling Parties shall comply with reasonable requests for information made by the Independent Fiduciary for purposes of evaluating the Settlement Agreement.

(d)     All fees and expenses associated with the Independent Fiduciary's retention, services, and determination shall be considered Administrative Expenses.

2.3     <u>Final approval by Court.</u>  No later than fourteen (14) calendar days before the Fairness Hearing, or by such other deadline as specified by the Court, Class Counsel shall submit a motion to the Court requesting final approval of the Settlement Agreement and entry of the Final Approval Order, which shall include, among other provisions, a request that the Court:

(a)     dismiss with prejudice all of Plaintiff's Released Claims in the Action, whether asserted by the Named Plaintiff on his own behalf, on behalf of the Class, or derivatively on behalf of the Plan, without costs to any of the Settling Parties, except as contemplated by this Settlement Agreement;

(b)     decree that neither the Final Approval Order nor this Settlement Agreement constitutes an admission by any Settling Defendant or Released Party of any liability or wrongdoing;

9

(c)     bar and enjoin the Named Plaintiff and all Settlement Class Members from asserting any of Plaintiff's Released Claims against any of the Released Parties;

(d)     determine that this Settlement Agreement is entered into in good faith and represents a fair, reasonable, and adequate settlement that is in the best interests of the Settlement Class Members;

(e)     determine that all applicable CAFA requirements have been satisfied;

(f)     preserve the Court's continuing and exclusive jurisdiction over the Settling Parties and all Settlement Class Members to administer, construe, and enforce this Settlement Agreement in accordance with its terms for the mutual benefit of the Settling Parties, but without affecting the finality of the Final Approval Order; and,

(g)     enter the Bar Order under which:

(i)   the Settling Defendants, Released Parties, and any person purporting to act on their behalf or asserting any Claim under or through them are permanently barred, enjoined, and restrained from filing, commencing, prosecuting, maintaining or asserting any Barred Claims against Aon Hewitt in this Action or in any other forum, action or proceeding of any kind. All such Barred Claims shall be extinguished, precluded, discharged, satisfied, and unenforceable.

(ii)   Aon Hewitt, and any person purporting to act on Aon Hewitt's behalf or asserting any Claim under or through it are permanently barred, enjoined, and restrained from filing, commencing, prosecuting, maintaining or asserting any Barred Claims against the Settling Defendants or the Released Parties in this Action or in any other forum, action or proceeding of any kind. All such Barred Claims shall be extinguished, precluded, discharged, satisfied, and unenforceable.

(iii)   any judgment entered in favor of the Named Plaintiff or the Class against Aon Hewitt in the Action shall be reduced by the amount that represents the proportionate share of fault that is attributable to the Lowe's Defendants, if any, with respect to the judgment, unless otherwise agreed as part of any future settlement between Aon Hewitt and the Settlement Class.

## ARTICLE III

## SETTLEMENT ADMINISTRATION

3.1     CAFA Notice.  No later than ten (10) calendar days after the Named Plaintiff's filing of this Settlement Agreement and motion for entry of the Preliminary Approval Order with the Court, the Settlement Administrator shall provide appropriate notice of this Settlement Agreement to the Attorney General of the United States and to the Attorneys General of all states in which Settlement Class Members reside, as specified in 28 U.S.C. § 1715(b).  The

10

costs of such notice shall be considered an Administrative Expense. Upon completing such notice, the Settlement Administrator shall provide written notice to Class Counsel and the Settling Defendants' Counsel.

    3.2  <u>Notice to Class Members.</u>

    (a) Subject to the Confidentiality Order, the Company shall, upon timely request of the Settlement Administrator and at least 14 calendar days before the deadline for issuance of the Notices, produce to the Settlement Administrator the names and last known addresses as they appear in the records of the Plan's recordkeeper for all Settlement Class Members, as well as a list of Participant Class Members and Former Participant Class Members, for the purpose of disseminating the Notices to Settlement Class Members as provided in Section 3.2(b) below. The Company shall provide any other readily accessible information that is reasonably and timely requested by the Settlement Administrator for purposes of issuance of the Notices.

    (i) The Settlement Administrator shall be bound by the Confidentiality Order and any further non-disclosure or security protocol jointly required by the Settling Parties, set forth in writing to the Settlement Administrator.

    (ii) The Settlement Administrator shall use the information and data provided by the Company or the Plan's recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

    (iii) The Settling Parties shall have equal access to information held by the Settlement Administrator given that such information is necessary to administer this Settlement consistent with Class Counsel's obligation to do so; however, such information shall be kept in strict confidence by Class Counsel and subject to the Confidentiality Order.

    (b) No later than thirty (30) calendar days after the entry of the Preliminary Approval Order, or by such other deadline as specified by the Court, the Settlement Administrator shall send the Notices by first-class mail, postage prepaid, or by such other means as the Court may order, to the Settlement Class Members.

    (c) The Notices shall be in the form approved by the Court, which shall be in substantially the form attached as Exhibits 1 and 2 hereto. The Notice to Former Participant Class Members will include the Former Participant Rollover Form.

    (d) A Notice shall be sent to the last known address of each Settlement Class Member provided by the Plan's recordkeeper (or its designee), unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known address provided by the Plan's recordkeeper (or its designee).

    (e) The Settlement Administrator shall use commercially reasonable efforts to locate any Settlement Class Member whose Notice is returned and mail such Notices to those Settlement Class Members one additional time.

(f)     The Settlement Administrator shall post a copy of the Notices and the Former Participant Rollover Form on the Settlement Website.

3.3     <u>Settlement Website.</u>

(a)     No later than thirty (30) calendar days after the entry of the Preliminary Approval Order, or by such other deadline as specified by the Court, the Settlement Administrator shall establish the Settlement Website. The Settlement Administrator shall maintain the Settlement Website until no later than one year after the Settlement Effective Date or thirty (30) calendar days after the receipt of the notice referenced in Section 5.5, whichever is earlier, at which point the Settlement Administrator shall take down the Settlement Website.

(b)     The Settlement Website shall contain a copy of the Notices, Former Participant Rollover Form, and relevant case documents, including but not limited to a copy of the operative First Amended Complaint (ECF No. 84) and all documents filed with the Court in connection with the Settlement. No other information or documents will be posted on the Settlement Website unless agreed to in advance by the Settling Parties in writing.

(c)     The Settlement Website shall also include a toll-free telephone number and mailing address through which Settlement Class Members may contact the Settlement Administrator directly.

3.4     <u>Distribution of Net Settlement Amount.</u> Within fourteen (14) calendar days of entry of the Final Approval Order, the Company shall use reasonable efforts to cause the Plan's recordkeeper (or its designee) to provide to the Settlement Administrator all readily accessible information timely and reasonably requested by the Settlement Administrator that is necessary to implement the Plan of Allocation, as well as an updated list of Participant Class Members and Former Participant Class Members prior to the distribution, so as to identify any such participants who have taken a full distribution from their Plan account and no longer have a Plan account with a balance greater than $0.00. Following receipt of this information, the Settlement Administrator shall distribute the Net Settlement Amount to Participant Class Members and Former Participant Class Members in accordance with the Plan of Allocation as described in Article V herein.

3.5     <u>Maintenance of records.</u> The Settlement Administrator shall maintain reasonably detailed records of its activities carried out under this Settlement Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and provide same to Class Counsel and the Settling Defendants' Counsel upon their request. The Settlement Administrator shall provide such information as may reasonably be requested by the Named Plaintiff, the Settling Defendants, Class Counsel, or the Settling Defendants' Counsel relating to the administration of the Settlement Agreement.

3.6     <u>No liability.</u> The Settling Defendants, Individual Administrative Committee Members, Settling Defendants' Counsel, and Released Parties shall have no responsibility for, interest in, or liability whatsoever, with respect to:

(a) any act, omission, or determination of the Settlement Administrator or any of its designees or agents;

(b) the determination of the Independent Fiduciary;

(c) the Plan of Allocation or its implementation;

(d) the management, investment, or distribution of the Qualified Settlement Fund;

(e) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns;

(f) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or

(g) the determination, administration, calculation, verification, confirmation or payment of any Claims asserted against the Qualified Settlement Fund. The Settling Defendants' responsibility with respect to the amounts to be paid pursuant to this Settlement Agreement is limited to their responsibility to cause payments to be made to the Qualified Settlement Fund as set forth in Section 4.2.

## ARTICLE IV

## ESTABLISHMENT OF QUALIFIED SETTLEMENT FUND

4.1 <u>Establishment of the Qualified Settlement Fund.</u> No later than ten (10) business days after entry of the Preliminary Approval Order, the Escrow Agent shall establish an escrow account. The Settling Parties agree that the escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of U.S. Department of Treasury Regulation § 1.468B-1 (26 C.F.R. § 1.468B-1). In addition, the Escrow Agent timely shall make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in 26 C.F.R. § 1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

4.2 <u>Funding of the Qualified Settlement Fund.</u> In consideration of all the promises and agreements set forth in the Settlement Agreement, the Company or its insurers will contribute the Gross Settlement Amount to the Qualified Settlement Fund. No other Settling Defendant shall have any obligation to contribute financially to the Qualified Settlement Fund or any other Settlement-related expenses. The Company shall, or shall cause its insurers to, contribute the Gross Settlement Amount to the Qualified Settlement Fund in the following manner:

13

(a)    The Company or its insurer(s) shall deposit one half of the Gross Settlement Amount ($6,250,000.00) into the Qualified Settlement Fund no later than twenty-eight (28) calendar days after the later of (i) the date the Preliminary Approval Order (which shall include, without limitation, preliminary approval of the Bar Order) is entered, or (ii) the escrow account described in Section 4.1 is established and the Escrow Agent shall have furnished to the Settling Defendants in writing the escrow account name, IRS W-9 form, and all necessary wiring instructions.

(b)    No later than thirty (30) calendar days after entry of the Final Approval Order, the Company or its insurer(s) shall deposit the remaining one-half portion of the Gross Settlement Amount ($6,250,000.00) into the Qualified Settlement Fund.

4.3    Notwithstanding anything to the contrary in this Settlement Agreement, in no event shall the Company, its insurer(s), or any of the Settling Defendants be required to make payments or incur any expenses in excess of the Gross Settlement Amount. The Gross Settlement Amount shall be the only amount paid by the Settling Defendants and/or their insurer(s) under this Settlement Agreement, and the Settling Defendants and their insurer(s) shall not be obligated to make any other payments under this Settlement Agreement or in connection with this Settlement including but not limited to any payments that the Named Plaintiff or Settlement Class Members may claim they are entitled to under the Plan as a result of this Settlement.

4.4    Qualified Settlement Fund administrator. For the purpose of § 468B of the Internal Revenue Code of 1986, as amended (26 U.S.C. § 468B) and the regulations promulgated thereunder, the administrator of the Qualified Settlement Fund shall be the Escrow Agent. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the Gross Settlement Amount (including without limitation applying for a taxpayer identification number for the Qualified Settlement Fund and filing the returns described in 26 C.F.R. § 1.468B-2(k)). Such returns, as well as the election described in Section 4.1, shall be consistent with this Article and, in all events, shall reflect that all taxes (including any estimated taxes, interest, or penalties) on the income earned by the Gross Settlement Amount shall be deducted and paid from the Gross Settlement Amount as described in Section 4.6 herein.

4.5    Investment of the Qualified Settlement Fund. The Escrow Agent shall invest the Qualified Settlement Fund in short-term United States agency or Treasury securities or other instruments backed by the full faith and credit of the United States Government or an agency thereof, or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

4.6    Taxes on the income of the Qualified Settlement Fund. All (1) taxes (including any estimated taxes, interest, or penalties) on any income of the Qualified Settlement Fund, including any taxes or tax detriments that may be imposed upon the Settling Defendants or Settling Defendants' Counsel with respect to any income of the Gross Settlement Amount for any period during which the Gross Settlement Amount does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (2) all expenses and costs incurred in

14

connection with the taxation of the Qualified Settlement Fund (including, without limitation, expenses of tax attorneys and accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article IV) are Administrative Expenses and shall be timely paid by the Escrow Agent out of the Qualified Settlement Fund. The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. The Settling Defendants, the Individual Administrative Committee Members, the Settling Defendants' Counsel, and Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Settlement Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither the Settling Defendants, the Individual Administrative Committee Members, the Settling Defendants' Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article IV.

       4.7    The Escrow Agent shall not disburse the Qualified Settlement Fund or any portion except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and the Settling Defendants' Counsel. Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

       4.8    After the Settlement Effective Date, the Gross Settlement Amount will be distributed from the Qualified Settlement Fund as follows: First, within five (5) business days of the Settlement Effective Date, all Administrative Expenses approved by the Court shall be paid. Second, within sixty (60) calendar days of the Settlement Effective Date, (a) any Service Award approved by the Court shall be paid; (b) all Attorneys' Fees and Costs approved by the Court shall be paid to Class Counsel; and (c) the Net Settlement Amount will be distributed pursuant to the Plan of Allocation. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund. A contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties and approved by the Court may be set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period.

       4.9    The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. The Settling Defendants, the Settling Defendants' Counsel, and Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

4.10    No later than February 15 of the year following the calendar year in which the Company or its agents make a transfer to the Qualified Settlement Fund pursuant to the terms of this Article IV, the Company or its agents shall timely furnish a statement to the Escrow Agent, or the Settlement Administrator on its behalf, that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which the Company or its agents make a transfer to the Qualified Settlement Fund.

## ARTICLE V

## PLAN OF ALLOCATION

5.1    <u>Calculation of payments to Participant Class Members and Former Participant Class Members.</u>    Payments to each Participant Class Member and Former Participant Class Member shall be calculated by the Settlement Administrator as follows, based on information provided by the Plan's recordkeeper:

(a)    For each Participant Class Member and Former Participant Class Member, the Settlement Administrator shall determine an Average Settlement Score, defined as follows:

> Each Participant Class Member's and Former Participant Class Member's average, aggregate Plan balance invested in the Aon Growth Fund at the beginning of each quarter for the period from October 1, 2015 to April 1, 2021.[2]

(b)    The Settlement Administrator shall determine each Participant Class Member's and Former Participant Class Member's Entitlement Amount by calculating each individual's pro rata share of the Net Settlement Amount, based on his or her Average Settlement

---

[2] Mathematically stated, the *Average Settlement Score* shall be calculated as follows:

(Q4 2015 beginning Account Balance) + (Q1 2016 Account Balance) + (Q2 2016 Account Balance) + (Q3 2016 Account Balance) + (Q4 2016 Account Balance) + (Q1 2017 Account Balance) + (Q2 2017 Account Balance) + (Q3 2017 Account Balance) + (Q4 2017 Account Balance) + (Q1 2018 Account Balance) + (Q2 2018 Account Balance) + (Q3 2018 Account Balance) + (Q4 2018 Account Balance) + (Q1 2019 Account Balance) + (Q2 2019 Account Balance) + (Q3 2019 Account Balance) + (Q4 2019 Account Balance) + (Q1 2020 Account Balance) + (Q2 2020 Account Balance) + (Q3 2020 Account Balance) + (Q4 2020 Account Balance) + (Q1 2021 Account Balance) + (Q2 2021 Account Balance)

*Divided by*

23 quarters during the Class Period.

Score compared to the sum of all Participant Class Members' and Former Participant Class Members' Average Settlement Scores.

(c)     The aggregate of all Entitlement Amounts may not exceed the Net Settlement Amount. In the event that the Settlement Administrator determines that aggregate monetary payment pursuant to the Plan of Allocation would exceed the Net Settlement Amount, the Settlement Administrator is authorized to make such pro rata changes as are necessary to ensure that the aggregate monetary payment pursuant to the Plan of Allocation does not exceed the Net Settlement Amount.

5.2     Payments to Participant Class Members.

(a)     Upon completing the calculation of each Participant Class Member and Former Participant Class Member's Entitlement Amount and no later than thirty (30) calendar days following the Settlement Effective Date, the Settlement Administrator shall provide the Company (or its designee), Class Counsel, the Settling Defendants' Counsel, and the Plan's recordkeeper information in a mutually agreeable format concerning each Participant Class Member's Entitlement Amount, and any other information requested by the Company or the Plan's recordkeeper as necessary to effectuate this Article.

(b)     No later than thirty (30) calendar days after completing the steps described in Section 5.2(a) and upon written notice to the Company, the Settling Defendants' Counsel, and the Plan's recordkeeper, the Settlement Administrator shall effect a transfer from the Qualified Settlement Fund to the Plan of all monetary payments payable to Participant Class Members. The Plan's recordkeeper shall thereafter credit the individual Plan account of each Participant Class Member in an amount equal to that individual's Entitlement Amount.

(c)     Each Participant Class Member's Entitlement Amount shall be invested in accordance with and in proportion to such Participant Class Member's investment elections then on file for new contributions to his or her Plan account. If the Participant Class Member does not have an investment election on file, then such individual shall be deemed to have directed payment of his or her Entitlement Amount to be invested in the Plan's qualified default investment alternative, as defined in 29 C.F.R. § 2550.404c-5.

(d)     If, as of the date on which the Plan's recordkeeper credits the individual Plan account of each Participant Class Member with his or her Entitlement Amount, an individual believed to be a Participant Class Member no longer has a Plan account balance greater than $0.00, he or she will be treated as a Non-Rollover-Electing Former Participant Class Member for purposes of the settlement distribution only and will receive his or her payment from the Settlement Administrator in the form of a check as described in Section 5.3(a)(ii).

5.3     Payments to Former Participant Class Members.

(a)     Each Former Participant Class Member (or the Beneficiaries or Alternate Payees of Former Participant Class Members) will have the opportunity to elect a tax-qualified rollover of his or her Entitlement Amount to an individual retirement account or other eligible employer plan, which he or she has identified on the Former Participant Rollover Form,

17

provided that the Former Participant Class Member supplies adequate information to the Settlement Administrator to effect the rollover.

(i)  Rollover-Electing Former Participant Class Members.  Upon completing the calculation of each Participant Class Member and Former Participant Class Member's Entitlement Amount and no later than sixty (60) calendar days following the Settlement Effective Date, the Settlement Administrator shall effect a rollover from the Qualified Settlement Fund to the individual retirement account or other eligible employer plan elected by each Rollover-Electing Former Participant Class Member in his or her Former Participant Rollover Form, if the conditions for such rollover are satisfied and any associated paperwork necessary to transfer such Entitlement Amount by rollover have been provided.  If the Settlement Administrator is unable to effectuate the rollover instructions of any Rollover-Electing Former Participant Class Member as provided in his or her Former Participant Rollover Form, he or she will be treated as a Non-Rollover-Electing Former Participant Class Member.

(ii)  Non-Rollover-Electing Former Participant Class Members.  Upon completing the calculation of each Participant Class Member and Former Participant Class Member's Entitlement Amount and no later than sixty (60) calendar days following the Settlement Effective Date, the Settlement Administrator shall issue a check from the Qualified Settlement Fund to each Non-Rollover-Electing Former Participant Class Member, in the amount of each Former Participant Class Member's Entitlement Amount (less any withholdings).

5.4    Payments to Beneficiaries and Alternate Payees.

(a)    Beneficiaries of Participant Class Members that are entitled to receive all or a portion of a Participant Class Member's Entitlement Allocation under this Article shall receive such settlement payments pursuant to the terms of the Plan.  Beneficiaries of Former Participant Class Members that are entitled to receive all or a portion of a Former Participant Class Member's Entitlement Allocation under this Article will receive such settlement payments under the methods described in Section 5.3 for Former Participant Class Members.

(b)    Alternate Payees of Participant Class Members that are entitled to receive all or a portion of a Participant Class Member's Entitlement Allocation under this Article shall receive such settlement payments pursuant to the terms of the applicable QDRO.  Alternate Payees of Former Participant Class Members that are entitled to receive all or a portion of a Former Participant Class Member's Entitlement Allocation under this Article will receive such settlement payments under the methods described in Section 5.3 for Former Participant Class Members.

(c)    The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth in this Article and as ordered by the Court.

5.5    Notice of completion of Plan of Allocation.  Within ten (10) business days of completing all aspects of the Plan of Allocation, the Settlement Administrator shall, upon request, send to Class Counsel, the Settling Defendants' Counsel, and the Company one or more

18

affidavits stating the following: (a) the name of each Settlement Class Member to whom the Settlement Administrator sent the Notices, and the address of such mailing; (b) the date(s) upon which the Settlement Administrator sent the Notices; (c) the name of each Settlement Class Member whose Notice was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to deliver the Notice for each such Settlement Class Member; (e) the name of each Settlement Class Member to whom the Settlement Administrator made a distribution from the Net Settlement Amount, together with the amount and form of the distribution, the name of the payee, the date of distribution, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable.

       5.6    <u>Expiration of Checks and Disbursement of undistributed monies from the Qualified Settlement Fund</u>

       (a)    All checks issued in accordance with the Plan of Allocation shall be mailed to the address of each Settlement Class Member (or his or her Beneficiary or Alternate Payee) provided by the Plan's recordkeeper or any updated address obtained by the Settlement Administrator.

       (b)    All checks issued in accordance with the Plan of Allocation that are not cashed within one hundred twenty (120) calendar days of issuance shall be void and shall revert to the Qualified Settlement Fund. The voidance of checks shall have no effect on Settlement Class Members' release of Claims, obligations, representations, or warranties as provided herein, which shall remain in full effect. Any amounts that revert to the Qualified Settlement Fund, and any funds that cannot be distributed to Settlement Class Members for any other reason, together with any interest earned on them, and after the payment of any applicable taxes by the Escrow Agent, shall be paid to the Plan for the purpose of defraying administrative fees and expenses of the Plan.

       5.7    <u>Responsibility for taxes.</u>

       (a)    The Settling Parties acknowledge that any payments to Settlement Class Members may be subject to applicable tax laws. The Company, the Settling Defendants' Counsel, Class Counsel, and the Named Plaintiff will provide no tax advice to the Settlement Class Members and make no representation regarding the tax consequences of any of the settlement payments described in this Settlement Agreement.

       (b)    Each Settlement Class Member who receives a payment pursuant to the Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state and local taxes resulting from or attributable to the payment received by such person. Each Settlement Class Member shall hold the Settling Defendants, Individual Administrative Committee Members, the Settling Defendants' Counsel, Released Parties, Class Counsel, and the Settlement Administrator harmless from (a) any tax liability, including without limitation penalties and interest, related in any way to payments or credits under the Settlement Agreement, and (b) the costs (including, without limitation, fees, costs and expenses of attorneys, tax advisors, and experts) of any proceedings (including, without limitation, any investigation, response, and/or suit), related to such tax liability.

19

5.8     Restorative Payments.  The Net Settlement Amount to be allocated and distributed to the Former Participant Class Members and to the Plan for distribution to the Participant Class Members in accordance with the Plan of Allocation shall constitute "restorative payments" within the meaning of Revenue Ruling 2002-45 for all purposes.

# ARTICLE VI

## PROSPECTIVE RELIEF

6.1     The Settling Defendants agree that within twelve (12) months after the Settlement Effective Date, the Administrative Committee will issue a request for proposal ("RFP") for a delegated fiduciary investment manager for the Plan.  The Administrative Committee will engage an independent consulting firm (unrelated to Aon Hewitt) with experience conducting similar RFPs to assist with the RFP process.  The candidates in the RFP process will be free to propose alternative investment options, investment strategies, and/or investment lineup structures to the Administrative Committee.  As part of the process, the Administrative Committee will consider all options presented, including maintaining the current investment manager, investment lineup structure, investment options, and/or investment strategies.

# ARTICLE VII

## ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

7.1     Attorneys' Fees and Costs.  No later than fourteen (14) calendar days prior to the deadline provided in the Preliminary Approval Order for Settlement Class Members to object to the Settlement Agreement, Class Counsel may file an application with the Court for payment of reasonable Attorneys' Fees and Costs, and Administrative Expenses (other than those tax-related expenses automatically deducted pursuant to Section 4.6), to be deducted from the Gross Settlement Amount. The Settling Defendants agree not to object to Class Counsel's application for Attorneys' Fees and Costs and Administrative Expenses, provided that it is consistent with the limitations on Attorneys' Fees specified in Section 1.7 and the Independent Fiduciary has no objection to such Attorneys' Fees and Costs and Administrative Expenses. Notwithstanding anything herein, the Court's failure to approve, in whole or in part, any application for Attorneys' Fees and Costs, or Administrative Expenses, sought by Class Counsel shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination of the Settlement.

7.2     Service Award.  No later than fourteen (14) calendar days prior to the deadline provided in the Preliminary Approval Order for Settlement Class Members to object to the Settlement Agreement, Class Counsel may file an application with the Court for payment of a Service Award to the Named Plaintiff in an amount not to exceed ten thousand U.S. dollars (USD $10,000.00). The Settling Defendants agree not to object to any such requested Service Award, provided that the Independent Fiduciary has no objection to such Service Award. Notwithstanding anything herein, the Court's failure to approve, in whole or in part, any application for a Service Award shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination of the Settlement.

# ARTICLE VIII

## RELEASES AND COVENANT NOT TO SUE

8.1     Releases.  Subject to Article X below, the obligations incurred pursuant to this Settlement Agreement shall be in full and final disposition and settlement of any and all of Plaintiff's Released Claims.

(a)     Upon the Settlement Effective Date, the Named Plaintiff and every Settlement Class Member on behalf of themselves, their heirs, executors, administrators, estates, successors, beneficiaries, agents, attorneys and assigns, and the Plan (subject to Independent Fiduciary approval as described in Section 2.2 herein) shall, with respect to each and every Plaintiff's Released Claim, be deemed to fully, finally and forever release, waive, relinquish and forever discharge each and every Plaintiff's Released Claim against any and all of the Released Parties, and forever shall be enjoined from prosecuting any such Plaintiff's Released Claims, whether or not such Settlement Class Members have submitted an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Settlement Class Members have been approved or allowed.

(b)     Upon the Settlement Effective Date, the Settling Defendants, on behalf of themselves and their successors and assigns shall be deemed to fully, finally and forever release, waive, relinquish and forever discharge the Settling Defendants' Released Claims, and forever shall be enjoined from prosecuting any such Claims.

(c)     Nothing herein shall preclude any action to enforce the Settlement Agreement.

8.2     The Named Plaintiff, Class Counsel, the Plan, or the Settlement Class Members may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Plaintiff's Released Claims.  Such facts, if known by them, might have affected the decision to settle with the Settling Defendants, or the decision to release, relinquish, waive, and discharge the Plaintiff's Released Claims, or the decision of a Settlement Class Member not to object to the Settlement.  Notwithstanding the foregoing, each Settlement Class Member and the Plan shall expressly, upon the Settlement Effective Date, be deemed to have, and by operation of the Final Approval Order, shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Plaintiff's Released Claims, including Unknown Claims.  The Settlement Class Members and the Plan acknowledge and shall be deemed by operation of the Final Approval Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

8.3     As of the Settlement Effective Date, the Named Plaintiff, the Settlement Class Members and the Plan (subject to Independent Fiduciary approval as required by Paragraph 3.1), acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but

21

not limited to a Department of Labor proceeding or an arbitration proceeding), any of the Plaintiff's Released Claims.

       8.4    Upon the Settlement Effective Date, the Named Plaintiff, Settlement Class Members, and the Plan shall be conclusively deemed to, and by operation of the Final Approval Order shall, settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown Claims pertaining specifically to Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Also, the Named Plaintiff and Settlement Class Members with respect to Plaintiff's Released Claims shall, upon the Settlement Effective Date, waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

       8.5    This Settlement Agreement does not in any way bar, limit, waive, or release any right by the Named Plaintiff or any Settlement Class Member to assert and/or recover any moneys resulting from (a) any individual Claim for individual vested benefits brought pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) that are otherwise due under the terms of the Plan, (b) any Claims asserted by the Named Plaintiff and the Settlement Class against Aon Hewitt in the Action, or (c) any rights or duties arising out of the Settlement Agreement.

## ARTICLE IX

## REPRESENTATIONS AND WARRANTIES

       9.1    <u>Settling Parties' representations and warranties.</u>  The Settling Parties represent and warrant as follows, and each acknowledges that they are relying on these representations and warranties in entering into the Settlement Agreement:

       (a)    they have carefully read the Settlement Agreement and understand its terms;

       (b)    they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

(c)    they have made such investigation of the facts pertaining to the subject matter of the Settlement Agreement as they deem necessary;

(d)    they assume the risk of mistake as to facts or law; and

(e)    they recognize that additional evidence may come to light, but they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement Agreement.

9.2    <u>Signatories' representations and warranties.</u>  The persons executing the Settlement Agreement represent that they have been duly authorized to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement in order to effectuate its terms.

## ARTICLE X

## TERMINATION

10.1    The Settlement Agreement shall terminate at the election of any of the Settling Parties, and thereby become null and void with no further force or effect, if:

(a)    Pursuant to Section 2.2, (1) either the Independent Fiduciary does not approve the release or the Settlement Agreement, or disapproves the release or the Settlement Agreement for any reason whatsoever, or the Company reasonably concludes that the Independent Fiduciary's approval does not include the determinations required by PTE 2003-39; and (2) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39;

(b)    the Court declines to approve the Settlement Agreement or any material part of it;

(c)    the Court declines to enter the Preliminary Approval Order or materially modifies the contents of the Preliminary Approval Order submitted by Class Counsel;

(d)    the Court declines to enter the Final Approval Order or materially modifies the contents of the Final Approval Order submitted by Class Counsel;

(e)    the Court declines to enter the Bar Order (provided, however, that if the Court enters the Bar Order with a judgment reduction credit to Aon Hewitt that differs in form or substance from the judgment reduction credit described in Section 2.3(g)(iii) above, that shall not be a basis for termination of the Settlement Agreement); or

(f)    the Final Approval Order is vacated, reversed, or modified in any material respect on any appeal or other review or in a collateral proceeding occurring prior to the Settlement Effective Date.

23

Notwithstanding anything herein, no order of the Court, or modification or reversal on appeal of any order of the Court, solely concerning Attorneys' Fees and Costs or any Service Award shall constitute grounds for termination of the Settlement Agreement.

10.2    Reversion to prior positions.  If the Settlement Agreement is terminated in accordance with this Article, then the Settling Parties and Settlement Class Members will be restored to their respective positions immediately before the execution of the Settlement Agreement, this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, any order entered by the Court pursuant to the terms of this Settlement Agreement, including any Bar Order, shall be treated as vacated *nunc pro tunc*.  All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to the Company, its agents, or insurers pro rata based on their contributions to the Qualified Settlement Fund within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in Section 10.3.  The fact of this Settlement Agreement and the terms contained herein shall not be admissible in any proceeding for any purpose, and the Settling Parties expressly and affirmatively reserve all Claims, remedies, defenses, arguments, and motions as to all Claims and requests for relief that might have been or might be later asserted in the Action.

10.3    In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be paid first from the interest earned, if any, on the Qualified Settlement Fund. Administrative Expenses in excess of the interest earned on the Qualified Settlement Fund shall be split evenly and paid by Class Counsel, on the one hand, and the Company and/or its insurer(s), on the other hand.

## ARTICLE XI

## NO ADMISSION OF WRONGDOING

11.1    The Settlement Agreement, whether or not consummated, and any proceedings taken pursuant to it, is for settlement purposes only and entered into solely for the purpose of avoiding possible future expenses, burdens, or distractions of litigation, and the Settling Defendants, Individual Administrative Committee Members, and the Released Parties deny any and all wrongdoing.  The Settling Defendants, Individual Administrative Committee Members, and the Released Parties specifically and expressly deny any and all liability in connection with any Claims which have been made or could have been made, or which are the subject matter of, arise from, or are connected, directly or indirectly, with or related in any way to the Action, including, but not limited to, any violation of any federal or state law (whether statutory or common law), rule, or regulation, and the Settling Defendants, Individual Administrative Committee Members, and the Released Parties deny that any violation of any such law, rule, or regulation has ever occurred.

11.2    The Settlement Agreement, whether or not consummated, and any negotiations, proceedings, or agreements relating to the Settlement Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements:

24

(a)     shall not be offered or received, in the Action or any other proceeding, against the Settling Defendants, Individual Administrative Committee Members, or any of the Released Parties as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by the Settling Defendants, Individual Administrative Committee Members, or a Released Party of the truth of any fact alleged by the Named Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation;

(b)     shall not be offered or received, in the Action or any other proceeding, against the Settling Defendants, Individual Administrative Committee Members, or any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Settling Defendants, Individual Administrative Committee Members, or any of the Released Parties;

(c)     shall not be offered or received, in the Action or any other proceeding, against the Settling Defendants, Individual Administrative Committee Members, or any of the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing attributable to them; and

(d)     shall not be construed against the Settling Defendants, Individual Administrative Committee Members, or any of the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could or would have been recovered after trial of the Action or that the Named Plaintiff or any Settlement Class Member suffered any losses or damages attributable to the Settling Defendants, Individual Administrative Committee Members, or any of the Released Parties.

## ARTICLE XII

## MISCELLANEOUS

12.1     Exhibits included.  The exhibits to the Settlement Agreement are integral parts of this Settlement Agreement and are incorporated by reference as if set forth herein.

12.2     Cooperation.   Class Counsel and the Settling Defendants' Counsel agree to cooperate fully with one another in seeking Court entry of the Preliminary Approval Order and Final Approval Order.

12.3     Confidentiality.  The Settling Parties and their counsel shall keep strictly confidential, and shall not disclose to any third party (except, as reasonably necessary, Aon Hewitt on a confidential basis) the terms and conditions of this Settlement Agreement until such time as Plaintiff files his motion for preliminary approval of the Settlement.

12.4     Non-disparagement.  The Settling Parties, their counsel, and their agents shall refrain from making derogatory or disparaging public comments or remarks regarding the Settlement, the Named Plaintiff, the Settlement Class Members, the Settling Defendants, and/or the Released Parties in connection with the Settlement.

25

12.5    Survival of Confidentiality Order.  Nothing in this Settlement Agreement shall be construed as terminating the Confidentiality Order.  The Settling Parties remain bound by the requirements of the Confidentiality Order.

12.6    Entire agreement.  This Settlement Agreement and all of the exhibits appended hereto constitute the entire agreement of the Settling Parties with respect to the subject matter of the Action and supersede any prior agreement, whether written or oral, as to that subject matter.  No representations or inducements have been made by any Settling Party hereto concerning the Settlement Agreement or its exhibits other than those contained and memorialized in such documents.  The provisions of the Settlement Agreement and its exhibits may not be modified or amended, nor may any of their provisions be waived, except by a writing signed by all Settling Parties hereto or their successors-in-interest.

12.7    Waiver.  The waiver by any Settling Party of a breach of the Settlement Agreement by any other Settling Party shall not be deemed a waiver of any other breach of the Settlement Agreement.

12.8    Construction of agreement.  This Settlement Agreement shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that the Settlement Agreement, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that the Settlement Agreement is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to its preparation.

12.9    Headings.  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

12.10    Governing law.  The Settlement Agreement and all documents necessary to effectuate it shall be governed by the laws of North Carolina without regard to its conflict of law doctrines, except to the extent that federal law requires that federal law govern, and except that all computations of time with respect to the Settlement Agreement shall be governed by Federal Rule of Civil Procedure 6.

12.11    Disputes Concerning Compliance with Settlement Agreement.  Class Counsel, the Settling Defendants' Counsel, and the Settling Parties agree that any and all disputes concerning compliance with the Settlement Agreement shall be exclusively resolved as follows:

(a)    If Class Counsel, the Settling Defendants' Counsel, or a Settling Party has reason to believe that a legitimate dispute exists concerning the Settlement Agreement, the party raising the dispute shall first promptly give written notice under the Settlement Agreement to the other party including in such notice:  (a) a reference to all specific provisions of the Settlement Agreement that are involved; (b) a statement of the alleged non-compliance; and (c) a brief statement of the specific facts, circumstances, and any other arguments supporting the position of the party raising the dispute;

26

(b) Within ten (10) business days after receiving the notice described in Section 12.10(a), the receiving party shall respond in writing with its position and the facts and arguments it relies on in support of its position;

(c) For a period of not more than ten (10) business days following mailing of the response described in Section 12.10(b), the Settling Parties shall undertake good-faith negotiations, which may include meeting in person or conferring by telephone, to attempt to resolve the dispute;

(d) If the dispute is not resolved during the period described in Section 12.10(c), either party may request that the Court resolve the dispute;

(e) In connection with any disputes concerning compliance with the Settlement Agreement, the Settling Parties agree that each party shall bear its own fees and costs unless the Court orders otherwise.

12.12   Personal Jurisdiction.  The Settling Parties agree that the Court has personal jurisdiction over the Named Plaintiff, Settlement Class Members, and the Settling Defendants, and shall retain that jurisdiction for purposes of enforcing the Settlement Agreement and resolving any disputes concerning compliance with the Settlement Agreement.

12.13   Fees and expenses.  Except as otherwise expressly set forth herein, each Settling Party shall pay its own fees, costs, and expenses incurred in connection with the Action, including fees, costs, and expenses incident to the negotiation, preparation, or compliance with the Settlement Agreement, and including any fees, expenses, and disbursements of its counsel and other advisors.  Nothing in the Settlement Agreement shall require the Settling Defendants or any Released Party to pay any monies other than as expressly provided herein.

12.14   Execution in counterparts.  The Settlement Agreement may be executed in one or more counterparts and may be executed by electronic signature or facsimile signature.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Settling Parties shall exchange among themselves signed counterparts.

12.15   Notices.  Unless otherwise provided herein, any notice, demand, or other communication under the Settlement Agreement (other than Notices to Settlement Class Members or other notices provided at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and delivered by hand, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier as follows:

(a) if to the Named Plaintiff:

Kai Richter
Paul Lukas
NICHOLS KASTER, PLLP
4600 IDS Center
80 S 8th Street

27

Minneapolis, MN 55402

(b)  if to the Settling Defendants:

Lars Golumbic
Sean Abouchedid
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., NW
Washington, DC 20006

12.16  Retention of jurisdiction.  The Settling Parties shall request that the Court retain jurisdiction of this matter to resolve any disputes regarding interpretation of or compliance with the Settlement Agreement after the Settlement Effective Date and enter such orders as are necessary or appropriate to effectuate the terms of the Settlement Agreement.

AGREED TO ON BEHALF OF PLAINTIFF Benjamin Reetz, individually, as class representative on behalf of the Settlement Class Members, and on behalf of the Plan

Dated: _____05/28/2021_____     By: _____
                                        Benjamin Reetz


Dated: _____May 28, 2021_____     By: _____
                                        Kai Richter
                                        NICHOLS KASTER, PLLP
                                        4600 IDS Center
                                        80 S 8th Street
                                        Minneapolis, MN 55402
                                        612-256-3200
                                        krichter@nka.com


AGREED TO ON BEHALF OF THE SETTLING DEFENDANTS Lowe's Companies, Inc. and the Administrative Committee of Lowe's Companies, Inc.

Dated: _____     By: _____
                                        David Green
                                        Vice President of Tax

28

Minneapolis, MN 55402

    (b)    if to the Settling Defendants:

Lars Golumbic
Sean Abouchedid
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., NW
Washington, DC 20006

    12.16  <u>Retention of jurisdiction.</u>  The Settling Parties shall request that the Court retain jurisdiction of this matter to resolve any disputes regarding interpretation of or compliance with the Settlement Agreement after the Settlement Effective Date and enter such orders as are necessary or appropriate to effectuate the terms of the Settlement Agreement.

AGREED TO ON BEHALF OF PLAINTIFF Benjamin Reetz, individually, as class representative on behalf of the Settlement Class Members, and on behalf of the Plan

Dated: _____    By: _____
                                          Benjamin Reetz

Dated: _____    By: _____
                                          Kai Richter
                                          NICHOLS KASTER, PLLP
                                          4600 IDS Center
                                          80 S 8th Street
                                          Minneapolis, MN 55402
                                          612-256-3200
                                          krichter@nka.com

AGREED TO ON BEHALF OF THE SETTLING DEFENDANTS Lowe's Companies, Inc. and the Administrative Committee of Lowe's Companies, Inc.

Dated: May 28, 2021 _____    By: _____
                                          David Green
                                        Vice President of Tax

28

Dated: May 28, 2021                    By: _____

Lars Golumbic
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., NW
Washington, DC 20006
(202) 861-6615
lgolumbic@groom.com

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION**

| | |
|---|---|
| Benjamin Reetz, individually and as the representative of a class of similarly situated persons, and on behalf of the Lowe's 401(k) Plan,<br><br>Plaintiff,<br><br>v.<br><br>Lowe's Companies, Inc., Administrative Committee of Lowe's Companies, Inc., and Aon Hewitt Investment Consulting, Inc.,<br><br>Defendants. | Case No. 5:18-cv-00075-KDB-DCK |

## NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

**PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.**
**This is a notice of a proposed partial class action settlement in the above-referenced lawsuit. Your legal rights may be affected if you are a member of the following Settlement Class:**

All participants and beneficiaries of the Lowe's 401(k) Plan whose Plan account balances were invested in the Aon Growth Fund at any time on or after October 1, 2015, through [the date of preliminary approval] (referred to as the "Class Period"), excluding the Settling Defendants, any of their directors, and any officers or employees of the Settling Defendants with responsibility for the Plan's investment or administrative functions.

- A partial Settlement has been reached with Lowe's Companies, Inc. ("Lowe's") and the Administrative Committee of Lowe's Companies, Inc. ("Administrative Committee") (collectively, the "Lowe's Defendants" or "Settling Defendants") in a class action lawsuit against Lowe's, the Administrative Committee, and Aon Hewitt Investment Consulting, Inc. ("Aon Hewitt") (collectively, "Defendants"). The class action lawsuit involves whether or not the Settling Defendants and Aon Hewitt complied with their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") with respect to the Lowe's 401(k) Plan (the "Plan"). The Lowe's Defendants deny all claims, and nothing in the Settlement is an admission or concession on the Lowe's Defendants' part of any fault or liability whatsoever.

- The Settlement will provide, among other things, for a $12.5 million Settlement Fund that will be allocated to eligible Settlement Class Members after any Court-approved deductions for Attorneys' Fees and Costs, Administrative Expenses, and a Class Representative Service Award. Settlement Class Members with a positive balance in their Plan account as of the date of Final Approval of the Settlement (referred to herein as "Participant Class Members") will automatically receive allocations directly to their Plan accounts so long as they maintain a positive balance through the time Settlement monies are distributed. Settlement Class Members who had a positive balance in their Plan account during the Class Period but who no

longer have a Plan account or do not have a positive balance in their account as of the date of Final Approval of the Settlement (referred to herein as "Former Participant Class Members") will receive their settlement payment in the form of a check, or in the form of a tax-qualified rollover to an individual retirement account or other eligible employer plan if they elect a rollover.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated [DATE]. Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at [www.settlemementwebsite.com]. Certain other documents also will be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov.

- Your rights and the choices available to you—and the applicable deadlines to act—are explained in this Notice. Please note that neither Lowe's nor any employees, attorneys, or representatives of Lowe's may advise you as to what the best choice is for you or how you should proceed.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement, and that final approval is upheld in the event of any appeal.

- A Fairness Hearing will take place on [DATE], at [TIME], before the Honorable Kenneth D. Bell, United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, NC 28202, in Courtroom XX, to determine whether to grant final approval of the Settlement and approve the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Service Award. If the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [www.settlemementwebsite.com].

- Any objections to the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Service Award, must be served in writing on Class Counsel and the Lowe's Defendants' counsel, as identified on page 8 of this Settlement Notice.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE YOU ARE A PARTICIPANT CLASS MEMBER. IF SO, YOU DO NOT NEED TO DO ANYTHING TO RECEIVE YOUR SHARE OF THE SETTLEMENT.** | Our records indicate that you are a Participant Class Member. You do not need to do anything to receive your share of the Net Settlement Amount. If, however, you are a Former Participant Class Member who no longer has a Plan account with a positive balance, or are the beneficiary or alternate payee of a Former Participant Class Member, then you may submit a Former Participant Rollover Form postmarked on or before [DATE] to receive a share of the Net Settlement Amount via rollover. If you are a Former Participant Class Member and you do not mail the Former Participant Rollover Form by the above deadline, you will receive your share of the Net Settlement Amount via check. If you believe you are a Former Participant Class Member, a |

2

| | rollover form may be obtained by calling the Settlement Administrator at [telephone number] or by accessing [www.settlementwebsite.com]. |
|---|---|
| **YOU CAN OBJECT** (NO LATER THAN **[DATE]**) | If you wish to object to any part of the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Service Award, you must submit your objection and any supporting documents to Class Counsel and the Lowe's Defendants' counsel (as identified on page 8 below) at least 21 calendar days before the Fairness Hearing. |
| **YOU CAN ATTEND A HEARING ON [DATE]** | You may also attend the Fairness Hearing and speak at the Fairness Hearing on [DATE]. If you wish to attend the hearing and speak at the hearing, you must provide Class Counsel and the Lowe's Defendants' counsel (as identified on page 8 below) with notice of your intent to appear at least 21 calendar days before the Fairness Hearing. Please note that you will not be permitted to make an objection to the Settlement if you do not comply with the requirements for making objections. |

## The Class Action

The case is called *Reetz v. Lowe's Companies, Inc., et al.*, Case No. 5:18-cv-00075-KDB-DCK (W.D.N.C.) (the "Action" or "lawsuit"). It has been pending since April 27, 2018. The Court supervising the case is the United States District Court for the Western District of North Carolina. The individual who brought this lawsuit is called the Class Representative, and the persons that were sued are called the Defendants. The Class Representative, Benjamin Reetz, is a former participant in the Plan. The Settling Defendants are Lowe's and the Administrative Committee. The Settlement Agreement specifically excludes Plaintiff's claims against Aon Hewitt, and the Action will continue against Aon Hewitt. The claims in the lawsuit are described below on page 4, and additional information about them, including a copy of the operative First Amended Complaint, is available at [www.settlementwebsite.com].

## The Settlement

Following mediation with a neutral party and negotiations between Class Counsel and the Lowe's Defendants' counsel, a Settlement has been reached. As part of the Settlement, a Qualified Settlement Fund of $12,500,000 will be established to resolve the claims against the Lowe's Defendants in the Action. The "Net Settlement Amount" is $12,500,000 minus any Administrative Expenses (including taxes, tax expenses and certain other expenses), Court-approved Attorneys' Fees and Costs, and Class Representative Service Award. The Net Settlement Amount will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court and further described below.

## Statement of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Service Award Sought in the Class Action

Class Counsel has devoted many hours to investigating the facts, prosecuting the lawsuit, reviewing documents obtained from Defendants, and negotiating the Settlement. During that time, they also have advanced costs necessary to pursue the case. Class Counsel took the risk of

3

litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending.

Class Counsel will apply to the Court for payment of Attorneys' Fees for their work in the case. The amount of fees that Class Counsel will request will not exceed one-third of the Qualified Settlement Fund ($4,166,666). In addition, Class Counsel also will seek to recover their litigation costs and administrative expenses associated with the Settlement. Any Attorneys' Fees and Costs and Administrative Expenses awarded by the Court will be paid from the Qualified Settlement Fund. Class Counsel also will ask the Court to approve a payment, not to exceed $10,000, for the Class Representative who took on the risk of litigation and committed to spend the time necessary to bring the case against the Lowe's Defendants to a conclusion. Any Class Representative Service Award approved by the Court will be paid from the Qualified Settlement Fund.

A full and formal application for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Service Award will be filed with the Court on or before [DATE]. This application will be made available at [www.settlementwebsite.com]. You may also obtain a copy of this application through the Public Access to Court Electronic Records System (PACER) at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, NC 28202.

## 1. Why Did I Receive This Settlement Notice?

The Court caused this Notice to be sent to you because our records indicate that you may be a Participant Class Member. If you fall within the definition of the Settlement Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Settlement Class Members according to a Court-approved Plan of Allocation.

## 2. What Is the Class Action About?

In the Class Action, the Class Representative claims that the Defendants improperly selected and retained the Aon Hewitt Growth Fund for the Plan, and that it was not prudent or in the best interest of participants for them to do so. The Class Representative also claims that Aon Hewitt had a conflict of interest in selecting and retaining this fund. The Defendants deny all claims and assert that they have always acted prudently and in the best interests of participants and beneficiaries.

## 3. Why Is There A Settlement?

The Court has not reached a final decision as to the Class Representative's claims. Instead, the Class Representative and the Settling Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between the Class Representative, the Settling Defendants, and their counsel, who were assisted in their negotiations by a neutral mediator. The parties to the Settlement have taken into account the uncertainty, risks, and costs of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representative and Class Counsel believe that the Settlement is best for the Settlement Class. Nothing in the Settlement Agreement is an admission or concession on the

4

Settling Defendants' part of any fault or liability whatsoever. They have entered into the Settlement Agreement to avoid the uncertainty, expense, and burden of additional litigation.

## 4. What Does the Settlement Provide?

Under the Settlement, Lowe's or its insurers will pay $12,500,000 into a Qualified Settlement Fund to resolve the claims of the Settlement Class against the Lowe's Defendants. The Net Settlement Amount (after deduction of any Court-approved Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Service Award) will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court (as explained further on page 6 below). Allocations to Participant Class Members who are entitled to a distribution under the Plan of Allocation will be made into their existing accounts in the Plan. Former Participant Settlement Class Members who are entitled to a distribution may receive their distribution as a check or, if they choose, as a rollover to a qualified retirement account.

In addition, the Settlement provides that: (1) within twelve (12) months after the Settlement Effective Date, the Administrative Committee will issue a request for proposal ("RFP") for a delegated fiduciary investment manager for the Plan; (2) the Administrative Committee will engage an independent consulting firm (unrelated to Aon Hewitt) with experience conducting similar RFPs to assist with the RFP process; (3) the candidates in the RFP process will be free to propose alternative investment options, investment strategies, and/or investment lineup structures to the Administrative Committee; and (4) as part of the process, the Administrative Committee will consider all options presented, including maintaining the current investment manager, investment lineup structure, investment options, and/or investment strategies.

All Settlement Class Members and anyone claiming through them will fully release the Plan as well as the Settling Defendants and the Released Parties from certain Plaintiff's Released Claims, as defined in the Settlement Agreement. The Released Parties include each Settling Defendant, each Individual Administrative Committee Member, and certain related parties as outlined in the Settlement Agreement. The Plaintiff's Released Claims include any claims against any of the Released Parties with respect to the Plan that were asserted in the Action against the Settling Defendants or could have been asserted against the Settling Defendants, including but not limited to those based on: (1) the selection, retention, or monitoring of the Aon Growth Fund, (2) the mapping of Plan assets to the Aon Growth Fund; (3) the selection, retention, or monitoring of Aon Hewitt; (4) the performance, fees, and other characteristics of the Aon Growth Fund, (5) Aon Hewitt's performance or fees, or the services provided by Aon Hewitt to the Plan; or (6) the restructuring or modification of the Plan's investment lineup. In addition, Plaintiff's Released Claims also include certain other claims as set forth in the Settlement Agreement.

Aon Hewitt is not a Released Party under the Settlement. However, it is a condition of the Settlement that the Court enter an order barring Aon Hewitt from asserting certain claims against the Lowe's Defendants and that any judgment that is later entered against Aon Hewitt in the Action will be subject to a judgment reduction equal to the amount that represents the proportionate share of fault that the Court attributes to the Lowe's Defendants at trial, if any, with respect to the judgment.

This is *only* a summary of the Released Parties and Settling Defendants' Released Claims, and is not a binding description of either. The governing releases are found within the Settlement Agreement, which is available at [www.settlementwebsite.com].

| **5.  How Much Will My Distribution Be?** |
| --- |

The amount, if any, that will be allocated to you will be based upon records maintained by the Plan's recordkeeper. Calculations regarding individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To receive a distribution from the Net Settlement Amount, you must either be a (1) "Participant Class Member" as described on page 1; or (2) a "Former Participant Class Member" as described on pages 1–2; or (3) a Beneficiary or Alternate Payee of a person identified in (1) or (2).

There are approximately 73,000 Settlement Class Members. The Net Settlement Amount will be divided *pro rata* among Settlement Class Members (and their Beneficiaries and Alternate Payees) based on Settlement Class Members' average quarterly balances in the Aon Hewitt Growth Fund during the Class Period. A more complete description regarding the details of the Plan of Allocation can be found in Article V of the Settlement Agreement, which is available at [www.settlementwebsite.com].

| **6.  How Can I Receive My Distribution?** |
| --- |

**According to our records, you are a Participant Class Member. Therefore, you do not need to do anything to receive your share of the Settlement.** If this is not correct, you should contact the Settlement Administrator to obtain a Former Participant Rollover Form, if you wish to elect a rollover to an individual retirement account or other tax-qualified retirement account. The Former Participant Rollover Form will explain the steps necessary to receive your distribution via rollover. If you are a Former Participant Class Member but do not submit a timely, valid Former Participant Rollover Form, you will receive your distribution via check.

If you are considered a Participant Class Member because you had a Plan account with a balance greater than $0.00 as of DATE, but it is determined that you no longer have a Plan account balance greater than $0.00 when the Settlement proceeds are distributed to Settlement Class Members, the Settlement Administrator will mail you a check for your share of the Net Settlement Amount to your last known address. You may contact the Settlement Administrator to confirm or update your mailing address. The Settlement Administrator may be contacted by phone at [telephone number] or by mail at [mailing address].

| **7.  When Will I Receive My Distribution?** |
| --- |

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court and there are no appeals, the Settlement distribution likely will occur within approximately four months of the Court's Final Approval

Order, unless there are unforeseen circumstances. There will be no payments under the Settlement if the Settlement Agreement is terminated.

## 8. Can I Get Out of The Settlement?

No. The Settlement Class has been certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Settlement Class Member, you are bound by the Settlement (if it receives final Court approval) and any judgments or orders that are entered in the Action. If you wish to object to any part of the Settlement, you may write to Class Counsel and the Lowe's Defendants' counsel about why you object to the Settlement, as discussed below.

## 9. Do I Have A Lawyer in The Case?

The Court has appointed the law firms of Nichols Kaster, PLLP in Minneapolis, Minnesota and Tharrington Smith, LLP in Raleigh, North Carolina as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 10. How Will the Lawyers Be Paid?

Class Counsel will file a motion for an award of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Service Award at least 14 days prior to the objection deadline. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees to not more than one-third of the Qualified Settlement Fund. Class Counsel also will seek to recover all actual and anticipated litigation costs and administrative expenses associated with the Settlement. In addition, Class Counsel will seek compensation for the Class Representative of no more than $10,000. The Court will determine the amount of fees, costs, administrative expenses, and Class Representative compensation that will be awarded, if any. All papers filed in this Action, including Class Counsel's motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Service Award, will be available for review via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov.

## 11. How Do I Tell the Court If I Don't Like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement by mailing to Class Counsel and to the Lowe's Defendants' counsel at the addresses below a written objection explaining why you object and any supporting documents. Your written objection must: (1) clearly identify the case name and number: Reetz v. Lowe's Companies, Inc., et al., Case No. 5:18-cv-00075-KDB-DCK; (2) include your full name, current address, and telephone number; (3) describe the position you wish to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that you wish to submit in support of your position; (5) provide the name(s), address(es) and phone number(s) of any attorney(s) representing you; and (6) include your signature. Your written objection and supporting documents must be mailed to Class Counsel and the Lowe's Defendants' counsel no later than [21 days prior to Fairness Hearing] to be considered. Class Counsel and the Lowe's Defendants will have an opportunity to respond to your objection.

7

| Class Counsel | The Lowe's Defendants' Counsel |
|---|---|
| Kai Richter<br>Paul Lukas<br>Nichols Kaster, PLLP<br>4700 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402 | Lars Golumbic<br>Sean Abouchedid<br>Groom Law Group, Chartered<br>1701 Pennsylvania Ave., NW<br>Washington, DC 20006 |

## 12. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a Fairness Hearing at **[TIME]** on **[DATE]**, at United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, NC 28202, in Courtroom XX. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court also will consider the motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Service Award. If there are objections, the Court will consider them then. Please note that if the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [www.settlementwebsite.com].

## 13. Do I Have to Attend the Fairness Hearing?

No, but you are welcome to come at your own expense. You may also make an appearance through an attorney. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it.

## 14. May I Speak at The Fairness Hearing?

Yes. If you wish to attend the hearing and speak at the hearing, you must serve Class Counsel and the Lowe's Defendants' counsel (as identified on page 8) with a notice of intent to appear at least 21 calendar days before the Fairness Hearing. You must also comply with the requirements for making an objection (described above) if you wish to object to the Settlement.

## 15. What Happens If I Do Nothing at All?

**If you are a "Participant Class Member" as described on page 1, and you do nothing, you will receive your *pro rata* share of the Net Settlement Amount if the Settlement is finally approved**. If you are a "Former Participant Class Member" as described on pages 1–2, and you do nothing, you will receive your *pro rata* share of the Net Settlement Amount via check if you do not submit a rollover form and the Settlement is finally approved.

## 16. How Do I Get More Information?

If you have questions regarding the Settlement, you can visit [www.settlementwebsite.com], call [phone number], or write to the Settlement Administrator at [mailing address]. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and can be reviewed in person during regular business hours at the Office of the Clerk of the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, NC 28202. Please note that neither Lowe's nor any

8

employees, attorneys, or representatives of Lowe's may advise you regarding the Settlement or how you should proceed.

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

| | |
|---|---|
| Benjamin Reetz, individually and as the representative of a class of similarly situated persons, and on behalf of the Lowe's 401(k) Plan,<br><br>        Plaintiff,<br><br>v.<br><br>Lowe's Companies, Inc., Administrative Committee of Lowe's Companies, Inc., and Aon Hewitt Investment Consulting, Inc.,<br><br>        Defendants. | Case No. 5:18-cv-00075-KDB-DCK |

## NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

**PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.**
**This is a notice of a proposed partial class action settlement in the above-referenced lawsuit. Your legal rights may be affected if you are a member of the following Settlement Class:**

All participants and beneficiaries of the Lowe's 401(k) Plan whose Plan account balances were invested in the Aon Growth Fund at any time on or after October 1, 2015, through [the date of preliminary approval] (referred to as the "Class Period"), excluding the Settling Defendants, any of their directors, and any officers or employees of the Settling Defendants with responsibility for the Plan's investment or administrative functions.

- A partial Settlement has been reached with Lowe's Companies, Inc. ("Lowe's") and the Administrative Committee of Lowe's Companies, Inc. ("Administrative Committee") (collectively, the "Lowe's Defendants" or "Settling Defendants") in a class action lawsuit against Lowe's, the Administrative Committee, and Aon Hewitt Investment Consulting, Inc. ("Aon Hewitt") (collectively, "Defendants"). The class action lawsuit involves whether or not the Settling Defendants and Aon Hewitt complied with their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") with respect to the Lowe's 401(k) Plan (the "Plan"). The Lowe's Defendants deny all claims, and nothing in the Settlement is an admission or concession on the Lowe's Defendants' part of any fault or liability whatsoever.

- The Settlement will provide, among other things, for a $12.5 million Settlement Fund that will be allocated to eligible Settlement Class Members after any Court-approved deductions for Attorneys' Fees and Costs, Administrative Expenses, and a Class Representative Service Award. Settlement Class Members with a positive balance in their Plan account as of the date of Final Approval of the Settlement (referred to herein as "Participant Class Members") will automatically receive allocations directly to their Plan accounts so long as they maintain a positive balance through the time Settlement monies are distributed. Settlement Class Members who had a positive balance in their Plan account during the Class Period but who no

1

longer have a Plan account or do not have a positive balance in their account as of the date of Final Approval of the Settlement (referred to herein as "Former Participant Class Members") will receive their settlement payment in the form of a check, or in the form of a tax-qualified rollover to an individual retirement account or other eligible employer plan if they elect a rollover. **A Former Participant Rollover form allowing you to elect to receive your distribution in the form of a rollover is attached to this Notice.**

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated [DATE]. Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at [www.settlememetwebsite.com]. Certain other documents also will be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov.

- Your rights and the choices available to you—and the applicable deadlines to act—are explained in this Notice. Please note that neither Lowe's nor any employees, attorneys, or representatives of Lowe's may advise you as to what the best choice is for you or how you should proceed.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement, and that final approval is upheld in the event of any appeal.

- A Fairness Hearing will take place on [DATE], at [TIME], before the Honorable Kenneth D. Bell, United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, NC 28202, in Courtroom XX, to determine whether to grant final approval of the Settlement and approve the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Service Award. If the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [www.settlememetwebsite.com].

- Any objections to the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Service Award, must be served in writing on Class Counsel and the Lowe's Defendants' counsel, as identified on page 7 of this Settlement Notice.

| **YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT:** | |
|---|---|
| **OUR RECORDS INDICATE YOU ARE A FORMER PARTICIPANT CLASS. IF SO, YOU WILL RECEIVE YOUR SHARE OF THE SETTLEMENT BY CHECK UNLESS YOU TIMELY SUBMIT A FORMER PARTICIPANT ROLLOVER FORM.** | Our records indicate that you are a Former Participant Class Member. You do not need to do anything to receive your share of the Net Settlement Amount by check. However, if you wish to receive your share of the Net Settlement Amount via a rollover to an individual retirement account or other tax-qualified plan, then you must submit a Former Participant Rollover Form postmarked on or before [DATE]. A Former Participant Rollover Form is attached to this Notice, and also may be obtained by calling the Settlement Administrator at [telephone number] or by accessing [www.settlementwebsite.com]. |

| | |
|---|---|
| **YOU CAN OBJECT (NO LATER THAN [DATE])** | If you wish to object to any part of the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Service Award, you must submit your objection and any supporting documents to Class Counsel and the Lowe's Defendants' counsel (as identified on page 7 below) at least 21 calendar days before the Fairness Hearing. |
| **YOU CAN ATTEND A HEARING ON [DATE]** | You may also attend the Fairness Hearing and speak at the Fairness Hearing on [DATE]. If you wish to attend the hearing and speak at the hearing, you must provide Class Counsel and the Lowe's Defendants' counsel (as identified on page 7 below) with notice of your intent to appear at least 21 calendar days before the Fairness Hearing. Please note that you will not be permitted to make an objection to the Settlement if you do not comply with the requirements for making objections. |

## The Class Action

The case is called *Reetz v. Lowe's Companies, Inc., et al.*, Case No. 5:18-cv-00075-KDB-DCK (W.D.N.C.) (the "Action" or "lawsuit"). It has been pending since April 27, 2018. The Court supervising the case is the United States District Court for the Western District of North Carolina. The individual who brought this lawsuit is called the Class Representative, and the persons that were sued are called the Defendants. The Class Representative, Benjamin Reetz, is a former participant in the Plan. The Settling Defendants are Lowe's and the Administrative Committee. The Settlement Agreement specifically excludes Plaintiff's claims against Aon Hewitt, and the Action will continue against Aon Hewitt. The claims in the lawsuit are described below on page 4, and additional information about them, including a copy of the operative First Amended Complaint, is available at [www.settlementwebsite.com].

## The Settlement

Following mediation with a neutral party and negotiations between Class Counsel and the Lowe's Defendants' counsel, a Settlement has been reached. As part of the Settlement, a Qualified Settlement Fund of $12,500,000 will be established to resolve the claims against the Lowe's Defendants in the Action. The "Net Settlement Amount" is $12,500,000 minus any Administrative Expenses (including taxes, tax expenses and certain other expenses), Court-approved Attorneys' Fees and Costs, and Class Representative Service Award. The Net Settlement Amount will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court and further described below.

## Statement of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Service Award Sought in the Class Action

Class Counsel has devoted many hours to investigating the facts, prosecuting the lawsuit, reviewing documents obtained from Defendants, and negotiating the Settlement. During that time, they also have advanced costs necessary to pursue the case. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending.

3

Class Counsel will apply to the Court for payment of Attorneys' Fees for their work in the case. The amount of fees that Class Counsel will request will not exceed one-third of the Qualified Settlement Fund ($4,166,666). In addition, Class Counsel also will seek to recover their litigation costs and administrative expenses associated with the Settlement. Any Attorneys' Fees and Costs and Administrative Expenses awarded by the Court will be paid from the Qualified Settlement Fund. Class Counsel also will ask the Court to approve a payment, not to exceed $10,000, for the Class Representative who took on the risk of litigation and committed to spend the time necessary to bring the case against the Lowe's Defendants to a conclusion. Any Class Representative Service Award approved by the Court will be paid from the Qualified Settlement Fund.

A full and formal application for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Service Award will be filed with the Court on or before [DATE]. This application will be made available at [www.settlementwebsite.com]. You may also obtain a copy of this application through the Public Access to Court Electronic Records System (PACER) at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, NC 28202.

## 1. Why Did I Receive This Settlement Notice?

The Court caused this Notice to be sent to you because our records indicate that you may be a Former Participant Class Member. If you fall within the definition of the Settlement Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Settlement Class Members according to a Court-approved Plan of Allocation.

## 2. What Is the Class Action About?

In the Class Action, the Class Representative claims that the Defendants improperly selected and retained the Aon Hewitt Growth Fund for the Plan, and that it was not prudent or in the best interest of participants for them to do so. The Class Representative also claims that Aon Hewitt had a conflict of interest in selecting and retaining this fund. The Defendants deny all claims and assert that they have always acted prudently and in the best interests of participants and beneficiaries.

## 3. Why Is There A Settlement?

The Court has not reached a final decision as to the Class Representative's claims. Instead, the Class Representative and the Settling Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between the Class Representative, the Settling Defendants, and their counsel, who were assisted in their negotiations by a neutral mediator. The parties to the Settlement have taken into account the uncertainty, risks, and costs of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representative and Class Counsel believe that the Settlement is best for the Settlement Class. Nothing in the Settlement Agreement is an admission or concession on the Settling Defendants' part of any fault or liability whatsoever. They have entered into the Settlement Agreement to avoid the uncertainty, expense, and burden of additional litigation.

4

Under the Settlement, Lowe's or its insurers will pay $12,500,000 into a Qualified Settlement Fund to resolve the claims of the Settlement Class against the Lowe's Defendants. The Net Settlement Amount (after deduction of any Court-approved Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Service Award) will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court (as explained further on page 6 below). Allocations to Participant Class Members who are entitled to a distribution under the Plan of Allocation will be made into their existing accounts in the Plan. Former Participant Settlement Class Members who are entitled to a distribution may receive their distribution as a check or, if they choose, as a rollover to a qualified retirement account.

In addition, the Settlement provides that: (1) within twelve (12) months after the Settlement Effective Date, the Administrative Committee will issue a request for proposal ("RFP") for a delegated fiduciary investment manager for the Plan; (2) the Administrative Committee will engage an independent consulting firm (unrelated to Aon Hewitt) with experience conducting similar RFPs to assist with the RFP process; (3) the candidates in the RFP process will be free to propose alternative investment options, investment strategies, and/or investment lineup structures to the Administrative Committee; and (4) as part of the process, the Administrative Committee will consider all options presented, including maintaining the current investment manager, investment lineup structure, investment options, and/or investment strategies.

All Settlement Class Members and anyone claiming through them will fully release the Plan as well as the Settling Defendants and the Released Parties from certain Plaintiff's Released Claims, as defined in the Settlement Agreement. The Released Parties include each Settling Defendant, each Individual Administrative Committee Member, and certain related parties as outlined in the Settlement Agreement. The Plaintiff's Released Claims include any claims against any of the Released Parties with respect to the Plan that were asserted in the Action against the Settling Defendants or could have been asserted against the Settling Defendants, including but not limited to those based on: (1) the selection, retention, or monitoring of the Aon Growth Fund, (2) the mapping of Plan assets to the Aon Growth Fund; (3) the selection, retention, or monitoring of Aon Hewitt; (4) the performance, fees, and other characteristics of the Aon Growth Fund, (5) Aon Hewitt's performance or fees, or the services provided by Aon Hewitt to the Plan; or (6) the restructuring or modification of the Plan's investment lineup. In addition, Plaintiff's Released Claims also include certain other claims as set forth in the Settlement Agreement.

Aon Hewitt is not a Released Party under the Settlement. However, it is a condition of the Settlement that the Court enter an order barring Aon Hewitt from asserting certain claims against the Lowe's Defendants and that any judgment that is later entered against Aon Hewitt in the Action will be subject to a judgment reduction equal to the amount that represents the proportionate share of fault that that the Court attributes to the Lowe's Defendants at trial, if any, with respect to the judgment.

This is *only* a summary of the Released Parties and Settling Defendants' Released Claims, and is not a binding description of either. The governing releases are found within the Settlement Agreement, which is available at [www.settlementwebsite.com].

## 5.  How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records maintained by the Plan's recordkeeper. Calculations regarding individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To receive a distribution from the Net Settlement Amount, you must either be a (1) "Participant Class Member" as described on page 1; or (2) a "Former Participant Class Member" as described on pages 1–2; or (3) a Beneficiary or Alternate Payee of a person identified in (1) or (2).

There are approximately 73,000 Settlement Class Members. The Net Settlement Amount will be divided *pro rata* among Settlement Class Members (and their Beneficiaries and Alternate Payees) based on Settlement Class Members' average quarterly balances in the Aon Hewitt Growth Fund during the Class Period. A more complete description regarding the details of the Plan of Allocation can be found in Article V of the Settlement Agreement, which is available at [www.settlementwebsite.com].

## 6.  How Can I Receive My Distribution?

**According to our records, you are a Former Participant Class Member. If you wish to receive your share of the Net Settlement Amount via a rollover to an individual retirement account or other tax-qualified retirement account, then you must submit a Former Participant Rollover Form.** A Former Participant Rollover Form is attached to this Notice and explains the steps necessary to receive your distribution via rollover. You may also obtain the Former Participant Rollover Form on the Settlement Website at [www.settlementwebsite.com] or by calling the Settlement Administrator at [telephone number]. If you are a Former Participant Class Member but do not submit a timely, valid Former Participant Rollover Form, you will receive your distribution via check.

## 7.   When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court and there are no appeals, the Settlement distribution likely will occur within approximately four months of the Court's Final Approval Order, unless there are unforeseen circumstances. There will be no payments under the Settlement if the Settlement Agreement is terminated.

## 8.   Can I Get Out of The Settlement?

No. The Settlement Class has been certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Settlement Class Member, you are bound by the Settlement (if it receives final Court approval) and any judgments or orders that are entered in the Action. If you wish to object to any part of the Settlement, you may write to Class Counsel and the Lowe's Defendants' counsel about why you object to the Settlement, as discussed below.

### 9.  Do I Have A Lawyer in The Case?

The Court has appointed the law firms of Nichols Kaster, PLLP in Minneapolis, Minnesota and Tharrington Smith, LLP in Raleigh, North Carolina as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 10. How Will the Lawyers Be Paid?

Class Counsel will file a motion for an award of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Service Award at least 14 days prior to the objection deadline. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees to not more than one-third of the Qualified Settlement Fund. Class Counsel also will seek to recover all actual and anticipated litigation costs and administrative expenses associated with the Settlement. In addition, Class Counsel will seek compensation for the Class Representative of no more than $10,000. The Court will determine the amount of fees, costs, administrative expenses, and Class Representative compensation that will be awarded, if any. All papers filed in this Action, including Class Counsel's motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Service Award, will be available for review via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov.

### 11. How Do I Tell the Court If I Don't Like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement by mailing to Class Counsel and to the Lowe's Defendants' counsel at the addresses below a written objection explaining why you object and any supporting documents. Your written objection must: (1) clearly identify the case name and number: Reetz v. Lowe's Companies, Inc., et al., Case No. 5:18-cv-00075-KDB-DCK; (2) include your full name, current address, and telephone number; (3) describe the position you wish to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that you wish to submit in support of your position; (5) provide the name(s), address(es) and phone number(s) of any attorney(s) representing you; and (6) include your signature. Your written objection and supporting documents must be mailed to Class Counsel and the Lowe's Defendants' counsel no later than 21 days prior to Fairness Hearing to be considered. Class Counsel and the Lowe's Defendants will have an opportunity to respond to your objection.

| Class Counsel | The Lowe's Defendants' Counsel |
|---|---|
| Kai Richter<br>Paul Lukas<br>Nichols Kaster, PLLP<br>4700 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402 | Lars Golumbic<br>Sean Abouchedid<br>Groom Law Group, Chartered<br>1701 Pennsylvania Ave., NW<br>Washington, DC 20006 |

### 12. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a Fairness Hearing at [TIME] on [DATE], at United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, NC 28202, in Courtroom XX. At the Fairness Hearing, the Court will consider whether the Settlement is fair,

7

reasonable, and adequate. The Court also will consider the motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Service Award. If there are objections, the Court will consider them then. Please note that if the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [www.settlemementwebsite.com].

## 13. Do I Have to Attend the Fairness Hearing?

No, but you are welcome to come at your own expense. You may also make an appearance through an attorney. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider.

## 14. May I Speak at The Fairness Hearing?

Yes. If you wish to attend the hearing and speak at the hearing, you must serve Class Counsel and the Lowe's Defendants' counsel (as identified on page 7) with a notice of intent to appear at least 21 calendar days before the Fairness Hearing. You must also comply with the requirements for making an objection (described above) if you wish to object to the Settlement.

## 15. What Happens If I Do Nothing at All?

**If you are a "Former Participant Class Member" as described on page 1, and you do nothing, you will receive your *pro rata* share of the Net Settlement Amount via check if you do not submit a rollover form and the Settlement is finally approved.** If you are a "Participant Class Member" as described on pages 1–2, and you do nothing, you will receive your *pro rata* share of the Net Settlement Amount as a deposit to your Plan account if the Settlement is finally approved.

## 16. How Do I Get More Information?

If you have questions regarding the Settlement, you can visit [www.settlementwebsite.com], call [phone number], or write to the Settlement Administrator at [mailing address]. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and can be reviewed in person during regular business hours at the Office of the Clerk of the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, NC 28202. Please note that neither Lowe's nor any employees, attorneys, or representatives of Lowe's may advise you regarding the Settlement or how you should proceed.

8

# EXHIBIT 3

**Lowe's 401(k) Plan Settlement Administrator**
**[ADDRESS]**
**[www.settlemementwebsite.com]**

**FORMER PARTICIPANT ROLLOVER FORM**

JOHN Q CLASSMEMBER                           Claim Number: 1111111
123 MAIN ST APT 1
ANYTOWN, ST 12345

This Former Participant Rollover Form is **ONLY** for Settlement Class Members who are **Former Participant Class Members**, or the Beneficiaries or Alternate Payees of Former Participant Class Members (all of whom will be treated as Former Participant Class Members). A Former Participant Class Member is a Settlement Class Member who had a Plan account with a balance greater than $0.00 at any point during the Class Period but who does not have a Plan account with a balance greater than $0.00 as of [the date of the Final Approval Order].

Former Participant Class Members who would like to elect to receive their settlement payment through a rollover to a qualified retirement account must complete, sign, and mail this form with a postmark on or before [RETURN DATE SET FORTH IN PRELIMINARY APPROVAL ORDER]. Please review the instructions below carefully. **Former Participant Class Members who do not complete and timely return this form will receive their settlement payment by a check.** If you have questions regarding this form, you may contact the Settlement Administrator as indicated below:

WWW.SETTLEMENTWEBSITE.COM OR CALL [PHONE NUMBER]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PART 1: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT ROLLOVER FORM**

1. If you would like to receive your settlement payment through a rollover to a qualified retirement account, complete this rollover form. You should also keep a copy of all pages of your Former Participant Rollover Form, including the first page with the address label, for your records.

2. **Mail your completed Former Participant Rollover Form postmarked on or before** [RETURN DATE SET FORTH IN PRELIMINARY APPROVAL ORDER] **to the Settlement Administrator at the following address:**

   **Lowe's 401(k) Plan Settlement Administrator**
   **P.O. Box [number] [City, State, ZIP]**

   It is **your** responsibility to ensure the Settlement Administrator has timely received your Former Participant Rollover Form.

3. Other Reminders:

   • You must provide date of birth, signature, and a completed Substitute IRS Form W-9, which is attached as part 5 to this form.

   • If you desire to do a rollover and you fail to complete all of the rollover information in Part 4, below, payment will be made to you by check.

   • If you change your address after sending in your Former Participant Rollover Form, please provide your new address to the Settlement Administrator.

1

- **Timing of Payments to Eligible Settlement Class Members.** The timing of the distribution of the Settlement payments are conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur within four months of the Court's Final Approval Order.

4. **Questions?** If you have any questions about this Former Participant Rollover Form, please call the Settlement Administrator at [phone number]. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement and the Settlement administration is available on the settlement website, [www.settlementwebsite.com].

You are eligible to receive a payment from a class action settlement. The Court has preliminarily approved the class settlement of *Reetz v. Lowe's Companies, Inc., et al.*, Case No. 5:18-cv-00075-KDB-DCK (W.D.N.C.). That Settlement provides allocation of monies to all participants and beneficiaries of the Lowe's 401(k) Plan whose Plan account balances were invested in the Aon Growth Fund at any time on or after October 1, 2015, through [the date of preliminary approval] (referred to as the "Class Period"), excluding the Settling Defendants, any of their directors, and any officers or employees of the Settling Defendants with responsibility for the Plan's investment or administrative functions. Settlement Class Members who had a Plan account with a balance greater than $0.00 at any point during the Class Period but who do not have a Plan account with a balance greater than $0.00 as of [the date of the Final Approval Order] ("Former Participant Class Members") will receive their allocations in the form of a check or in the form of a rollover if and only if they mail a valid Former Participant Rollover Form postmarked on or before RETURN DATE SET FORTH IN PRELIMINARY APPROVAL ORDER] to the Settlement Administrator with the required information to effectuate the rollover. For more information about the Settlement, please see the Notice Of Class Action Settlement And Fairness Hearing, visit [www.settlementwebsite.com], or call [phone number].

Because you are a Former Participant Settlement Class Member in the Plan, you must decide whether you want your payment (1) sent payable to you directly by check or (2) to be rolled over into another eligible retirement plan or into an individual retirement account ("IRA"). To elect a rollover, please complete and mail this Former Participant Rollover Form postmarked on or before [RETURN DATE SET FORTH IN PRELIMINARY APPROVAL ORDER] to the Settlement Administrator. If you do not return this form, your payment will be sent to you directly by check.

2

## PART 2: PARTICIPANT INFORMATION

First Name
Middle
Last Name

Mailing Address

City
State
Zip Code

Home Phone
Work Phone or Cell Phone

Participant's Social Security Number
Participant's Date of Birth

M   M          D   D          Y   Y   Y   Y

Email Address

**[FORMER PARTICIPANT ROLLOVER FORM CONTINUES ON THE NEXT PAGE]**

3

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (*IF APPLICABLE*)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant Class Member and the Former Participant Class Member is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased**. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an alternate payee under a qualified domestic relations order (QDRO). The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

First Name                                          Middle    Last Name

Mailing Address

City                                                                                State    Zip Code

Home Phone                                          Work Phone or Cell Phone

Participant's Social Security Number                 Participant's Date of Birth

Email Address                                        M M        D D      Y Y Y Y

**[FORMER PARTICIPANT ROLLOVER FORM CONTINUES ON THE NEXT PAGE]**

4

## PART 4: PAYMENT ELECTION

**Direct Rollover to an Eligible Plan** – Check only one box below and complete the Rollover Information Section below:

☐ Government 457(b)     ☐ 401(a)/401(k)     ☐ 403(b)

☐ Direct Rollover to a Traditional IRA     ☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

**Rollover Information:**

Company or Trustee's Name (to whom the check should be made payable)

Company or Trustee's Mailing Address 1

Company or Trustee's Mailing Address 2

Company or Trustee's City         State    Zip Code

Your Account Number         Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT ROLLOVER FORM IS TRUE, CORRECT, AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT ROLLOVER FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to back up withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. person (including a U.S. resident alien).

M M    D D    Y Y Y Y

**Former Participant Class Member Signature**        **Date Signed** *(Required)*

Note: If you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

5

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

| | |
|---|---|
| Benjamin Reetz, individually and as the representative of a class of similarly situated persons, and on behalf of the Lowe's 401(k) Plan,<br><br>        Plaintiff,<br><br>v.<br><br>Lowe's Companies, Inc., Administrative Committee of Lowe's Companies, Inc., and Aon Hewitt Investment Consulting, Inc.,<br><br>        Defendants. | Case No. 5:18-cv-00075-KDB-DCK |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**PARTIAL CLASS ACTION SETTLEMENT, APPROVING PROCEDURE AND**
**FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**

This matter came before the Court on Plaintiff's Motion for Preliminary Approval ("Motion For Preliminary Approval") of a proposed partial class action settlement of the above-captioned action ("Action") between Named Plaintiff Benjamin Reetz, on behalf of a class of participants in the Lowe's 401(k) Plan ("Plan"), and Defendants Lowe's Companies, Inc. ("Lowe's") and the Administrative Committee of Lowe's Companies, Inc. ("Administrative Committee") (collectively, the "Lowe's Defendants" or "Settling Defendants"), as set forth in the Settling Parties' Class Action Settlement Agreement ("Settlement Agreement").[1] Having duly considered the terms of the Settlement Agreement and the motion papers and arguments of counsel, the Court hereby finds and orders as follows:

---

[1] Defendant Aon Hewitt Investment Consulting, Inc. ("Aon Hewitt") is not a party to the Settlement Agreement.

1.     Based on the Court's review, the Court finds, on a preliminary basis, that: (i) the Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval, (ii) the Settlement Agreement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case with the assistance of an experienced mediator following substantial discovery, (iii) the form and method of notice of the Settlement and of the Fairness Hearing is appropriate; and (iv) the Settlement Agreement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and applicable Fourth Circuit precedents. Accordingly, the Court preliminarily approves the Settlement Agreement in its entirety.

2.     For settlement purposes, the Court preliminarily certifies the following Settlement Class, which is consistent with the Class previously certified by the Court (*see* Doc. 97) and contains only minor modifications to effectuate the Settlement:

> All participants and beneficiaries of the Lowe's 401(k) Plan whose Plan account balances were invested in the Aon Growth Fund at any time on or after October 1, 2015, through the date of preliminary approval, excluding the Settling Defendants, any of their directors, and any officers or employees of the Settling Defendants with responsibility for the Plan's investment or administrative functions.

Consistent with the Court's prior Order Preliminarily Granting Class Certification (Doc. 97), Named Plaintiff Benjamin Reetz is appointed as the Class Representative, and Nichols Kaster, PLLP and Tharrington Smith, LLP are appointed as Class Counsel for the Settlement Class.

3.     The Court approves the proposed Notices of Settlement (Exhibits 1 and 2 to the Settlement Agreement) and the method of giving direct notice to Settlement Class Members by U.S. mail. The Court finds that the proposed Notices fairly and adequately provide information to the Settlement Class regarding, among other things: (1) the nature of the claims asserted in the Action; (2) the scope of the Settlement Class; (3) the terms of the Settlement Agreement; (4) the

process for submitting a Former Participant Rollover Form; (5) Settlement Class Members' right to object to the Settlement and the deadline for doing so; (6) the Settlement Class's release; (7) the proposed bar order; (8) the identity of Class Counsel and the amount of compensation they will seek in connection with the Settlement; (9) the amount of the proposed Service Award to Named Plaintiff as Class Representative; (10) the date, time, and location of the Fairness Hearing; and (11) Settlement Class Members' right to appear at the Fairness Hearing. Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the mailing of these Notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Settlement Class Members, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

4.      No later than thirty (30) calendar days following the entry of this Preliminary Approval Order, the Settlement Administrator shall distribute the proposed Notices to the Settlement Class by first class mail, and shall include a Former Participant Rollover Form (Exhibit 3 to the Settlement Agreement) with the Notices that are sent to Former Participant Class Members. A Former Participant Class Member must submit a completed, satisfactory Former Participant Rollover Form to the Settlement Administrator no later than fourteen (14) calendar days before the Fairness Hearing in order to be considered eligible for a rollover in lieu of a check.

5.      In accordance with the Settlement Agreement, the Settlement Administrator also shall establish a Settlement Website and toll-free telephone line relating to the Settlement no later than thirty (30) calendar days following the entry of this Preliminary Approval Order.

6.      Pursuant to the Settlement Agreement, Analytics Consulting LLC is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

7.      On [date] at [time], or at such other date and time later set by Court Order,[2] in courtroom [ ] of the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, NC 28202, this Court will hold a Fairness Hearing to: (1) give final consideration to the fairness, reasonableness, and adequacy of the Settlement Agreement, (2) review any comments or objections regarding the Settlement Agreement, (3) consider whether the Court should issue a Final Approval Order approving this Settlement Agreement, (4) consider any proposed Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Service Award, and (5) consider any other matters that the Court may deem appropriate in connection with the Settlement.

8.      Any Settlement Class Member may comment in support of or in opposition to the Settlement Agreement; provided, however, that all comments and objections shall only be considered by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and the Settling Defendants' Counsel. To be timely, the comment and/or objection and any supporting documents must be mailed or otherwise delivered to Class Counsel and the Settling Defendants' Counsel no later than twenty-one (21) calendar days prior to the date of the Fairness Hearing. The comment and/or objection also must: (1) clearly identify the case name and number of this Action; (2) include the Settlement Class Member's full name, current address, and telephone number; (3) describe the position the Settlement Class Member wishes to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that the Settlement Class Member wishes to submit in support of his or her position; (5) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the Settlement Class Member; and (6) include

---

[2] Any change in the date, time, location, or format of the Fairness Hearing shall be posted on the Settlement Website.

the Settlement Class Member's signature. A Settlement Class Member who submits a comment or objection regarding the Settlement Agreement need not appear at the Fairness Hearing for the Settlement Class Member's comment or objection to be considered by the Court. Any Settlement Class Member wishing to speak at the Fairness Hearing shall serve a notice of intent to appear on Class Counsel and the Settling Defendants' Counsel at least twenty-one (21) calendar days prior to the Fairness Hearing. Any Settling Party may file a response to an objection before the Fairness Hearing.

9.     Any application for Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Service Award shall be filed no later than fourteen (14) calendar days prior to the deadline for objections.

10.     No later than fourteen (14) calendar days prior to Fairness Hearing, Class Counsel shall file papers in support of Final Approval of the Settlement Agreement. Class Counsel shall file any objections to the Settlement with the motion for Final Approval of the Settlement.

11.     Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Settlement Class Member's objections and shall forever be barred from making any such objections in this Action or in any other action or proceeding.

12.     The terms of the Bar Order set forth in the Settlement Agreement are preliminarily approved, subject to final approval of the Settlement Agreement.

13.     Each Settlement Class Member, and his or her respective heirs, executors, estates, beneficiaries, administrators, successors, agents, attorneys, and assigns, is preliminarily enjoined from suing the Settling Defendants, the Plan, Individual Administrative Committee Members, or other Released Parties in any action or proceeding alleging any of Plaintiff's Released

Claims, even if any Settlement Class Member may thereafter discover facts in addition to or different from those which the Settlement Class Members or Class Counsel now know or believe to be true with respect to the Action and Plaintiff's Released Claims. Further, pending final determination of whether the Settlement Agreement should be approved, no Settlement Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Plaintiff's Released Claims against the Settling Defendants, the Plan, Individual Administrative Committee Members, or Released Parties. However, the "Released Parties" shall not include the non-settling Defendant, Aon Hewitt Investment Consulting, Inc. ("Aon Hewitt"), and this Action shall continue to proceed against Aon Hewitt.

14. The Settlement Agreement, the proceedings relating to the approval of the Settlement Agreement, and this Preliminary Approval Order are not and shall not be construed as evidence or an admission of any liability, responsibility, fault, or wrongdoing on the part of the Settling Parties or any Released Party. In the event that the Settlement Agreement is terminated pursuant to its terms or is not finally approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, then the Settling Parties and Settlement Class Members will be restored to their respective positions immediately before the execution of the Settlement Agreement, this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, and any order entered by the Court pursuant to the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*.

**SO ORDERED.**

This is the ____ day of _____, 2021.

BY THE COURT

_____
Honorable Kenneth D. Bell
United States District Court Judge