UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| Benjamin Reetz, individually and as the representative of a class of similarly situated persons, and on behalf of the Lowe's 401(k) Plan,<br><br>                      Plaintiff,<br><br>v.<br><br>Lowe's Companies, Inc., Administrative Committee of Lowe's Companies, Inc., and Aon Hewitt Investment Consulting, Inc.,<br><br>                      Defendants. | Case No. 5:18-cv-00075-KDB-DCK |

**ORDER PRELIMINARILY APPROVING PARTIAL CLASS
ACTION SETTLEMENT, APPROVING PROCEDURE AND
FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**

This matter came before the Court on Plaintiff's Motion for Preliminary Approval ("Motion For Preliminary Approval") of a proposed partial class action settlement of the above-captioned action ("Action") between Named Plaintiff Benjamin Reetz, on behalf of a class of participants in the Lowe's 401(k) Plan ("Plan"), and Defendants Lowe's Companies, Inc. ("Lowe's") and the Administrative Committee of Lowe's Companies, Inc. ("Administrative Committee") (collectively, the "Lowe's Defendants" or "Settling Defendants"), as set forth in the Settling Parties' Class Action Settlement Agreement ("Settlement Agreement").[1] Having duly considered the terms of the Settlement Agreement and the motion papers and arguments of counsel, the Court hereby finds and orders as follows:

---

[1] Defendant Aon Hewitt Investment Consulting, Inc. ("Aon Hewitt") is not a party to the Settlement Agreement.

1. Based on the Court's review, the Court finds, on a preliminary basis, that: (i) the Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval, (ii) the Settlement Agreement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case with the assistance of an experienced mediator following substantial discovery, (iii) the form and method of notice of the Settlement and of the Fairness Hearing is appropriate; and (iv) the Settlement Agreement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and applicable Fourth Circuit precedents. Accordingly, the Court preliminarily approves the Settlement Agreement in its entirety.

2. For settlement purposes, the Court preliminarily certifies the following Settlement Class, which is consistent with the Class previously certified by the Court (*see* Doc. 97) and contains only minor modifications to effectuate the Settlement:

> All participants and beneficiaries of the Lowe's 401(k) Plan whose Plan account balances were invested in the Aon Growth Fund at any time on or after October 1, 2015, through the date of preliminary approval, excluding the Settling Defendants, any of their directors, and any officers or employees of the Settling Defendants with responsibility for the Plan's investment or administrative functions.

Consistent with the Court's prior Order Preliminarily Granting Class Certification (Doc. 97), Named Plaintiff Benjamin Reetz is appointed as the Class Representative, and Nichols Kaster, PLLP and Tharrington Smith, LLP are appointed as Class Counsel for the Settlement Class.

3. The Court approves the proposed Notices of Settlement (Exhibits 1 and 2 to the Settlement Agreement) and the method of giving direct notice to Settlement Class Members by U.S. mail. The Court finds that the proposed Notices fairly and adequately provide information to the Settlement Class regarding, among other things: (1) the nature of the claims asserted in the Action; (2) the scope of the Settlement Class; (3) the terms of the Settlement Agreement; (4) the

process for submitting a Former Participant Rollover Form; (5) Settlement Class Members' right to object to the Settlement and the deadline for doing so; (6) the Settlement Class's release; (7) the proposed bar order; (8) the identity of Class Counsel and the amount of compensation they will seek in connection with the Settlement; (9) the amount of the proposed Service Award to Named Plaintiff as Class Representative; (10) the date, time, and location of the Fairness Hearing; and (11) Settlement Class Members' right to appear at the Fairness Hearing. Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the mailing of these Notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Settlement Class Members, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

4. No later than thirty (30) calendar days following the entry of this Preliminary Approval Order, the Settlement Administrator shall distribute the proposed Notices to the Settlement Class by first class mail, and shall include a Former Participant Rollover Form (Exhibit 3 to the Settlement Agreement) with the Notices that are sent to Former Participant Class Members. A Former Participant Class Member must submit a completed, satisfactory Former Participant Rollover Form to the Settlement Administrator no later than fourteen (14) calendar days before the Fairness Hearing in order to be considered eligible for a rollover in lieu of a check.

5. In accordance with the Settlement Agreement, the Settlement Administrator also shall establish a Settlement Website and toll-free telephone line relating to the Settlement no later than thirty (30) calendar days following the entry of this Preliminary Approval Order.

6. Pursuant to the Settlement Agreement, Analytics Consulting LLC is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

7. On August 26 at 1:30 p.m., or at such other date and time later set by Court Order,[2] in courtroom 4B of the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, NC 28202, this Court will hold a Fairness Hearing to: (1) give final consideration to the fairness, reasonableness, and adequacy of the Settlement Agreement, (2) review any comments or objections regarding the Settlement Agreement, (3) consider whether the Court should issue a Final Approval Order approving this Settlement Agreement, (4) consider any proposed Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Service Award, and (5) consider any other matters that the Court may deem appropriate in connection with the Settlement.

8. Any Settlement Class Member may comment in support of or in opposition to the Settlement Agreement; provided, however, that all comments and objections shall only be considered by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and the Settling Defendants' Counsel. To be timely, the comment and/or objection and any supporting documents must be mailed or otherwise delivered to Class Counsel and the Settling Defendants' Counsel no later than fourteen (141) calendar days prior to the date of the Fairness Hearing. The comment and/or objection also must: (1) clearly identify the case name and number of this Action; (2) include the Settlement Class Member's full name, current address, and telephone number; (3) describe the position the Settlement Class Member wishes to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that the Settlement Class Member wishes to submit in support of his or her position; (5) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the Settlement Class Member; and (6) include

---

[2] Any change in the date, time, location, or format of the Fairness Hearing shall be posted on the Settlement Website.

the Settlement Class Member's signature. (However, to be clear, class members do not have to engage counsel to assert an objection to the settlement.) A Settlement Class Member who submits a comment or objection regarding the Settlement Agreement need not appear at the Fairness Hearing for the Settlement Class Member's comment or objection to be considered by the Court. Any Settlement Class Member wishing to speak at the Fairness Hearing shall serve a notice of intent to appear on Class Counsel and the Settling Defendants' Counsel at least ten (10) calendar days prior to the Fairness Hearing. Any Settling Party may file a response to an objection before the Fairness Hearing.

9. Any application for Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Service Award shall be filed no later than thirty (30) calendar days prior to the deadline for objections.

10. No later than fourteen (14) calendar days prior to Fairness Hearing, Class Counsel shall file papers in support of Final Approval of the Settlement Agreement. Class Counsel shall file any objections to the Settlement with the motion for Final Approval of the Settlement.

11. Any Settlement Class Member who fails to object in the manner prescribed may be deemed to have waived such Settlement Class Member's objections and may, in the exercise of the Court's discretion, be barred from making any such objections in this Action or in any other action or proceeding.

12. The terms of the Bar Order set forth in the Settlement Agreement are preliminarily approved, subject to final approval of the Settlement Agreement.

13. Each Settlement Class Member, and his or her respective heirs, executors, estates, beneficiaries, administrators, successors, agents, attorneys, and assigns, is preliminarily enjoined from suing the Settling Defendants, the Plan, Individual Administrative Committee Members, or other Released Parties in any action or proceeding alleging any of Plaintiff's Released

Claims, even if any Settlement Class Member may thereafter discover facts in addition to or different from those which the Settlement Class Members or Class Counsel now know or believe to be true with respect to the Action and Plaintiff's Released Claims. Further, pending final determination of whether the Settlement Agreement should be approved, no Settlement Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Plaintiff's Released Claims against the Settling Defendants, the Plan, Individual Administrative Committee Members, or Released Parties. However, the "Released Parties" shall not include the non-settling Defendant, Aon Hewitt Investment Consulting, Inc. ("Aon Hewitt"), and this Action shall continue to proceed against Aon Hewitt.

14. The Settlement Agreement, the proceedings relating to the approval of the Settlement Agreement, and this Preliminary Approval Order are not and shall not be construed as evidence or an admission of any liability, responsibility, fault, or wrongdoing on the part of the Settling Parties or any Released Party. In the event that the Settlement Agreement is terminated pursuant to its terms or is not finally approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, then the Settling Parties and Settlement Class Members will be restored to their respective positions immediately before the execution of the Settlement Agreement, this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, and any order entered by the Court pursuant to the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*.

**SO ORDERED.**

Signed: June 9, 2021

Kenneth D. Bell
United States District Judge