IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:18-CV-00075-KDB-DCK

| | |
|---|---|
| BENJAMIN REETZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOWE'S COMPANIES, INC.;<br>ADMINISTRATIVE<br>COMMITTEE OF LOWE'S<br>COMPANIES, INC AND<br>AON HEWITT INVESTMENT<br>CONSULTING, INC.,<br><br>　　　　Defendants. | <u>ORDER</u> |

**THIS MATTER** is before the Court on Defendants Lowe's Companies, Inc.'s ("Lowe's") and the Administrative Committee of Lowe's Companies, Inc. (collectively, the "Lowe's Defendants") Motion to Seal Pretrial Briefing (Doc. No. 250). In this motion, the Lowe's Defendants request that the Court seal portions of Plaintiff and Defendant Aon Hewitt Investment Consulting, Inc.'s ("Aon") Trial Briefs and Proposed Findings of Fact and Conclusions of Law (Doc. Nos. 222, 226, 227 and 229) relating to the week-long bench trial between Plaintiff and Aon recently held by the Court in this matter. Plaintiff and Aon both take no position on this motion. The Court has carefully considered this motion and the memorandum of law filed in support of the motion. Because, among other reasons as discussed below, the information sought to be sealed (or substantially similar information) has already been publicly disclosed during trial without any request by the Lowe's Defendants or any other party to maintain its confidentiality, the Court will **DENY** the motion and order that the documents be unsealed.

1

## I. LEGAL STANDARD

The right of access to judicial records pursuant to common law is well-established. *See Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978). This right extends to the inspection and the copying of court records and documents, *see Nixon*, 435 U.S. at 597, but it is not absolute. *See Globe Newspaper Co. v. Superior Court for Norfolk Cty*., 457 U.S. 596, 598 (1982). In general, the public has a right of access to judicial proceedings that stems from two sources: the common law and the First Amendment. *Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4th Cir. 1988); *see also Press–Enterprise Co. v. Superior Court of Cal.,* 464 U.S. 501, 508–09 (1984) (discussing the importance of an open trial as a means of both ensuring and giving the appearance of fairness in the judicial process). Specifically in this context, the Fourth Circuit has recognized "the First Amendment right of access extends to civil trials and some civil filings." *Am. C.L. Union v. Holder*, 673 F.3d 245, 252 (4th Cir. 2011); *see also United States v. Cannon*, No. 3:14-CR-00087-FDW, 2015 WL 3751781, at *1 (W.D.N.C. June 16, 2015) (recognizing a "right of access to judicial documents and records filed in civil and criminal proceedings . . . spring[ing] from the First Amendment"). Accordingly, under Local Rule 6.1(a), "there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." L.R. 6.1(a).

Under the First Amendment standard, a "denial of access" to publicly filed documents "must be necessitated by a compelling . . . interest and narrowly tailored to serve that interest." *Rushford*, 846 F.2d at 253; *see also Jones*, 402 F. Supp. 2d at 278 (explaining that although the First Amendment standard as expressed in *Rushford* relates to compelling government interests, "courts have recognized that … 'private interests might also implicate higher values sufficient to override . . . the First Amendment presumption of public access'") (quoting *Level 3 Commc'ns,*

*LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 580 (E.D. Va. 2009)). Accordingly, a party moving to seal documents filed in support of an open trial in a civil case bears a heavy burden. *See Rushford*, 846 F.2d at 252 (applying the First Amendment right of access standard to summary judgment filings and noting "summary judgment adjudicates substantive rights and serves as a substitute for a trial"); *Jennings v. Univ. of N. Carolina at Chapel Hill*, 340 F. Supp. 2d 679, 681 (M.D.N.C. 2004) (applying rule requiring open access to filed documents in connection with dispositive summary judgment motion).

## II. DISCUSSION

The Lowe's Defendants contend that the sealing of certain redacted portions of Plaintiff's and Aon's pretrial briefing is appropriate "under the First Amendment standard" because those documents allegedly "contain confidential and proprietary business and financial information that is not generally disclosed to the public, the disclosure of which would cause significant harm to the Lowe's Defendants and other parties, and the harm that would result from disclosure outweighs any public interest in accessing them." The Court disagrees for at least two reasons. First, while the Lowe's Defendants state that they would suffer harm as a consequence of the disclosure of this information they do so only in a conclusory manner and do not specifically explain how the disclosure of what is primarily *historical* information about the operation of Lowe's retirement plan (the "Plan") (which may or may not be a reflection of current activities) would cause them "significant" present harm. Indeed, a fear of corporate embarrassment or a preference to maintain the confidentiality of business affairs without more particularized proof of a compelling privacy interest is insufficient to support the sealing of court filings over the requirements of the First Amendment. *See Doe v. Pub. Citizen*, 749 F.3d 246, 270 (4th Cir. 2014) (holding that the court

3

Case 5:18-cv-00075-KDB-DCK   Document 251   Filed 08/02/21   Page 3 of 4

"has never permitted wholesale sealing of documents based upon unsubstantiated or speculative claims of harm, let alone harm to a company's reputation").

Second, the public has already been given access to the information that the Lowe's Defendants ask the Court to seal. Beginning on June 28, 2021, the Court held a five-day bench trial on Plaintiff's claims against Aon. During that trial, the parties repeatedly presented detailed testimonial and documentary evidence about the Plan, including minutes of meetings of Lowe's Plan governing committee, information concerning Plan costs and operations, etc. Therefore, the information the Lowe's Defendants claim to be "confidential" has been openly disclosed without any effort by any party – including the Lowe's Defendants – to maintain its confidentiality. In light of this full disclosure during trial[1] the Court is unwilling to now grant the Lowe's Defendants' request to, in effect, try to put the genie back in the bottle.

### III.　　ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Lowe's Defendants' Motion to Seal (Doc. No. 250) is **DENIED;** and
2. The Clerk is directed to unseal Document Numbers 222, 226, 227 and 229 in this matter.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 2, 2021

Kenneth D. Bell
United States District Judge

---

[1] Also, the Court will soon issue a trial ruling on Plaintiff's claims against Aon which will discuss this evidence presented in open court in detail. The Court's opinion will, of course, be publicly available.