# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

Benjamin Reetz, individually and as the
representative of a class of similarly situated
persons, and on behalf of the Lowe's 401(k) Plan,

                  Plaintiff,

v.

Lowe's Companies, Inc., Administrative
Committee of Lowe's Companies, Inc., and Aon
Hewitt Investment Consulting, Inc.,

                  Defendants.

Case No. 5:18-cv-00075-KDB-DCK

## ORDER APPROVING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT WITH LOWE'S DEFENDANTS

THIS MATTER is before the Court on Plaintiff's Motion for Final Approval of Partial Class Action Settlement with Lowe's Defendants (Doc. No. 252). The Court held a Fairness Hearing on August 26, 2021, after notice of the Fairness Hearing was given to the Settlement Class in accordance with this Court's Order Preliminarily Approving Partial Class Action Settlement, Approving Procedure and Form of Notice Plan, and Scheduling Final Approval Hearing (Doc. No. 234) ("Preliminary Approval Order"). The Court has carefully considered all filings and comments submitted to it in connection with the Settlement Agreement and the Final Approval Hearing, and hereby grants the motion and approves the partial settlement.

The Court finds, concludes, and orders as follows:

1.      The Class Action Settlement Agreement, including its exhibits, fully executed on May 28, 2021 ("Settlement Agreement"), and the definitions contained therein are incorporated

by reference in this Order. The terms of this Court's Preliminary Approval Order (Doc. No. 234) are also incorporated by reference in this Order.

2.     This Court has jurisdiction over the subject matter of this action and over the Settling Parties and all members of the Settlement Class pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

3.     The Settlement Class includes:

> All participants and beneficiaries of the Lowe's 401(k) Plan whose Plan account balances were invested in the Aon Growth Fund at any time on or after October 1, 2015, through the date of preliminary approval [June 9, 2021], excluding the Settling Defendants, any of their directors, and any officers or employees of the Settling Defendants with responsibility for the Plan's investment or administrative functions.

This class is consistent with the class certified by the Court for purposes of litigation (*see* Doc. No. 97) and contains only minor modifications to effectuate the Settlement. The Court finds that this Settlement Class meets all of the requirements of Rule 23(a) and 23(b)(1) of the Federal Rules of Civil Procedure for the reasons set forth in the Court's prior class certification order, and finally certifies the Settlement Class.

4.     There were no objections to the Settlement. (There is an objection to Class Counsel's request for attorneys' fees, which the Court will address in a separate Order).

5.     The Settlement Agreement is the product of good faith, arm's-length settlement negotiations between the Settling Parties and their counsel, which were facilitated by an experienced mediator. These negotiations followed substantial discovery and motion practice, and were not completed until shortly before trial was scheduled to begin.

6.     Notice of the Settlement was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and this Court's Preliminary Approval Order (Doc. No. 234).

7.      The form and method of notifying the Settlement Class Members of the terms and conditions of the Settlement Agreement fully satisfies the requirements of Rule 23 and due process; constitutes the best notice practicable under the circumstances; and constitutes due and sufficient notice to all persons entitled to notice of the terms and conditions of the Settlement Agreement and the right to object and appear at the Fairness Hearing. The Notice program provided individual notice to all members of the Settlement Class who could be identified through reasonable effort and supports the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Order.

8.      The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have also been satisfied.

9.      Based on the evidence submitted by the parties, the Court approves the Settlement Agreement in its entirety and adjudges the terms thereof to be fair, reasonable, adequate, and in the best interests of the Settlement Class. The terms of the Settlement Agreement constitute, in all respects, a fair, reasonable, and adequate settlement as to the claims asserted against the Settling Defendants and satisfy all applicable requirements of Rule 23. Both the Named Plaintiff, in his role as class representative, and Class Counsel have adequately represented the Settlement Class in the litigation and for purposes of entering into and implementing the Settlement Agreement. Accordingly, the Settlement Agreement is hereby fully and finally approved in all respects, and the Settling Parties and Settlement Administrator are hereby directed to effectuate its terms.

10.      The Court hereby dismisses with prejudice all of the Plaintiff's Released Claims in the Action, whether asserted by the Named Plaintiff on his own behalf, on behalf of the Settlement Class, or derivatively on behalf of the Plan, without costs to any of the Settling Parties except as provided for in the Settlement Agreement and approved by the Court.

3

11.     Upon the Settlement Effective Date, the Named Plaintiff and each and every one of the Settlement Class Members shall unconditionally, fully, and finally release and forever discharge the Released Parties from the Plaintiff's Released Claims as provided for in the Settlement Agreement. Further, the Named Plaintiff and each Settlement Class Member, and their respective heirs, executors, estates, beneficiaries, administrators, successors, agents, attorneys, and assigns, are hereby permanently barred and enjoined from asserting any of the Plaintiff's Released Claims against any of the Released Parties pursuant to the terms of the Settlement Agreement.

12.     The terms of this Court's Bar Order (Doc. No. 231), entered on June 2, 2021, are expressly incorporated in this Order.

13.     Neither this Order nor the Settlement Agreement shall constitute an admission by any Settling Defendant or Released Party of any liability or wrongdoing.

14.     The Court retains continuing and exclusive jurisdiction over the Settling Parties and all Settlement Class Members to administer, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the Settling Parties, without affecting the finality of this Order.

**IT IS SO ORDERED.**

Signed: September 9, 2021

Kenneth D. Bell
United States District Judge

4